**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| COX COMMUNICATIONS, INC.; COXCOM, LLC; COX ARKANSAS TELCOM, L.L.C.; COX COMMUNICATIONS ARIZONA, LLC; COX ARIZONA TELCOM, L.L.C.; COX CALIFORNIA TELCOM, L.L.C.;  COX COMMUNICATIONS CALIFORNIA, LLC; COX COLORADO TELCOM, L.L.C.; COX CONNECTICUT TELCOM, L.L.C.; COX DISTRICT OF COLUMBIA TELCOM, L.L.C.; COX FLORIDA TELCOM, L.P.; COX COMMUNICATIONS GEORGIA, LLC; COX GEORGIA TELCOM L.L.C.; COX IOWA TELCOM, L.L.C.;  COX IDAHO TELCOM, L.L.C.; COX COMMUNICATIONS KANSAS, L.L.C.; COX KANSAS TELCOM, L.L.C.; COX COMMUNICATIONS GULF COAST, L.L.C.;  COX COMMUNICATIONS LOUISIANA, L.L.C.;  COX LOUISIANA TELCOM, L.L.C.; COX MARYLAND TELCOM, L.L.C.; COX MISSOURI TELCOM, LLC; COX NEBRASKA TELCOM, L.L.C.; COX COMMUNICATIONS OMAHA, L.L.C.; COX COMMUNICATIONS LAS VEGAS, INC.; COX NEVADA TELCOM, L.L.C.; COX NORTH CAROLINA TELCOM, L.L.C.; COX OHIO TELCOM, L.L.C.; COX OKLAHOMA TELCOM, L.L.C.; COX RHODE ISLAND TELCOM, L.L.C.; COX COMMUNICATIONS HAMPTON ROADS, L.L.C.; COX VIRGINIA TELCOM, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> SPRINT COMMUNICATIONS COMPANY L.P.,  SPRINT SPECTRUM, L.P., SPRINT SOLUTIONS, INC. <br><br> Defendants. | **JURY TRIAL DEMANDED** <br><br><br><br><br><br> C.A. No. _____ |

—————————————————————— |

## COMPLAINT

The above-named Plaintiffs (collectively the "Cox Entities"), for their complaint, allege as follows:

### INTRODUCTION

1.     The Cox Entities[1] bring this action for declaratory judgment seeking a determination that certain patents owned by defendant Sprint Communications Company, LP ("Sprint Communications"), are not infringed by the Cox Entities, and are invalid. The declaratory judgment claims of the Cox Entities are brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.     In addition, Cox Communications, Inc. ("CCI"), brings this patent infringement action seeking a judgment that several patents held by it are infringed by Sprint Spectrum, L.P. ("Sprint Spectrum"), and Sprint Solutions, Inc. ("Sprint Solutions"). CCI's patent infringement action arises under 28 U.S.C. §§ 1331 and 1338.

3.     Accordingly, the Cox Entities bring this action to resolve the conflict between Sprint and each of the Cox Entities regarding the Sprint patents discussed in paragraphs forty-two (42) to fifty-three (53) below (collectively, "the Sprint Patents"), and to address

---

[1] Cox Communications, Inc.; CoxCom, LLC; Cox Arkansas Telcom, L.L.C.; Cox Communications Arizona, LLC; Cox Arizona Telcom, L.L.C.; Cox Communications California, LLC; Cox California Telcom, L.L.C.; Cox Colorado Telcom L.L.C.; Cox Connecticut Telcom, L.L.C.; Cox District of Columbia Telcom, L.L.C.; Cox Florida Telcom, L.P.; Cox Communications Georgia, LLC; Cox Georgia Telcom L.L.C.; Cox Iowa Telcom, L.L.C.; Cox Idaho Telcom L.L.C.; Cox Communications Kansas, L.L.C.; Cox Kansas Telcom, L.L.C.; Cox Communications Gulf Coast, L.L.C.; Cox Communications Louisiana, L.L.C.; Cox Louisiana Telcom, L.L.C.; Cox Maryland Telcom L.L.C.; Cox Missouri Telcom, LLC; Cox Nebraska Telcom, L.L.C.; Cox Communications Omaha, L.L.C.; Cox-Nevada Telcom, L.L.C.; Cox Communications Las Vegas, Inc.; Cox North Carolina Telcom L.L.C.; Cox Ohio Telcom, L.L.C.; Cox Oklahoma Telcom, L.L.C.; Cox Rhode Island Telcom, L.L.C.; Cox Virginia Telcom, L.L.C.; and Cox Communications Hampton Roads, L.L.C.

infringement by Sprint of the Cox patents discussed in paragraphs thirty-six (36) to thirty-seven (37) ("the Cox Patents").

## THE PARTIES

4.      CCI is a Delaware corporation with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.  CCI does not engage in, directly or indirectly, the provision of telephony services or technology.  CCI provides general corporate, accounting, and management services to the other Cox Entities.  CCI is the direct or indirect parent of the other Cox Entities.

5.      CoxCom, LLC ("CoxCom") is a Delaware corporation with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.  CoxCom is a wholly owned subsidiary of CCI and does not directly provide telephony services or technology to end users. CoxCom is the parent of each of the remaining Cox Entities except for Cox Communications Georgia, LLC, Cox Georgia Telcom, LLC, Cox Communications Las Vegas, Inc., LLC, and Cox Nevada Telcom LLC, all of which are direct or indirect subsidiaries of CCI.  CoxCom supplies certain of the Cox Entities with technology used by those entities in providing telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services.

6.      Cox Arkansas Telcom, L.L.C. is a Delaware corporation with a principal place of business in Arkansas that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in Arkansas pursuant to Governmental licenses and authorization.  Cox Arkansas Telcom, L.L.C. is a subsidiary of CoxCom.

7.      Cox Communications Arizona, LLC is a Delaware corporation with a principal place of business in Arizona that provides broadband equipment and services in that state.  Cox Communications Arizona, LLC is a subsidiary of CoxCom.

8.      Cox Arizona Telcom, L.L.C. is a Delaware corporation with a principal place of business in Arizona that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in Arizona pursuant to Governmental licenses and authorization.  Cox Arizona Telcom, L.L.C. is a subsidiary of CoxCom.

9.      Cox Communications California, LLC is a Delaware corporation with a principal place of business in California that provides broadband equipment and services in that state.  Cox Communications California, LLC is a subsidiary of CoxCom.

10.     Cox California Telcom, L.L.C. is a Delaware corporation with a principal place of business in California which provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in California pursuant to Governmental licenses and authorization.  Cox California Telcom, L.L.C. is a subsidiary of CoxCom.

11.     Cox Colorado Telcom L.L.C. is a Delaware corporation with a principal place of business in California that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in Colorado pursuant to Governmental licenses and authorization.  Cox Colorado Telcom L.L.C. is a subsidiary of CoxCom.

12.     Cox Connecticut Telcom, L.L.C. is a Delaware corporation with a principal place of business in Connecticut that provides telephony products and services, including the Cox

Digital Telephone and SIP Trunking service and other related telephony services in Connecticut pursuant to Governmental licenses and authorization. Cox Connecticut Telcom, L.L.C. is a subsidiary of CoxCom.

13.     Cox District of Columbia Telcom, L.L.C. is a Delaware corporation with a principal place of business in the District of Columbia that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in the District of Columbia pursuant to Governmental licenses and authorization. Cox District of Columbia Telcom, L.L.C. is a subsidiary of CoxCom.

14.     Cox Florida Telcom, L.P. is a Delaware corporation with a principal place of business in Florida that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in Florida  pursuant to Governmental licenses and authorization. Cox District of Cox Florida Telcom, L.P. is a subsidiary of CoxCom.

15.     Cox Communications, Georgia, LLC is a Delaware corporation with a principal place of business in Georgia that provides broadband equipment and services in that state. Cox Communications, Georgia, LLC is a subsidiary of CCI.

16.     Cox Georgia Telcom L.L.C. is a Delaware corporation with a principal place of business in Georgia that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in Georgia  pursuant to Governmental licenses and authorization. Cox Georgia Telcom L.L.C. is a subsidiary of Cox Communications, Georgia, LLC, which in turn is a subsidiary of CCI.

17.     Cox Iowa Telcom, L.L.C. is a Delaware corporation with a principal place of business in Iowa that provides telephony products and services, including the Cox Digital

5

Telephone and SIP Trunking service and other related telephony services in Iowa pursuant to Governmental licenses and authorization.  Cox Iowa Telcom, L.L.C. is a subsidiary of CoxCom.

18.     Cox Idaho Telcom L.L.C. is a Delaware corporation with a principal place of business in Idaho that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in Idaho pursuant to Governmental licenses and authorization.  Cox Idaho Telcom L.L.C. is a subsidiary of CoxCom.

19.  ·   Cox Communications Kansas, L.L.C. is a Delaware corporation with a principal place of business in Kansas that provides broadband equipment and services in that state.  Cox Communications Kansas, L.L.C. is a subsidiary of CoxCom.

20.     Cox Kansas Telcom, L.L.C. is a Delaware corporation with a principal place of business in Kansas that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in Kansas pursuant to Governmental licenses and authorization.  Cox Kansas Telcom, L.L.C. is a subsidiary of CoxCom.

21.     Cox Communications Gulf Coast, L.L.C. is a Delaware corporation with a principal place of business in Florida that provides broadband equipment and services in state.  Cox Communications Gulf Coast, L.L.C. is a subsidiary of CoxCom.

22.     Cox Communications Louisiana, L.L.C. is a Delaware corporation with a principal place of business in Louisiana that provides broadband equipment and services in that state.  Cox Communications Louisiana, L.L.C.  is a subsidiary of CoxCom.

23.     Cox Louisiana Telcom, L.L.C. is a Delaware corporation with a principal place of business in Louisiana that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in Louisiana pursuant

to Governmental licenses and authorization. Cox Louisiana Telcom, L.L.C. is a subsidiary of CoxCom.

24.     Cox Maryland Telcom L.L.C. is a Delaware corporation with a principal place of business in Maryland that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in Maryland pursuant to Governmental licenses and authorization. Cox Maryland Telcom L.L.C. is a subsidiary of CoxCom.

25.     Cox Missouri Telcom, LLC is a Delaware corporation with a principal place of business in Missouri that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in Missouri pursuant to Governmental licenses and authorization. Cox Missouri Telcom, LLC is a subsidiary of CoxCom.

26.     Cox Nebraska Telcom, L.L.C. is a Delaware corporation with a principal place of business in Nebraska that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in Nebraska pursuant to Governmental licenses and authorization. Cox Nebraska Telcom, L.L.C. is a subsidiary of CoxCom.

27.     Cox Communications Omaha, L.L.C. is a Delaware corporation with a principal place of business in Nebraska that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in the metropolitan Omaha, Nebraska, area pursuant to Governmental licenses and authorization. Cox Communications Omaha, L.L.C. is a subsidiary of CoxCom.

28.     Cox-Nevada Telcom, L.L.C. is a Delaware corporation with a principal place of business in Nevada that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in Nevada pursuant to Governmental licenses and authorization.  Cox-Nevada Telcom, L.L.C. is a subsidiary of CoxCom.

29.     Cox Communications Las Vegas, Inc. is a Delaware corporation with a principal place of business in Nevada that provides technology and equipment used to provide the services referred to in the preceding paragraph.  Cox Communications Las Vegas, Inc. is a subsidiary of CoxCom.

30.     Cox North Carolina Telcom L.L.C. is a Delaware corporation with a principal place of business in North Carolina that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in North Carolina pursuant to Governmental licenses and authorization.  Cox North Carolina Telcom L.L.C. is a subsidiary of CoxCom.

31.     Cox Ohio Telcom, L.L.C. is a Delaware corporation with a principal place of business in Ohio that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in Ohio pursuant to Governmental licenses and authorization.  Cox Ohio Telcom, L.L.C. is a subsidiary of CoxCom.

32.     Cox Oklahoma Telcom, L.L.C. is a Delaware corporation with a principal place of business in Oklahoma that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in Oklahoma pursuant to Governmental licenses and authorization.  Cox Oklahoma Telcom, L.L.C. is a subsidiary of CoxCom.

33.     Cox Rhode Island Telcom, L.L.C. is a Delaware corporation with a principal place of business in Rhode Island that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in Rhode Island pursuant to Governmental licenses and authorization. Cox Rhode Island Telcom, L.L.C. is a subsidiary of CoxCom.

34.     Cox Virginia Telcom, L.L.C. is a Delaware corporation with a principal place of business in Virginia that provides telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services in Virginia pursuant to Governmental licenses and authorization. Cox Virginia Telcom, L.L.C. is a subsidiary of CoxCom.

35.     Cox Communications Hampton Roads, L.L.C. is a Delaware corporation with a principal place of business in Virginia that provides broadband equipment and services in that state.

36.     CCI is the owner by assignment of U.S. Patent No. 7,992,172 ("the '172 patent") entitled "Method and System for Multicast Using Multiple Transport Streams," which was filed as U.S. patent Application No. 09/679,210 on Oct. 4, 2000 and duly and legally issued on Aug. 2, 2011. A copy of the '172 patent is attached as Exhibit A to the complaint.

37.     CCI is the owner by assignment of U.S. Patent No. 7,836,474 ("the '474 patent") entitled "Method and Apparatus for Preprocessing and Postprocessing Content in an Interactive Information Distribution System," which was filed as U.S. patent Application No. 11/418,408 on May 4, 2006 and duly and legally issued on Nov. 16, 2010. A copy of the '474 patent is attached as Exhibit B to the complaint.

9

38.     Upon information and belief, Defendant Sprint Communications Company L.P. ("Sprint Communications") is a Limited Partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.

39.     Upon information and belief, Defendant Sprint Spectrum is a Limited Partnership organized and existing under the laws of the State of Delaware, with its principal place of business at 6500 Sprint Pkwy MS: HL-5ASTX, Overland Park, KS 66251.

40.     Upon information and belief, Defendant Sprint Solutions is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6500 Sprint Pkwy MS: HL-5ASTX, Overland Park, KS 66251.

41.     For purposes of this complaint, Sprint Communications Company L.P., Sprint Spectrum, L.P., and Sprint Solutions, Inc., are collectively referred to as "Sprint."

42.     Sprint Communications purports to own U.S. Patent No. 6,343,084 ("the '084 Patent"), entitled "Broadband Telecommunications System," which was filed as U.S. Patent Application No. 09/439,033 on Nov. 12, 1999." The Cox Entities do not directly infringe at least claim 1 of the '084 Patent and also allege that at least claim one of the '084 Patent is invalid. The Cox Entities further allege that Sprint has waived and is estopped from asserting any claim of infringement arising under the foregoing Patent. As set forth below, there is a substantial controversy between the parties of sufficient immediacy and reality as to the '084 Patent. A copy of the '084 Patent is attached as Exhibit C.

43.     Sprint Communications purports to own U.S. Patent No. 6,633,561 ("the '3,561 patent") entitled "Method, System and Apparatus for Telecommunications Control," which was filed as U.S. Patent Application No. 09/439,033 on Nov. 14, 2001." The Cox Entities do not

directly infringe at least claim one of the '3,561 Patent and also allege that at least claim one of the '3,561 Patent is invalid. The Cox Entities further allege that Sprint has waived and is estopped from asserting any claim of infringement arising under the foregoing Patent. As set forth below, there is a substantial controversy between the parties of sufficient immediacy and reality as to the '3,561 Patent. A copy of the '3,561 Patent is attached as Exhibit D.

44.     Sprint Communications purports to own U.S. Patent No. 6,463,052 ("the '052 patent") entitled ""Method, System and Apparatus for Telecommunications Control," which was filed as U.S. Patent Application No. 09/082,182 on May 20, 1998." The Cox Entities do not directly infringe at least claim one of the '052 Patent and also allege that at least claim one of the '052 Patent is invalid. The Cox Entities further allege that Sprint has waived and is estopped from asserting any claim of infringement arising under the foregoing Patent. As set forth below, there is a substantial controversy between the parties of sufficient immediacy and reality as to the '052 Patent. A copy of the '052 Patent is attached as Exhibit E.

45.     Sprint Communications purports to own U.S. Patent No. 6,452,932 ("the '932 patent") entitled "Method, System and Apparatus for Telecommunications Control," which was filed as U.S. Patent Application No. 09/499,874 on Feb. 7, 2000. The Cox Entities do not directly infringe at least claim one of the '932 Patent and also allege that at least claim one of the '932 Patent is invalid. The Cox Entities further allege that Sprint has waived and is estopped from asserting any claim of infringement arising under the foregoing Patent. As set forth below, there is a substantial controversy between the parties of sufficient immediacy and reality as to the '932 Patent. A copy of the '932 Patent is attached as Exhibit F.

46.     Sprint Communications purports to own U.S. Patent No. 6,473,429 ("the '429 patent") entitled "Broadband Telecommunications System," which was filed as U.S. Patent

Application No. 09/353,401 on Jul. 15, 1999. The Cox Entities do not directly infringe at least claim one of the '429 Patent and also allege that at least claim one of the '429 Patent is invalid. The Cox Entities further allege that Sprint has waived and is estopped from asserting any claim of infringement arising under the foregoing Patent. As set forth below, there is a substantial controversy between the parties of sufficient immediacy and reality as to the '429 Patent. A copy of the '429 Patent is attached as Exhibit G.

47.     Sprint Communications purports to own U.S. Patent No. 6,298,064 ("the '064 patent") entitled "Broadband Telecommunications System," which was filed as U.S. Patent Application No. 09/504,408 on Feb. 15, 2000. The Cox Entities do not directly infringe at least claim one of the '064 Patent and also allege that at least claim one of the '064 Patent is invalid. The Cox Entities further allege that Sprint has waived and is estopped from asserting any claim of infringement arising under the foregoing Patent. As set forth below, there is a substantial controversy between the parties of sufficient immediacy and reality as to the '064 Patent. A copy of the '064 Patent is attached as Exhibit H.

48.     Sprint Communications purports to own U.S. Patent No. 6,262,992 ("the '992 patent") entitled "System and Method for Transporting a Call in a Telecommunication Network," which was filed as U.S. Patent Application No. 09/080,393 on May 18,1998. The Cox Entities further allege that Sprint has waived and is estopped from asserting any claim of infringement arising under the foregoing Patent. The Cox Entities do not directly infringe at least claim one of the '992 Patent and also allege that at least claim one of the '992 Patent is invalid. As set forth below, there is a substantial controversy between the parties of sufficient immediacy and reality as to the '992 Patent. A copy of the '992 Patent is attached as Exhibit I.

12

49.     Sprint Communications purports to own U.S. Patent No. 6,330,224 ("the '224 patent") entitled "System and Method for Providing Enhanced Services for a Telecommunication Call," which was filed as U.S. Patent Application No. 09/272,655 on March 18, 1999. The Cox Entities do not directly infringe at least claim one of the '224 Patent and also allege that at least claim one of the '224 Patent is invalid. As set forth below, there is a substantial controversy between the parties of sufficient immediacy and reality as to the '224 Patent. The Cox Entities further allege that Sprint has waived and is estopped from asserting any claim of infringement arising under the foregoing Patent. A copy of the '224 Patent is attached as Exhibit J.

50.     Sprint Communications purports to own U.S. Patent No. 6,563,918 ("the '918 patent") entitled "Telecommunications System Architecture for Connecting a Call," which was filed as U.S. Patent Application No. 09/026,906 on Feb. 20, 1998. The Cox Entities do not directly infringe at least claim eleven of the '918 Patent and also allege that at least claim eleven of the '918 Patent is invalid. The Cox Entities further allege that Sprint has waived and is estopped from asserting any claim of infringement arising under the foregoing Patent. As set forth below, there is a substantial controversy between the parties of sufficient immediacy and reality as to the '918 Patent. A copy of the '918 Patent is attached as Exhibit K.

51.     Sprint Communications purports to own U.S. Patent No. 6,639,912 ("the '912 patent") entitled "Number Portability in a Communications System," which was filed as U.S. Patent Application No. 10/077,544 on Feb. 15, 2002. The Cox Entities do not directly infringe at least claim one of the '912 Patent and also allege that at least claim one of the '912 Patent is invalid. The Cox Entities further allege that Sprint has waived and is estopped from asserting any claim of infringement arising under the foregoing Patent. As set forth below, there is a

13

substantial controversy between the parties of sufficient immediacy and reality as to the '912 Patent. A copy of the '912 Patent is attached as Exhibit L.

52.     Sprint Communications purports to own U.S. Patent No. 6,697,340 ("the '340 patent") entitled "System and Method for Providing Enhanced Services for a Telecommunication Call," which was filed as U.S. Patent Application No. 10/336,999 on Jan. 6, 2003. The Cox Entities further allege that Sprint has waived and is estopped from asserting any claim of infringement arising under the foregoing Patent. The Cox Entities do not directly infringe at least claim eleven of the '340 Patent and also assert that at least claim eleven of the '340 Patent is invalid. As set forth below, there is a substantial controversy between the parties of sufficient immediacy and reality as to the '340 Patent. A copy of the '340 Patent is attached as Exhibit M.

53.     Sprint Communications purports to own U.S. Patent No. 7,286,561 ("the '6,561 patent") entitled "Method System and Apparatus for Telecommunications Control," which was filed as U.S. Patent Application No. 10/633,798 on Aug. 4, 2003. The Cox Entities do not directly infringe at least claim eleven of the '6,561 Patent and also assert that at least claim eleven of the '6,561 Patent is invalid. The Cox Entities further allege that Sprint has waived and is estopped from asserting any claim of infringement arising under the foregoing Patent. As set forth below, there is a substantial controversy between the parties of sufficient immediacy and reality as to the '6,561 Patent. A copy of the '6,561 Patent is attached as Exhibit N.

**JURISDICTION AND VENUE**

54.     This is an action for declaratory judgment of patent noninfringement and patent invalidity. This Court has subject matter jurisdiction over this action under the Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202. Further, this Court has subject matter jurisdiction under 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States, and

under 28 U.S.C. § 1338(a), this being a civil action arising under the Patent Laws of the United

States.

55.     This is also an action for patent infringement under the United States Patent Laws,

35 U.S.C. § 271, *et. seq.*  Accordingly, this Court has subject matter jurisdiction over this action

under 28 U.S.C. §§ 1331 and 1338.

56.     Each of the Sprint defendants is incorporated in, conducts business in, and has

committed acts of patent infringement in this Judicial District including, *inter alia*, importing,

making, using, offering for sale, and/or selling infringing products and/or services in this Judicial

District.

57.     Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

### Background Regarding the Parties' Dispute.

58.     The Cox Entities are leading cable entertainment and broadband services

providers, and amongst other things, are well known for pioneering the bundling of television,

Internet and telephone services together, offering consumers the ability to consolidate these

services with one provider.

59.     Sprint is a provider of wireless and wireline communications services.

60.     Both Sprint and the Cox Entities are engaged in delivering multimedia content,

such as television programming, to their respective customers.  Sprint and the Cox Entities are

competitors in this business.

61.     On December 19, 2011, Sprint Communications filed suit against two Cox

entities, Cox Communications, Inc. and Cox Communications Kansas, LLC, both Delaware

corporations, in the District of Kansas (Case No. 11-CV-02683-JAR-GLR) ("the District of

Kansas Action").   Sprint Communications alleged infringement of each of the twelve patents identified as "the Sprint Patents" above.

62.    According to Sprint Communications' initial Complaint in the District of Kansas Action, the Sprint Patents are directed towards "Voice-over-Packet ('VoP') technology" for telephony.   Sprint Communications accuses various Cox "telephony products and services, including the 'Cox Digital Telephone,' Cox's 'SIP Trunking' service, and other related telephony services" of infringing the Sprint Patents.

63.    Sprint Communication's complaint in the District of Kansas Action failed to name any Cox entities which directly provide telephony services outside the state of Kansas.

64.    CCI responded to Sprint Communication's initial complaint in the Kansas action by moving to dismiss the claims against it for want of personal jurisdiction.

65.    In response to that motion, counsel for Cox and counsel for Sprint Communications met and conferred concerning which Cox Entities provided the accused telecommunications products and services in Kansas and nationally, which Cox Entities provided the equipment and technology used is providing the accused products and services, and which Cox Entities received revenue from the provision of such services.  Counsel for Cox explained that telecommunications services are provided only by those Cox entities licensed to do so, and that there were several dozen such entities across the country.  Counsel for CCI also explained that the equipment used in the provision of such services was housed in a variety of Cox entities, including several dozen local entities that are not present in Kansas.  Counsel for Sprint explained that Sprint did not want to pursue dozens of lawsuits against Cox around the country. Counsel for CCI offered to provide counsel for Sprint with a list of all the relevant entities, and offered to agree to provide Sprint with the opportunity to obtain complete relief for the

infringement complained of by agreeing to transfer the Kansas case to Delaware, where all of the Cox Entities that engage in the accused activity are incorporated and available for joinder.

66.     On March 29, 2012, Sprint Communications filed an amended complaint in the District of Kansas Action naming four entities: Cox Communications, Inc., CoxCom, LLC, Cox Kansas Telcom, LLC, and Cox Communications Kansas, LLC.  The amended complaint alleged that the products named in the original complaint directly infringed at least claim eleven of the '918, '340, and '6,561 patents and at least claim one of the remaining Sprint Patents.  Claim eleven of the '918, '340, and '6,561 patents and claim one of the remaining Sprint Patents are referred to hereafter as the "Asserted Claims." The amended complaint did not allege indirect infringement of any claim in any patent by any Cox entity.  Like Sprint's original complaint, the amended complaint failed to name any of the many Cox Entities that directly provide accused telecommunications services or equipment and technology used in the provision of the accused telecommunications products and services outside the state of Kansas.

67.     Following the filing of the Amended Complaint, counsel for the parties met and conferred again.  Counsel for Sprint confirmed that Sprint was still seeking "complete relief" for all alleged infringement across Cox's national network, reiterated that Sprint did not want to pursue multiple proceedings against the Cox entities, but declined to covenant not to sue the Cox entities that have allegedly infringed the Sprint Patents, but that were not named in the amended complaint.

68.     A copy of an email exchange between counsel for Sprint and counsel for Cox memorializing the foregoing is attached as Exhibits O and P to the complaint.

69.     Each entity in the Cox corporate family that provides accused telecommunication products and services in the United States is a plaintiff in this declaratory judgment action.  A

case or controversy has arisen between Sprint Communications and each of the Cox Entities as

to whether any of the Cox Entities have infringed any asserted valid and enforceable claim of the

Sprint Patents.  Therefore, this declaratory judgment action seeks to resolve Sprint's patent

infringement allegations with respect to all Cox entities accused by Sprint of infringing the

Sprint Patents.  It provides Sprint an opportunity to obtain the "complete relief" it seeks, and it

provides the Cox Entities with an opportunity to resolve Sprint's claims of infringement against

them.

### The Cox Entities Do Not Infringe the Sprint Patents.

70.     The Cox Entities do not infringe any valid and enforceable claim of the Sprint

Patents.

### The Sprint Patents are Invalid

71.     At least the Asserted Claims of the Sprint Patents are invalid for failure to meet

the patentability requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.   More particularly,

each of the Sprint Patents is anticipated by prior art and claim an invention or advance that was

obvious at the time of filing.  Moreover, Sprint's failure to obtain proper powers of attorney from

Mr. Christie's heirs rendered one or more of the Sprint Patents invalid for failure to act in

accordance with the rules and regulations governing practice before the United States Patent &

Trademark Office.

### Sprint Communications Has Waived, Is Estopped From Asserting, and Has Exhausted It Right To Assert The Sprint Patents Against the Cox Entities

72.     Sprint and various Sprint affiliates have been aware of the facts that gave rise to

the complaint it filed in the Kansas action for many years.

73.     During that time, Sprint and various Sprint affiliates have transacted tens if not hundreds of millions of dollars of business with various Cox Entities, including business directly related to the provision of the accused products and services by the Cox Entities.

74.     During that time, Sprint and various Sprint affiliates have routinely sold telecommunications products and services to Sprint's customer base, which has included telecommunications products and services that required the Cox Entities to engage in the conduct and employ the technology and equipment that Sprint has accused of infringing the Sprint Patents.

75.     During this time, neither Sprint, nor the Sprint entities with whom Cox has dealt, nor any other known Sprint entity has accused any Cox Entity of infringing the Sprint Patents.

76.     The Cox Entities have relied on the silence of Sprint and its affiliates as to what is now alleged to be the infringement of the Cox Entities. The Cox Entities did so to their detriment, in that they have made many business decisions and invested large sums of money without being aware of any reason to believe that their conduct was considered by Sprint Communications or any of its affiliates to infringe the Sprint Patents.

77.     By reason of at least the foregoing facts, Sprint is precluded from enforcing the Sprint Patents against the Cox Entities because Sprint has waived, exhausted and is estopped from asserting any right that it may have had to do so.

### The Cox Patents

78.     The Cox Patents, which are owned by CCI, detail improved methods for delivering multimedia, such as broadcast and cached video data, to customers across a network.

79.     Upon information and belief, Sprint has made, used, offered to sell, and/or sold, and continues to make, use, offer to sell, and/or sell mobile video products and/or services, including Sprint TV, including within this Judicial District, without permission of CCI.

80.     Upon information and belief, Sprint provides Sprint TV through the use of a converged media platform provided by MobiTV, Inc.

81.     Upon information and belief, the system used to deliver Sprint TV is designed, controlled, architected, marketed, and sold by Sprint.

82.     Upon information and belief, Sprint encodes interactive program guide pages, as well as video and audio data, on a plurality of encoders, and generates transport streams to provide an interactive program guide that accompanies Sprint TV on the mobile handsets of Sprint customers.  Upon information and belief, a session manager manages the operations of the transport stream generator and encoders used to deliver Sprint TV and its accompanying interactive program guide.  In addition, upon information and belief, Sprint TV uses a bandwidth manager coupled to the transport stream generator that determines whether sufficient bandwidth is available, and communicates with the session manager to deliver transport streams containing Sprint TV and its accompanying interactive program guide.

83.     Upon information and belief, to deliver Sprint TV, Sprint retrieves cached content, determines whether a Sprint TV user has a viewer capable of viewing the retrieved cached content on his/her mobile handset, and downloads a viewer capable of viewing the retrieved cached content if the user does not have a viewer so capable.  Upon information and belief, the systems used to deliver Sprint TV transcodes the retrieved cached content from a first processing method, to a processing method compatible with a multimedia player associated with the Sprint TV user's mobile handset.

### COUNT ONE: NON-INFRINGEMENT OF THE '084 PATENT

84.     The Cox Entities incorporate Paragraphs 1-83 by reference.

85.     Upon information and belief, Sprint Communications claims to be the owner by assignment of all right, title, and interest in and to the '084 Patent.

86.     The Cox Entities do not infringe at least any valid and enforceable Asserted Claim of the '084 Patent.  In addition, the Cox Entities have not induced or contributed to the infringement of any valid and enforceable claim of the '084 Patent by another.

87.     An actual, justiciable case or controversy exists between the parties concerning the infringement of the '084 Patent.

88.     The Cox Entities are entitled to a judicial declaration that they do not directly or indirectly infringe the '084 Patent.

COUNT TWO: NON-INFRINGEMENT OF THE '3,561 PATENT

89.     The Cox Entities incorporate Paragraphs 1-83 by reference.

90.     Upon information and belief, Sprint Communications claims to be the owner by assignment of all right, title, and interest in and to the '3,561  Patent.

91.     The Cox Entities do not infringe at least any valid and enforceable Asserted Claim of the '3,561  Patent.  In addition, the Cox Entities have not induced or contributed to the infringement of any valid and enforceable claim of the '3,561 Patent by another.

92.     An actual, justiciable case or controversy exists between the parties concerning the infringement of the '3,561 Patent.

93.     The Cox Entities are entitled to a judicial declaration that they do not directly or indirectly infringe the '3,561 Patent.

COUNT THREE: NON-INFRINGEMENT OF THE '052 PATENT

94.     The Cox Entities incorporate Paragraphs 1-83 by reference.

95.    Upon information and belief, Sprint Communications claims to be the owner by assignment of all right, title, and interest in and to the '052 Patent.

96.    The Cox Entities do not infringe at least any valid and enforceable Asserted Claim of the '052 Patent. In addition, the Cox Entities have not induced or contributed to the infringement of any valid and enforceable claim of the '052 Patent by another.

97.    An actual, justiciable case or controversy exists between the parties concerning the infringement of the '052 Patent.

98.    The Cox Entities are entitled to a judicial declaration that they do not directly or indirectly infringe the '052 Patent.

### COUNT FOUR: NON-INFRINGEMENT OF THE '932 PATENT

99.    The Cox Entities incorporate Paragraphs 1-83 by reference.

100.    Upon information and belief, Sprint Communications claims to be the owner by assignment of all right, title, and interest in and to the '932 Patent.

101.    The Cox Entities do not infringe at least any valid and enforceable Asserted Claim of the '932 Patent. In addition, the Cox Entities have not induced or contributed to the infringement of any valid and enforceable claim of the '932 Patent by another.

102.    An actual, justiciable case or controversy exists between the parties concerning the infringement of the '932 Patent.

103.    The Cox Entities are entitled to a judicial declaration that they do not directly or indirectly infringe the '932 Patent.

### COUNT FIVE: NON-INFRINGEMENT OF THE '429 PATENT

104.    The Cox Entities incorporate Paragraphs 1-83 by reference.

105.    Upon information and belief, Sprint Communications claims to be the owner by assignment of all right, title, and interest in and to the '429 Patent.

106.    The Cox Entities do not infringe at least any valid and enforceable Asserted Claim of the '429 Patent.  In addition, the Cox Entities have not induced or contributed to the infringement of any valid and enforceable claim of the '429 Patent by another.

107.    An actual, justiciable case or controversy exists between the parties concerning the infringement of the '429 Patent.

108.    The Cox Entities are entitled to a judicial declaration that they do not directly or indirectly infringe the '429 Patent.

<strong>COUNT SIX: NON-INFRINGEMENT OF THE '064 PATENT</strong>

109.    The Cox Entities incorporate Paragraphs 1-83 by reference.

110.    Upon information and belief, Sprint Communications claims to be the owner by assignment of all right, title, and interest in and to the '064 Patent.

111.    The Cox Entities do not infringe at least any valid and enforceable Asserted Claim of the '064 Patent.  In addition, the Cox Entities have not induced or contributed to the infringement of any valid and enforceable claim of the '064 Patent by another.

112.    An actual, justiciable case or controversy exists between the parties concerning the infringement of the '064 Patent.

113.    The Cox Entities are entitled to a judicial declaration that they do not directly or indirectly infringe the '064 Patent.

<strong>COUNT SEVEN: NON-INFRINGEMENT OF THE '992 PATENT</strong>

114.    The Cox Entities incorporate Paragraphs 1-83 by reference.

115.    Upon information and belief, Sprint Communications claims to be the owner by assignment of all right, title, and interest in and to the '992 Patent.

116.    The Cox Entities do not infringe at least any valid and enforceable Asserted Claim of the '992 Patent.  In addition, the Cox Entities have not induced or contributed to the infringement of any valid and enforceable claim of the '992 Patent by another.

117.    An actual, justiciable case or controversy exists between the parties concerning the infringement of the '992 Patent.

118.    The Cox Entities are entitled to a judicial declaration that they do not directly or indirectly infringe the '992 Patent.

### COUNT EIGHT: NON-INFRINGEMENT OF THE '224 PATENT

119.    The Cox Entities incorporate Paragraphs 1-83 by reference.

120.    Upon information and belief, Sprint Communications claims to be the owner by assignment of all right, title, and interest in and to the '224 Patent.

121.    The Cox Entities do not infringe at least any valid and enforceable Asserted Claim of the '224 Patent.  In addition, the Cox Entities have not induced or contributed to the infringement of any valid and enforceable claim of the '224 Patent by another.

122.    An actual, justiciable case or controversy exists between the parties concerning the infringement of the '224 Patent.

123.    The Cox Entities are entitled to a judicial declaration that they do not directly or indirectly infringe the '224 Patent.

### COUNT NINE: NON-INFRINGEMENT OF THE '918 PATENT

124.    The Cox Entities incorporate Paragraphs 1-83 by reference.

125.    Upon information and belief, Sprint Communications claims to be the owner by assignment of all right, title, and interest in and to the '918 Patent.

126.    The Cox Entities do not infringe at least any valid and enforceable Asserted Claim of the '918 Patent.  In addition, the Cox Entities have not induced or contributed to the infringement of any valid and enforceable claim of the '918 Patent by another.

127.    An actual, justiciable case or controversy exists between the parties concerning the infringement of the '918 Patent.

128.    The Cox Entities are entitled to a judicial declaration that they do not directly or indirectly infringe the '918 Patent.

## COUNT TEN: NON-INFRINGEMENT OF THE '912 PATENT

129.    The Cox Entities incorporate Paragraphs 1-83 by reference.

130.    Upon information and belief, Sprint Communications claims to be the owner by assignment of all right, title, and interest in and to the '912 Patent.

131.    The Cox Entities do not infringe at least any valid and enforceable Asserted Claim of the '912 Patent.  In addition, the Cox Entities have not induced or contributed to the infringement of any valid and enforceable claim of the '912 Patent by another.

132.    An actual, justiciable case or controversy exists between the parties concerning the infringement of the '912 Patent.

133.    The Cox Entities are entitled to a judicial declaration that they do not directly or indirectly infringe the '912 Patent.

## COUNT ELEVEN: NON-INFRINGEMENT OF THE '340 PATENT

134.    The Cox Entities incorporate Paragraphs 1-83 by reference.

135.    Upon information and belief, Sprint Communications claims to be the owner by assignment of all right, title, and interest in and to the '340 Patent.

136.    The Cox Entities do not infringe at least any valid and enforceable Asserted Claim of the '340 Patent.  In addition, the Cox Entities have not induced or contributed to the infringement of any valid and enforceable claim of the '340 Patent by another.

137.    An actual, justiciable case or controversy exists between the parties concerning the infringement of the '340 Patent.

138.    The Cox Entities are entitled to a judicial declaration that they do not directly or indirectly infringe the '340 Patent.

### COUNT TWELVE: NON-INFRINGEMENT OF THE '6,561 PATENT

139.    The Cox Entities incorporate Paragraphs 1-83 by reference.

140.    Upon information and belief, Sprint Communications claims to be the owner by assignment of all right, title, and interest in and to the '6,561 Patent.

141.    The Cox Entities do not infringe at least any valid and enforceable Asserted Claim of the '6,561 Patent.  In addition, the Cox Entities have not induced or contributed to the infringement of any valid and enforceable claim of the '6,561 Patent by another.

142.    An actual, justiciable case or controversy exists between the parties concerning the infringement of the '6,561 Patent.

143.    The Cox Entities are entitled to a judicial declaration that they do not directly or indirectly infringe the '6,561 Patent.

### COUNT THIRTEEN: INVALIDITY OF THE '084 PATENT

144.    The Cox Entities incorporate Paragraphs 1-83 by reference.

145.    On information and belief, at least the Asserted Claim of the '084 Patent is invalid for failure to meet one or more of the conditions for patentability set forth in 35 U.S.C. § 101, et seq. including §§ 101, 102, 103, and/or 112.

146.    An actual, justiciable case or controversy exists between the parties concerning the validity of the '084 Patent.

147.    The Cox Entities are entitled to a judicial declaration that the '084 Patent is invalid.

**COUNT FOURTEEN: INVALIDITY OF THE '3,561 PATENT**

148.    The Cox Entities incorporate Paragraphs 1-83 by reference.

149.    On information and belief, at least the Asserted Claim of the '084 Patent is invalid for failure to meet one or more of the conditions for patentability set forth in 35 U.S.C. § 101, et seq. including §§ 101, 102, 103, and/or 112.

150.    An actual, justiciable case or controversy exists between the parties concerning the validity of the '084 Patent.

151.    The Cox Entities are entitled to a judicial declaration that the '084 Patent is invalid.

**COUNT FIFTEEN: INVALIDITY OF THE '3,561 PATENT**

152.    The Cox Entities incorporate Paragraphs 1-83 by reference.

153.    On information and belief, at least the Asserted Claim of the '052 Patent is invalid for failure to meet one or more of the conditions for patentability set forth in 35 U.S.C. § 101, et seq. including §§ 101, 102, 103, and/or 112.

154.    An actual, justiciable case or controversy exists between the parties concerning the validity of the '052 Patent.

155.    The Cox Entities are entitled to a judicial declaration that the '052 Patent is invalid.

### COUNT SIXTEEN: INVALIDITY OF THE '932 PATENT

156.    The Cox Entities incorporate Paragraphs 1-83 by reference.

157.    On information and belief, at least the Asserted Claim of the '932 Patent is invalid for failure to meet one or more of the conditions for patentability set forth in 35 U.S.C. § 101, et seq. including §§ 101, 102, 103, and/or 112.

158.    An actual, justiciable case or controversy exists between the parties concerning the validity of the '932 Patent.

159.    The Cox Entities are entitled to a judicial declaration that the '932 Patent is invalid.

### COUNT SEVENTEEN: INVALIDITY OF THE '429 PATENT

160.    The Cox Entities incorporate Paragraphs 1-83 by reference.

161.    On information and belief, at least the Asserted Claim of the '429 Patent is invalid for failure to meet one or more of the conditions for patentability set forth in 35 U.S.C. § 101, et seq. including §§ 101, 102, 103, and/or 112.

162.    An actual, justiciable case or controversy exists between the parties concerning the validity of the '429 Patent.

163.    The Cox Entities are entitled to a judicial declaration that the '429 Patent is invalid.

### COUNT EIGHTEEN: INVALIDITY OF THE '064 PATENT

164.    The Cox Entities incorporate Paragraphs 1-83 by reference.

165.    On information and belief, at least the Asserted Claim of the '064 Patent is invalid for failure to meet one or more of the conditions for patentability set forth in 35 U.S.C. § 101, et seq. including §§ 101, 102, 103, and/or 112.

166.    An actual, justiciable case or controversy exists between the parties concerning the validity of the '064 Patent.

167.    The Cox Entities are entitled to a judicial declaration that the '064 Patent is invalid.

### COUNT NINETEEN: INVALIDITY OF THE '992 PATENT

168.    The Cox Entities incorporate Paragraphs 1-83 by reference.

169.    On information and belief, at least the Asserted Claim of the '992 Patent is invalid for failure to meet one or more of the conditions for patentability set forth in 35 U.S.C. § 101, et seq. including §§ 101, 102, 103, and/or 112.

170.    An actual, justiciable case or controversy exists between the parties concerning the validity of the '992 Patent.

171.    The Cox Entities are entitled to a judicial declaration that the '992 Patent is invalid.

### COUNT TWENTY: INVALIDITY OF THE '224 PATENT

172.    The Cox Entities incorporate Paragraphs 1-83 by reference.

173.    On information and belief, at least the Asserted Claim of the '224 Patent is invalid for failure to meet one or more of the conditions for patentability set forth in 35 U.S.C. § 101, et seq. including §§ 101, 102, 103, and/or 112.

174.    An actual, justiciable case or controversy exists between the parties concerning the validity of the '224 Patent.

175. The Cox Entities are entitled to a judicial declaration that the '224 Patent is invalid.

## COUNT TWENTY-ONE: INVALIDITY OF THE '918 PATENT

176. The Cox Entities incorporate Paragraphs 1-83 by reference.

177. On information and belief, at least the Asserted Claim of the '918 Patent is invalid for failure to meet one or more of the conditions for patentability set forth in 35 U.S.C. § 101, et seq. including §§ 101, 102, 103, and/or 112.

178. An actual, justiciable case or controversy exists between the parties concerning the validity of the '918 Patent.

179. The Cox Entities are entitled to a judicial declaration that the '918 Patent is invalid.

## COUNT TWENTY-TWO: INVALIDITY OF THE '912 PATENT

180. The Cox Entities incorporate Paragraphs 1-83 by reference.

181. On information and belief, at least the Asserted Claim of the '912 Patent is invalid for failure to meet one or more of the conditions for patentability set forth in 35 U.S.C. § 101, et seq. including §§ 101, 102, 103, and/or 112.

182. An actual, justiciable case or controversy exists between the parties concerning the validity of the '912 Patent.

183. The Cox Entities are entitled to a judicial declaration that the '912 Patent is invalid.

## COUNT TWENTY-THREE: INVALIDITY OF THE '340 PATENT

184. The Cox Entities incorporate Paragraphs 1-83 by reference.

185.   On information and belief, at least the Asserted Claim of the '340 Patent is invalid for failure to meet one or more of the conditions for patentability set forth in 35 U.S.C. § 101, et seq. including §§ 101, 102, 103, and/or 112.

186.   An actual, justiciable case or controversy exists between the parties concerning the validity of the '340 Patent.

187.   The Cox Entities are entitled to a judicial declaration that the '340 Patent is invalid.

## COUNT TWENTY-FOUR: INVALIDITY OF THE '6,561 PATENT

188.   The Cox Entities incorporate Paragraphs 1-83 by reference.

189.   On information and belief, at least the Asserted Claim of the '6,561 Patent is invalid for failure to meet one or more of the conditions for patentability set forth in 35 U.S.C. § 101, et seq. including §§ 101, 102, 103, and/or 112.

190.   An actual, justiciable case or controversy exists between the parties concerning the validity of the '6,561 Patent.

191.   The Cox Entities are entitled to a judicial declaration that the '6,561 Patent is invalid.

## COUNT TWENTY-FIVE: DECLARATORY RELIEF - NONINFRINGEMENT

192.   The Cox Entities incorporate Paragraphs 1-83 by reference.

193.   A present and continuing controversy exists between the parties in that the Cox Entities contend that at least the Asserted Claims of the Sprint Patents are invalid and that the Cox Entities do not infringe at least the Asserted Claims of the Sprint Patents, while Defendants contend otherwise.

194.    This controversy is likely to continue.  Consequently, the Cox Entities desire a judicial determination of the respective rights and obligations of the parties with regard to the Sprint Patents.

195.    Such a declaration is necessary and appropriate at this time so that the parties may ascertain their rights and duties with respect to the matters set forth above.

**COUNT TWENTY-SIX: DECLARATORY RELIEF - UNENFORCEABILITY**

196.    The Cox Entities incorporate Paragraphs 1-83 by reference.

197.    A present and continuing controversy exists between the parties in that the Cox Entities contend that the Sprint Patents are unenforceable by virtue of Sprint's unclean hands, laches, waiver, and/or estoppel, and Sprint contends otherwise.

198.    In particular, Sprint is estopped, has waived, and/or is precluded by the doctrines of laches and/or unclean hands from  asserting claims any of the Sprint Patents against any Cox Entity by reason of its conduct during its business dealings with the Cox Entities, and also by its failure to exercise whatever rights Sprint may have had for many years while the Cox Entities invested extensively  in a Sprint-compatible architecture Sprint now accuses of infringement.

199.    Further, Sprint is also estopped, has waived, and/or is precluded by the doctrines of laches and/or unclean hands from asserting claims any of the Sprint Patents against any Cox Entity because, to an unknown extent, Sprint has sold and sells telecommunications services that entail the completion of calls to customers of the Cox Entities in what Sprint now alleges to be an infringing manner.

200.    This controversy is likely to continue.  Consequently, the Cox Entities desire a judicial determination of the respective rights and obligations of the parties with regard to the Sprint Patents.

201. Such a declaration is necessary and appropriate at this time so that the parties may ascertain their rights and duties with respect to the matters set forth above.

## COUNT TWENTY-SEVEN: DECLARATORY RELIEF - EXHAUSTION, FIRST SALE, AND LICENSE

202. The Cox Entities incorporate Paragraphs 1-83 by reference.

203. A present and continuing controversy exists between the parties in that the Cox Entities contend that the first sale or exhaustion doctrines limit or eliminate Sprint's right to recover from the Cox Entities with respect to the Sprint Patents; and Sprint contends otherwise.

204. In particular, the Cox Entities utilize their products and services in conjunction with third parties, including Sprint and others. To the extent these third parties or any other parties have acquired or may acquire a license to one or more of the patents in suit, Sprint is not entitled to a double recovery. To the extent that these third parties and/or any other parties become licensed or otherwise authorized to conduct any commercial activities regarding those authorized products and/or services, the Cox Entities are authorized by patent exhaustion, the first sale doctrine, the doctrine of implied license, or by the prohibition against double recovery.

205. Further, to an unknown extent, Sprint sells telecommunications services that entail the completion of calls to customers of the Cox Entities in what Sprint now alleges to be an infringing manner. To the extent that Sprint does so, its claims for infringement against Cox are precluded by the patent exhaustion and first sale doctrines, the doctrine of implied license, or by the prohibition against double recovery.

206. This controversy is likely to continue. Consequently, the Cox Entities desire a judicial determination of the respective rights and obligations of the parties with regard to the Sprint Patents.

207.     Such a declaration is necessary and appropriate at this time so that the parties may ascertain their rights and duties with respect to the matters set forth above.

### COUNT TWENTY-EIGHT: DECLARATORY RELIEF - EXHAUSTION AND LICENSE

208.     The Cox Entities incorporate Paragraphs 1-83 by reference.

209.     A present and continuing controversy exists between the parties in that the Cox Entities contend that they are impliedly licensed to practice the Sprint Patents and Sprint contends otherwise.

210.     In particular, the Cox Entities enjoy an implied license by virtue of their business dealings with Sprint and their investment in billions of dollars in a Sprint-compatible architecture that Sprint now accuses of infringement.

211.     Defendants and Sprint were in and are still in contractual relationships with one another, including use of Cox's products on Sprint's networks and vice versa.  Upon information and belief, Sprint did not inform Defendants of its pursuit of patent protection until well after the contractual relationships were in place.

212.     Sprint's engagement in contractual relationships with Sprint, coupled with its silence regarding its pursuit of patent protection caused Defendants and its successors in interest to reasonably infer that Sprint was not seeking proprietary rights in the accused products and/or services in one or more of the patents in suit or that Sprint would not object to Defendants' making, using, selling, and/or offering to sell products and/or services that were explicitly and/or implicitly within the scope of Sprint and Defendants' contractual relationships.

213.     This controversy is likely to continue.  Consequently, the Cox Entities desire a judicial determination of the respective rights and obligations of the parties with regard to the Sprint Patents.

214.    Such a declaration is necessary and appropriate at this time so that the parties may ascertain their rights and duties with respect to the matters set forth above.

## COUNT TWENTY-NINE: INFRINGEMENT OF THE `172 PATENT

215.    CCI incorporates Paragraphs 1-83 by reference.

216.    Upon information and belief, Sprint has been, and currently is infringing, either directly or under the doctrine of equivalents, one or more claims of the '172 patent by making, using, selling, offering for sale, products, including Sprint TV, that encode interactive program guide pages, and use a session manager and bandwidth manager to deliver transport streams including an interactive program guide.

217.    Upon information and belief, Sprint's infringement of the '172 patent will continue unless enjoined by this Court.

218.    As a direct and proximate cause of Sprint's infringement of the '172 patent, CCI has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined, for which CCI is entitled to relief.

219.    Sprint's infringement of the '172 patent has and will continue to harm CCI, causing irreparable injury, for which there is no adequate remedy at law unless enjoined by this Court.

## COUNT THIRTY: INFRINGEMENT OF THE '474 PATENT

220.    CCI incorporates Paragraphs 1-83 by reference.

221.    Upon information and belief, Sprint has been, and currently is infringing, either directly or under the doctrine of equivalents, one or more claims of the '474 patent by making, using, selling, offering for sale,  products, including Sprint TV, that transcode cached video into

a format acceptable to a multimedia player associated with each Sprint customer's mobile handset.

222.    Upon information and belief, Sprint's infringement of the '474 patent will continue unless enjoined by this Court.

223.    As a direct and proximate cause of Sprint's infringement of the '474 patent, CCI has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined, for which CCI is entitled to relief.

224.    Sprint's infringement of the '474 patent has and will continue to harm CCI, causing irreparable injury, for which there is no adequate remedy at law unless enjoined by this Court.

**DEMAND FOR RELIEF**

WHEREFORE, the Cox Entities request the Court to enter a judgment in its favor and against Sprint as follows:

(a) Declare and enter judgment that the Cox Entities do not infringe, either directly or indirectly, any claim of the Sprint Patents;

(b) Declare and enter judgment that the claims of the Sprint Patents are invalid or void;

(c) Declare and enter judgment that Sprint directly infringes one or more claim of the '172 Patent;

(d) Declare and enter judgment that Sprint directly infringes one ore more claims of the '474 Patent;

(e) Enter a permanent injunction restraining and enjoining Sprint, and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or

participation with Sprint who receive actual notice of the order by personal service or otherwise, from any further sales or use of their infringing products and/or services and any other infringement of the '172 patent or '474 patent;

      (f) Award costs to CCI in accordance with 35 U.S.C. § 284;

      (g) Declare this action an exceptional case and award the Cox Entities reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

      (h) Grant the Cox Entities such other further relief as this Court may deem just, proper, and equitable under the circumstances.

### DEMAND FOR JURY TRIAL

      The Cox Entities demand a trial by jury on all the claims and issues so triable.

Dated: April 16, 2012            PHILLIPS, GOLDMAN & SPENCE, P.A

                    */s/ John C. Phillips, Jr.*
                    John C. Phillips, Jr. (#110)
                    Megan C. Haney (#5016)
                    1200 North Broom Street
                    Wilmington, DE 19806
                    Tel. (302) 655-4200
                    Fax (302) 655-4210
                    jcp@pgslaw.com
                    mch@pgslaw.com

                    *-and-*

                    WINSTON & STRAWN LLP
                    Michael L. Brody (*pro hac vice* pending)
                    35 W. Wacker Drive
                    Chicago, IL 60601-9703
                    (312) 558-5600 (t) / (312) 558-5700 (f)
                    mbrody@winston.com

                    David S. Bloch (*pro hac vice* pending)
                    101 California Street
                    San Francisco, CA 94111-5802
                    (415) 591-1452 (t) / (415) 591-1400 (f)

dbloch@winston.com

*Attorneys for the Cox Entities*