## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COX COMMUNICATIONS, INC. *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>SPRINT COMMUNICATIONS COMPANY L.P.;<br>SPRINT SPECTRUM, L.P.;<br>SPRINT SOLUTIONS, INC.,<br><br>      Defendants,<br><br>———————————<br><br>SPRINT COMMUNICATIONS COMPANY L.P.; and<br>SPRINT SPECTRUM, L.P.;<br><br>      Counterclaim-Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC.; and<br>COXCOM, LLC;<br><br>      Counterclaim-Defendants. | **Case No.:  1:12-cv-00487**<br><br>**JURY TRIAL DEMANDED** |

## SPRINT'S ANSWER AND COUNTERCLAIMS

Defendants Sprint Communications Company L.P., Sprint Spectrum, L.P., and Sprint

Solutions, Inc. (collectively, "Sprint") submit this Answer to Plaintiffs'[1] Original Complaint

("Complaint").  To the extent any allegation contained in this Answer is not specifically

---

[1]      Cox Communications, Inc.; Coxcom, LLC; Cox Arkansas Telcom, L.L.C.; Cox Communications Arizona, LLC; Cox Arizona Telcom, L.L.C.; Cox California Telcom, L.L.C.; Cox Communications California, LLC; Cox Colorado Telcom, L.L.C.; Cox Connecticut Telcom, L.L.C.; Cox District of Columbia Telcom, L.L.C.; Cox Florida Telcom, L.P.; Cox Communications Georgia, LLC; Cox Georgia Telcom L.L.C.; Cox Iowa Telcom, L.L.C.; Cox Idaho Telcom, L.L.C.; Cox Communications Kansas, L.L.C.; Cox Kansas Telcom, L.L.C.; Cox Communications Gulf Coast, L.L.C.; Cox Communications Louisiana, L.L.C.; Cox Louisiana Telcom, L.L.C.; Cox Maryland Telcom, L.L.C.; Cox Missouri Telcom, LLC; Cox Nebraska Telcom, L.L.C.; Cox Communications Omaha, L.L.C.; Cox Communications Las Vegas, Inc.; Cox Nevada Telcom, L.L.C.; Cox North Carolina Telcom, L.L.C.; Cox Ohio Telcom, L.L.C.; Cox Oklahoma Telcom, L.L.C.; Cox Rhode Island Telcom, L.L.C.; Cox Communications Hampton Roads, L.L.C.; Cox Virginia Telcom, L.L.C.

admitted, it is hereby denied.  Sprint further denies any allegation that may be implied by or inferred from the headings of Plaintiffs' Complaint.

## INTRODUCTION

1.     Sprint states that Plaintiffs' Complaint purports to be an action for declaratory judgment arising under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Sprint denies, however, that Plaintiffs' Complaint sets forth a valid or meritorious claim.

2.     Sprint states that Plaintiffs' Complaint purports to be an action for patent infringement arising under the Patent Laws of the United States, in particular 35 U.S.C. § 271. Sprint further states that this Court has jurisdiction over meritorious actions for patent infringement generally under 28 U.S.C. §§ 1331 and 1338.  Sprint denies, however, that Plaintiffs' Complaint sets forth a valid or meritorious action against Sprint.

3.     Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies the same.

## THE PARTIES

4.     Sprint denies that "CCI does not engage in, directly or indirectly, the provision of telephony services or technology."  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 4, and therefore denies the same.

5.     Sprint denies that CoxCom "does not directly provide telephony services or technology to end users."  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 5, and therefore denies the same.

6-18.   Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 6-18, and therefore denies the same.

19.   Sprint states that, upon information and belief, Cox Communications Kansas, LLC is a limited liability company registered to do business in the State of Kansas and organized and existing under the laws of the State of Delaware, with its principal place of business at 1400 Lake Hearn Driver, Atlanta, Georgia 30319.  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 19, and therefore denies the same.

20.   Sprint states that, upon information and belief, Cox Kansas Telcom, LLC is a limited liability company registered to do business in the State of Kansas and organized and existing under the laws of the State of Delaware, with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 20, and therefore denies the same.

21-36.  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 21-36, and therefore denies the same.

36.   Sprint admits that Exhibit A to the Complaint appears on its face to be U.S. Patent No. 7,992,172 (the "'172 patent"), entitled "Method and System for Multicast Using Multiple Transport Streams."  Sprint lacks of knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 36, and therefore denies the same.

37.   Sprint admits that Exhibit B to the Complaint appears on its face to be U.S. Patent No. 7,836,474 (the "'474 patent"), entitled "Method and Apparatus for Preprocessing and Postprocessing Content in an Interactive Information Distribution System."  Sprint lacks of knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 37, and therefore denies the same.

38.     Sprint admits the allegations set forth in Paragraph 38.

39.     Sprint denies that Sprint Spectrum has a principal place of business at 6500 Sprint Pkwy MS: HL-5ASTX, Overland Park, Kansas 66251, and states that Sprint Spectrum's principal place of business is at 6200 Sprint Parkway, Overland Park, Kansas 66251.   Sprint admits the remainder of the allegations set forth in Paragraph 39.

40.     Sprint denies that Sprint Solutions has a principal place of business at 6500 Sprint Pkwy MS: HL-5ASTX, Overland Park, Kansas 66251, and states that Sprint Spectrum's principal place of business is at 6200 Sprint Parkway, Overland Park, Kansas 66251.   Sprint admits the remainder of the allegations set forth in Paragraph 40.

41.     No new factual allegations are set forth in Paragraph 41.

42.     Sprint admits that Sprint Communications Company L.P. is the owner of all right, title, and interest in and to U.S. Patent No. 6,343,084 (the "084 patent") entitled "Broadband Telecommunications System."   Sprint further admits that Exhibit C to the Complaint appears on its face to be the '084 patent.   Sprint further admits that a controversy exists between the parties, but states that the United States District Court for the District of Kansas is the proper venue in which to address the controversy.   Sprint denies the remainder the allegations set forth in Paragraph 42.

43.     Sprint admits that Sprint Communications Company L.P. is the owner of all right, title, and interest in and to U.S. Patent No. 6,633,561 (the "3,561 patent") entitled "Method, System and Apparatus for Telecommunications Control." Sprint further admits that Exhibit D to the Complaint appears on its face to be the '3,561 patent.   Sprint further admits that a controversy exists between the parties, but states that the United States District Court for the

District of Kansas is the proper venue in which to address the controversy.  Sprint denies the remainder the allegations set forth in Paragraph 43.

44.      Sprint admits that Sprint Communications Company L.P. is the owner of all right, title, and interest in and to U.S. Patent No. 6,463,052 (the "052 patent") entitled "Method, System and Apparatus for Telecommunications Control."  Sprint further admits that Exhibit E to the Complaint appears on its face to be the '052 patent.  Sprint further admits that a controversy exists between the parties, but states that the United States District Court for the District of Kansas is the proper venue in which to address the controversy.  Sprint denies the remainder the allegations set forth in Paragraph 44.

45.      Sprint admits that Sprint Communications Company L.P. is the owner of all right, title, and interest in and to U.S. Patent No. 6,452,932 (the "932 patent") entitled "Method, System and Apparatus for Telecommunications Control."  Sprint further admits that Exhibit F to the Complaint appears on its face to be the '932 patent.  Sprint further admits that a controversy exists between the parties, but states that the United States District Court for the District of Kansas is the proper venue in which to address the controversy.  Sprint denies the remainder the allegations set forth in Paragraph 45.

46.      Sprint admits that Sprint Communications Company L.P. is the owner of all right, title, and interest in and to U.S. Patent No. 6,473,429 (the "429 patent") entitled "Broadband Telecommunications System."  Sprint further admits that Exhibit G to the Complaint appears on its face to be the '429 patent.  Sprint further admits that a controversy exists between the parties, but states that the United States District Court for the District of Kansas is the proper venue in which to address the controversy.  Sprint denies the remainder the allegations set forth in Paragraph 46.

47.     Sprint admits that Sprint Communications Company L.P. is the owner of all right, title, and interest in and to U.S. Patent No. 6,298,064 (the "064 patent") entitled "Broadband Telecommunications System."  Sprint further admits that Exhibit H to the Complaint appears on its face to be the '064 patent.  Sprint further admits that a controversy exists between the parties, but states that the United States District Court for the District of Kansas is the proper venue in which to address the controversy.  Sprint denies the remainder the allegations set forth in Paragraph 47.

48.     Sprint admits that Sprint Communications Company L.P. is the owner of all right, title, and interest in and to U.S. Patent No. 6,262,992 (the "992 patent") entitled "System and Method for Transporting a Call in a Telecommunication Network."  Sprint further admits that Exhibit I to the Complaint appears on its face to be the '992 patent.  Sprint further admits that a controversy exists between the parties, but states that the United States District Court for the District of Kansas is the proper venue in which to address the controversy.  Sprint denies the remainder the allegations set forth in Paragraph 48.

49.     Sprint admits that Sprint Communications Company L.P. is the owner of all right, title, and interest in and to U.S. Patent No. 6,330,224 (the "224 patent") entitled "System and Method for Providing Enhanced Services for a Telecommunication Call."  Sprint further admits that Exhibit J to the Complaint appears on its face to be the '224 patent.  Sprint further admits that a controversy exists between the parties, but states that the United States District Court for the District of Kansas is the proper venue in which to address the controversy.  Sprint denies the remainder the allegations set forth in Paragraph 49.

50.     Sprint admits that Sprint Communications Company L.P. is the owner of all right, title, and interest in and to U.S. Patent No. 6,563,918 (the "918 patent") entitled

"Telecommunications System Architecture for Connecting a Call."  Sprint further admits that Exhibit K to the Complaint appears on its face to be the '918 patent.  Sprint further admits that a controversy exists between the parties, but states that the United States District Court for the District of Kansas is the proper venue in which to address the controversy.  Sprint denies the remainder the allegations set forth in Paragraph 50.

51.   Sprint admits that Sprint Communications Company L.P. is the owner of all right, title, and interest in and to U.S. Patent No. 6,639,912 (the "912 patent") entitled "Number Portability in a Communications System."  Sprint further admits that Exhibit L to the Complaint appears on its face to be the '912 patent.  Sprint further admits that a controversy exists between the parties, but states that the United States District Court for the District of Kansas is the proper venue in which to address the controversy.  Sprint denies the remainder the allegations set forth in Paragraph 51.

52.   Sprint admits that Sprint Communications Company L.P. is the owner of all right, title, and interest in and to U.S. Patent No. 6,697,340 (the "340 patent") entitled "System and Method for Providing Enhanced Services for a Telecommunication Call."  Sprint further admits that Exhibit M to the Complaint appears on its face to be the '340 patent.  Sprint further admits that a controversy exists between the parties, but states that the United States District Court for the District of Kansas is the proper venue in which to address the controversy.  Sprint denies the remainder the allegations set forth in Paragraph 52.

53.   Sprint admits that Sprint Communications Company L.P. is the owner of all right, title, and interest in and to U.S. Patent No. 7,286,561 (the "6,561 patent") entitled "Method System and Apparatus for Telecommunications Control."  Sprint further admits that Exhibit N to the Complaint appears on its face to be the '6,561 patent.   Sprint further admits that a

controversy exists between the parties, but states that the United States District Court for the District of Kansas is the proper venue in which to address the controversy.  Sprint denies the remainder the allegations set forth in Paragraph 53.

## JURISDICTION AND VENUE

54.     Sprint admits that Plaintiffs' Complaint purports to be an action for declaratory judgment of patent non-infringement and patent invalidity arising under the Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202.  Sprint further admits that this Court has jurisdiction over meritorious actions for such actions generally under 28 U.S.C. §§ 1331 and 1338.  Sprint denies, however, that Plaintiffs' Complaint sets forth a valid or meritorious action against Sprint.

55.     Sprint admits that Plaintiffs' Complaint purports to be an action for patent infringement arising under the Patent Laws of the United States, in particular 35 U.S.C. § 271. Sprint further admits that this Court has jurisdiction over meritorious actions for patent infringement generally under 28 U.S.C. §§ 1331 and 1338.  Sprint denies, however, that Plaintiffs' Complaint sets forth a valid or meritorious action against Sprint.

56.     Sprint admits that Sprint Communications Company L.P., Sprint Spectrum, L.P., and Sprint Solutions, Inc. are incorporated and do business in Delaware.  Sprint denies the remainder of the allegations set forth in Paragraph 56.

57.     Sprint admits that, for purposes of this action, venue is technically proper in this District but denies that this District is convenient for adjudication of the claims alleged in this action.

## FACTUAL BACKGROUND

### Background Regarding the Parties' Dispute

58.     Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore denies the same.

59.     Sprint admits the allegations set forth in Paragraph 59.

60.     As to the Cox Entities, Sprint lacks knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 60, and therefore denies the same.  As to Sprint, Sprint denies the allegations set forth in Paragraph 60.

61.     Sprint admits the allegations set forth in Paragraph 61.

62.     Sprint admits the allegations set forth in Paragraph 62.

63.     Sprint denies the allegations set forth in Paragraph 63.

64.     Sprint admits that CCI moved to dismiss claims against it.   Sprint denies, however, that the arguments presented in CCI's motion have merit.

65.     Sprint states that counsel for Sprint and counsel for Cox met and conferred after Sprint filed its Original Complaint to discuss the possible substitution of parties and issues relating to CCI's contacts in Kansas. Sprint denies that these conversations are relevant and further denies the remainder of the allegations set forth in Paragraph 65.

66.     Sprint admits that it filed its First Amended Complaint on March 29, 2012, identifying four Cox entities as plaintiffs.   Sprint further admits that the First Amended Complaint alleges that the plaintiffs directly infringe Sprint's patents, and does not allege that the plaintiffs indirectly infringe Sprint's patents.   Sprint denies that the "Asserted Claims" identified in Cox's Complaint are the only claims at issue in the Kansas litigation.   Sprint further denies the remainder of the allegations set forth in Paragraph 66.

67.     Sprint admits that after filing the First Amended Complaint, counsel for Sprint and counsel for the Cox Entities met and conferred to discuss personal jurisdiction over CCI, and

the necessity and indispensability of additional Cox entities.   Sprint denies that these conversations are relevant and further denies the remainder of the allegations set forth in Paragraph 67.

68.   Sprint admits that Exhibits O and P appear on their face to be copies of email exchanges between counsel for Sprint and counsel for Plaintiffs.   Sprint denies that these conversations are relevant and further denies the remainder of the allegations set forth in Paragraph 68.

69.   Sprint admits that a case or controversy exists between the parties in the Kansas litigation.   Sprint denies that Cox's Complaint or this litigation is necessary to secure "complete relief."   Sprint further denies that Cox's Complaint or this litigation is necessary to provide "The Cox Entities with an opportunity to resolve Sprint's claims of infringement against them." Sprint lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 69, and therefore denies the same.

### The Cox Entities Do Not Infringe the Sprint Patents

70.   Sprint denies the allegations set forth in Paragraph 70.

### The Sprint Patent are Invalid

71.   Sprint denies the allegations set forth in Paragraph 71.

### Sprint Communications has Waived, is Estopped from Asserting, and has Exhausted It [sic] Right to Assert the Sprint Patents Against the Cox Entities

72.   Sprint denies the allegations set forth in Paragraph 72.

73.   Sprint denies the allegations set forth in Paragraph 73.

74.   Sprint denies the allegations set forth in Paragraph 74.

75.   Sprint denies the allegations set forth in Paragraph 75.

76.     Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76, and therefore denies the same.

77.     Sprint denies the allegations set forth in Paragraph 77.

### The Cox Patents

78.     Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78, and therefore denies the same.

79.     Sprint admits that it sells Sprint TV, but denies that permission is needed to sell the same.

80.     Sprint admits that it provides Sprint TV through the use of a platform provided at least in-part by MobiTV, Inc.

81.     Sprint admits that Sprint TV is marketed by Sprint.  Sprint denies the remainder of the allegations set forth in Paragraph 81.

82.     Sprint denies the allegations set forth in Paragraph 82.

83.     Sprint denies the allegations set forth in Paragraph 83.

### COUNT ONE: NON-INFRINGEMENT OF THE '084 PATENT

84.     No factual allegations are set forth in Paragraph 84.  Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

85.     Sprint admits the allegations set forth in Paragraph 85.

86.     Sprint denies the allegations set forth in Paragraph 86.

87.     Sprint admits the allegations set forth in Paragraph 87.

88.     Sprint denies the allegations set forth in Paragraph 88.

### COUNT TWO: NON-INFRINGEMENT OF THE '3,561 PATENT

89.     No factual allegations are set forth in Paragraph 89.   Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

90.     Sprint admits the allegations set forth in Paragraph 90.

91.     Sprint denies the allegations set forth in Paragraph 91.

92.     Sprint admits the allegations set forth in Paragraph 92.

93.      Sprint denies the allegations set forth in Paragraph 93.

**COUNT THREE: NON-INFRINGEMENT OF THE '052 PATENT**

94.     No factual allegations are set forth in Paragraph 94.   Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

95.     Sprint admits the allegations set forth in Paragraph 95.

96.     Sprint denies the allegations set forth in Paragraph 96.

97.     Sprint admits the allegations set forth in Paragraph 97.

98.     Sprint denies the allegations set forth in Paragraph 98

**COUNT FOUR: NON-INFRINGEMENT OF THE '932 PATENT**

99.     No factual allegations are set forth in Paragraph 99.   Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

100.    Sprint admits the allegations set forth in Paragraph 100.

101.    Sprint denies the allegations set forth in Paragraph 101.

102.    Sprint admits the allegations set forth in Paragraph 102.

103.    Sprint denies the allegations set forth in Paragraph 103.

**COUNT FIVE: NON-INFRINGEMENT OF THE '429 PATENT**

104.    No factual allegations are set forth in Paragraph 104.   Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

105.    Sprint admits the allegations set forth in Paragraph 105.

106.    Sprint denies the allegations set forth in Paragraph 106.

107.    Sprint admits the allegations set forth in Paragraph 107.

108.    Sprint denies the allegations set forth in Paragraph 108.

**COUNT SIX: NON-INFRINGEMENT OF THE '064 PATENT**

109.    No factual allegations are set forth in Paragraph 109.   Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

110.    Sprint admits the allegations set forth in Paragraph 110.

111.    Sprint denies the allegations set forth in Paragraph 111.

112.    Sprint admits the allegations set forth in Paragraph 112.

113.    Sprint denies the allegations set forth in Paragraph 113.

**COUNT SEVEN: NON-INFRINGEMENT OF THE '992 PATENT**

114.    No factual allegations are set forth in Paragraph 114.   Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

115.    Sprint admits the allegations set forth in Paragraph 115.

116.    Sprint denies the allegations set forth in Paragraph 116.

117.    Sprint admits the allegations set forth in Paragraph 117.

118.    Sprint denies the allegations set forth in Paragraph 118.

**COUNT EIGHT: NON-INFRINGEMENT OF THE '224 PATENT**

119.    No factual allegations are set forth in Paragraph 119.   Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

120.    Sprint admits the allegations set forth in Paragraph 120.

121.    Sprint denies the allegations set forth in Paragraph 121.

122.    Sprint admits the allegations set forth in Paragraph 122.

123.    Sprint denies the allegations set forth in Paragraph 123.

### COUNT NINE: NON-INFRINGEMENT OF THE '918 PATENT

124.    No factual allegations are set forth in Paragraph 124.    Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

125.    Sprint admits the allegations set forth in Paragraph 125.

126.    Sprint denies the allegations set forth in Paragraph 126.

127.    Sprint admits the allegations set forth in Paragraph 127.

128.    Sprint denies the allegations set forth in Paragraph 128.

### COUNT TEN: NON-INFRINGEMENT OF THE '912 PATENT

129.    No factual allegations are set forth in Paragraph 129.    Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

130.    Sprint admits the allegations set forth in Paragraph 130.

131.    Sprint denies the allegations set forth in Paragraph 131.

132.    Sprint admits the allegations set forth in Paragraph 132.

133.    Sprint denies the allegations set forth in Paragraph 133.

### COUNT ELEVEN: NON-INFRINGEMENT OF THE '340 PATENT

134.    No factual allegations are set forth in Paragraph 134.    Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

135.    Sprint admits the allegations set forth in Paragraph 135.

136.    Sprint denies the allegations set forth in Paragraph 136.

137.    Sprint admits the allegations set forth in Paragraph 137.

138.    Sprint denies the allegations set forth in Paragraph 138.

## COUNT TWELVE: NON-INFRINGEMENT OF THE '6,561 PATENT

139.    No factual allegations are set forth in Paragraph 139.   Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

140.    Sprint admits the allegations set forth in Paragraph 140.

141.    Sprint denies the allegations set forth in Paragraph 141.

142.    Sprint admits the allegations set forth in Paragraph 142.

143.    Sprint denies the allegations set forth in Paragraph 143.

## COUNT THIRTEEN: INVALIDITY OF THE '084 PATENT

144.    No factual allegations are set forth in Paragraph 144.   Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

145.    Sprint denies the allegations set forth in Paragraph 145.

146.    Sprint admits the allegations set forth in Paragraph 146.

147.    Sprint denies the allegations set forth in Paragraph 147.

## COUNT FOURTEEN: NON-INFRINGEMENT OF THE '3,561 PATENT

148.    No factual allegations are set forth in Paragraph 148.   Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

149.    Sprint denies the allegations set forth in Paragraph 149.

150.    Sprint admits the allegations set forth in Paragraph 150.

151.    Sprint denies the allegations set forth in Paragraph 151.

## COUNT FIFTEEN: INVALIDITY OF THE '3,561 PATENT [sic '052 PATENT]

152.    No factual allegations are set forth in Paragraph 152.   Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

153.    Sprint denies the allegations set forth in Paragraph 153.

154.   Sprint admits the allegations set forth in Paragraph 154.

155.   Sprint denies the allegations set forth in Paragraph 155.

**COUNT SIXTEEN: INVALIDITY OF THE '932 PATENT**

156.   No factual allegations are set forth in Paragraph 156.   Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

157.   Sprint denies the allegations set forth in Paragraph 157.

158.   Sprint admits the allegations set forth in Paragraph 158.

159.   Sprint denies the allegations set forth in Paragraph 159.

**COUNT SEVENTEEN: INVALIDITY OF THE '429 PATENT**

160.   No factual allegations are set forth in Paragraph 160.   Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

161.   Sprint denies the allegations set forth in Paragraph 161.

162.   Sprint admits the allegations set forth in Paragraph 162.

163.   Sprint denies the allegations set forth in Paragraph 163.

**COUNT EIGHTEEN: INVALIDITY OF THE '064 PATENT**

164.   No factual allegations are set forth in Paragraph 164.   Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

165.   Sprint denies the allegations set forth in Paragraph 165.

166.   Sprint admits the allegations set forth in Paragraph 166.

167.   Sprint denies the allegations set forth in Paragraph 167.

**COUNT NINETEEN: INVALIDITY OF THE '992 PATENT**

168.   No factual allegations are set forth in Paragraph 168.   Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

169.    Sprint denies the allegations set forth in Paragraph 169.

170.    Sprint admits the allegations set forth in Paragraph 170.

171.    Sprint denies the allegations set forth in Paragraph 171.

**COUNT TWENTY: INVALIDITY OF THE '224 PATENT**

172.    No factual allegations are set forth in Paragraph 172.   Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

173.    Sprint denies the allegations set forth in Paragraph 173.

174.    Sprint admits the allegations set forth in Paragraph 174.

175.    Sprint denies the allegations set forth in Paragraph 175.

**COUNT TWENTY-ONE: INVALIDITY OF THE '918 PATENT**

176.    No factual allegations are set forth in Paragraph 176.   Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

177.    Sprint denies the allegations set forth in Paragraph 177.

178.    Sprint admits the allegations set forth in Paragraph 178.

179.    Sprint denies the allegations set forth in Paragraph 179.

**COUNT TWENTY-TWO: INVALIDITY OF THE '912 PATENT**

180.    No factual allegations are set forth in Paragraph 180.   Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

181.    Sprint denies the allegations set forth in Paragraph 181.

182.    Sprint admits the allegations set forth in Paragraph 182.

183.    Sprint denies the allegations set forth in Paragraph 183.

**COUNT TWENTY-THREE: INVALIDITY OF THE '340 PATENT**

184.    No factual allegations are set forth in Paragraph 184.  Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

185.    Sprint denies the allegations set forth in Paragraph 185.

186.    Sprint admits the allegations set forth in Paragraph 186.

187.    Sprint denies the allegations set forth in Paragraph 187.

### COUNT TWENTY-FOUR: INVALIDITY OF THE '6,561 PATENT

188.    No factual allegations are set forth in Paragraph 188.  Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

189.    Sprint denies the allegations set forth in Paragraph 189.

190.    Sprint admits the allegations set forth in Paragraph 190.

191.    Sprint denies the allegations set forth in Paragraph 191.

### COUNT TWENTY-FIVE: DECLARATORY RELIEF - NONINFRINGEMENT

192.    No factual allegations are set forth in Paragraph 192.  Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

193.    Sprint admits the allegations set forth in Paragraph 193.

194.    Sprint admits that a controversy is likely to continue.  No other factual allegations are set forth in Paragraph 194.

195.    Sprint denies the allegations set forth in Paragraph 195.

### COUNT TWENTY-SIX: DECLATATORY RELIEF - UNENFORCEABILITY

196.    No factual allegations are set forth in Paragraph 196.  Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

197.    Sprint admits the allegations set forth in Paragraph 197.

198.    Sprint denies the allegations set forth in Paragraph 198.

199.     Sprint denies the allegations set forth in Paragraph 199.

200.     Sprint admits that a controversy is likely to continue.  No other factual allegations are set forth in Paragraph 200.

201.     Sprint denies the allegations set forth in Paragraph 201.

## COUNT TWENTY-SEVEN: DECLARATORY RELIEF – EXHAUSTION, FIRST SALE, AND LICENSE

202.     No factual allegations are set forth in Paragraph 202.  Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

203.     Sprint admits the allegations set forth in Paragraph 203.

204.     Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 204, and therefore denies the same.

205.      Sprint denies the allegations set forth in Paragraph 205.

206.     Sprint admits that a controversy is likely to continue.  No other factual allegations are set forth in Paragraph 206.

207.     Sprint denies the allegations set forth in Paragraph 207.

## COUNT TWENTY-EIGHT: DECLARATORY RELIEF – EXHAUSTION AND LICENSE

208.     No factual allegations are set forth in Paragraph 208.  Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

209.     Sprint admits the allegations set forth in Paragraph 209.

210.     Sprint denies the allegations set forth in Paragraph 210.

211.     Sprint denies the allegations set forth in Paragraph 211.

212.     Sprint denies the allegations set forth in Paragraph 212.

213.    Sprint admits that a controversy is likely to continue.  No other factual allegations are set forth in Paragraph 213.

214.    Sprint denies the allegations set forth in Paragraph 214.

### COUNT TWENTY-NINE: INFRINGEMENT OF THE '172 PATENT

215.    No factual allegations are set forth in Paragraph 215.  Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

216.    Sprint denies the allegations set forth in Paragraph 216.

217.    Sprint denies the allegations set forth in Paragraph 217.

218.    Sprint denies the allegations set forth in Paragraph 218.

219.    Sprint denies the allegations set forth in Paragraph 219.

### COUNT THIRY: INFRINGEMENT OF THE '474 PATENT

220.    No factual allegations are set forth in Paragraph 220.  Sprint repeats and incorporates by reference each of the responses set forth in paragraphs 1 through 83 above.

221.    Sprint denies the allegations set forth in Paragraph 221.

222.    Sprint denies the allegations set forth in Paragraph 222.

223.    Sprint denies the allegations set forth in Paragraph 223.

224.    Sprint denies the allegations set forth in Paragraph 224.

### DEMAND FOR RELIEF

Sprint denies that Plaintiffs are entitled to any relief in connection with the allegations of Plaintiffs' Complaint, including, without limitation, the allegations in Paragraphs (a) through (h) of Plaintiffs' Demand for Relief.

### AFFIRMATIVE DEFENSES

Sprint pleads the following as affirmative defenses to Cox's Complaint.  Sprint reserves the right to amend its Answer and Counterclaims to add additional affirmative defenses not presented herein, including but not limited to, those defenses revealed during discovery.  Without admitting or acknowledging that Sprint bears the burden of proof as to any of the following, based upon information and belief, defendant asserts the following defenses:

**FIRST DEFENSE**
**(Non-infringement of the '172 and '474 Patents)**

1.      Sprint has not infringed and does not infringe any valid and enforceable claim of the '172 or '474 patents.

**SECOND DEFENSE**
**(Invalidity of the '172 and '474 Patents)**

2.      One or more claims of the '172 and '474 patents are invalid for failing to meet the requirements of Title 35 of the United States Code, including, for example only, 35 U.S.C. §§ 102, 103, or 112.

**THIRD DEFENSE**
**(Prosecution History Estoppel)**

3.      Cox's claims for infringement of the '172 and '474 patents are barred, in whole or in part, by the doctrines of prosecution history estoppel and/or prosecution disclaimer due to representations, amendments, and admissions made to the U.S. Patent and Trademark Office during the prosecution of the '172 and '474 patents.

**FOURTH DEFENSE**
**(License)**

4.      To the extent that Cox has granted any of Sprint's suppliers a license under the '172 and '474 patents, Sprint has a license to the '172 and '474 patents.

**FIFTH DEFENSE**
**(Failure to State a Claim)**

5.      Cox's Complaint fails to state any claim upon which relief may be granted.

## COUNTERCLAIMS

Pursuant to Rules 13, 19, and 20 of the Federal Rules of Civil Procedure, Counterclaim-Plaintiffs Sprint Communications Company L.P. and Sprint Spectrum L.P. counterclaim as follows against Counterclaim-Defendants Cox Communications, Inc.; CoxCom, LLC; Cox Arkansas Telcom, LLC; Cox Communications Arizona, LLC; Cox Arizona Telcom, LLC; Cox California Telcom, LLC; Cox Communications California, LLC; Cox Colorado Telcom, LLC; Cox Connecticut Telcom, LLC; Cox District of Columbia Telcom, LLC; Cox Florida Telcom, L.P.; Cox Communications Georgia, LLC; Cox Georgia Telcom LLC; Cox Iowa Telcom, LLC; Cox Idaho Telcom, LLC; Cox Communications Kansas, LLC; Cox Kansas Telcom, LLC; Cox Communications Gulf Coast, LLC; Cox Communications Louisiana, LLC; Cox Louisiana Telcom, LLC; Cox Maryland Telcom, LLC; Cox Missouri Telcom, LLC; Cox Nebraska Telcom, LLC; Cox Communications Omaha, LLC; Cox Communications Las Vegas, Inc.; Cox Nevada Telcom, LLC; Cox North Carolina Telcom, LLC; Cox Ohio Telcom, LLC; Cox Oklahoma Telcom, LLC; Cox Rhode Island Telcom, LLC; Cox Communications Hampton Roads, LLC; and Cox Virginia Telcom, LLC (collectively, "Counterclaim-Defendants" or "Cox").

## PARTIES

1.      Counterclaim-Plaintiff Sprint Communications Company L.P. is a Limited Partnership organized and existing under the laws of the State of Delaware, with its principle place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.

2.      Counterclaim-Plaintiff Sprint Spectrum L.P. is a Limited Partnership organized and existing under the laws of the State of Delaware, with its principle place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.

21

3.      On information and belief, Counterclaim-Defendant Cox Communications, Inc. is a Delaware corporation with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

4.      On information and belief, Counterclaim-Defendant CoxCom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

5.      On information and belief, Counterclaim-Defendant Cox Arkansas Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

6.      On information and belief, Counterclaim-Defendant Cox Communications Arizona, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

7.      On information and belief, Counterclaim-Defendant Cox Arizona Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

8.      On information and belief, Counterclaim-Defendant Cox California Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

9.      On information and belief, Counterclaim-Defendant Cox Communications California, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

10.     On information and belief, Counterclaim-Defendant Cox Colorado Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

11.     On information and belief, Counterclaim-Defendant Cox Connecticut Telcom LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

12.     On information and belief, Counterclaim-Defendant Cox District of Columbia Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

13.     On information and belief, Counterclaim-Defendant Cox Florida Telcom, L.P. is a Delaware limited partnership with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

14.     On information and belief, Counterclaim-Defendant Cox Communications Georgia, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

15.     On information and belief, Counterclaim-Defendant Cox Georgia Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

16.     On information and belief, Counterclaim-Defendant Cox Iowa Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

17.    On information and belief, Counterclaim-Defendant Cox Idaho Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

18.    On information and belief, Counterclaim-Defendant Cox Communications Kansas, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

19.    On information and belief, Counterclaim-Defendant Cox Kansas Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

20.    On information and belief, Counterclaim-Defendant Cox Communications Gulf Coast, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

21.    On information and belief, Counterclaim-Defendant Cox Communications Louisiana, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

22.    On information and belief, Counterclaim-Defendant Cox Louisiana Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

23.    On information and belief, Counterclaim-Defendant Cox Maryland Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

24.     On information and belief, Counterclaim-Defendant Cox Missouri Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

25.     On information and belief, Counterclaim-Defendant Cox Nebraska Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

26.     On information and belief, Counterclaim-Defendant Cox Communications Omaha, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

27.     On information and belief, Counterclaim-Defendant Cox Communications Las Vegas, Inc is a Delaware corporation with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

28.     On information and belief, Counterclaim-Defendant Cox Nevada Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

29.     On information and belief, Counterclaim-Defendant Cox North Carolina Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

30.     On information and belief, Counterclaim-Defendant Cox Ohio Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

31.     On information and belief, Counterclaim-Defendant Cox Oklahoma Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

32.     On information and belief, Counterclaim-Defendant Cox Rhode Island Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

33.     On information and belief, Counterclaim-Defendant Cox Communications Hampton Roads, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

34.     On information and belief, Counterclaim-Defendant Cox Virginia Telcom, LLC is a Delaware limited liability company with its principal place of business at 1400 Lake Hearn Drive, Atlanta, Georgia 30319.

35.     On information and belief, Counterclaim-Defendants provide and participate in providing Counterclaim-Defendants' products and services that use Sprint's patented synchronous optical networking, software updating, quality management, records management, and/or caller identification technologies without Sprint's permission.

## JURISDICTION

36.     This is a counterclaim for patent infringement under the United States Patent Laws, 35 U.S.C. § 271, et seq.  This Court has subject matter jurisdiction over this Counterclaim under 28 U.S.C. §§ 1331 and 1338.

## VENUE

37.     Venue for Sprint's Counterclaims is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## JOINDER

38.     Joinder of Counterclaim-Defendants is proper under 35 U.S.C. § 299.   The allegations of patent infringement contained herein arise out of the same series of transactions or occurrences relating to the making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, of the same accused products and services.

39.     Common questions of fact relating to Counterclaim-Defendants' infringement will arise in this action, as well as questions regarding Counterclaim-Defendants' damages owing to Sprint.

## FACTUAL BACKGROUND
### (The Patents-In-Suit)

40.     Sprint Communications is the owner by assignment of all right, title, and interest in and to United States Patent No. 5,742,605 ("the '605 patent") entitled "Synchronous Optical Network Using a Ring Architecture," which duly and legally issued in the name of Charles William Norman, Jr. on April 21, 1998.  A true and correct copy of the '605 patent is attached to this Answer and Counterclaims as Exhibit A.

41.     Sprint Communications is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,108,339 ("the '339 patent") entitled "Synchronous Optical Network Using a Ring Architecture," which duly and legally issued in the name of Charles William Norman, Jr. on August 22, 2000.  A true and correct copy of the '339 patent is attached to this Answer and Counterclaims as Exhibit B.

42.     Sprint Communications is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,452,931 ("the '931 patent") entitled "Synchronous Optical Network Using a Ring Architecture," which duly and legally issued in the name of Charles

William Norman, Jr. on September 17, 2002.  A true and correct copy of the '931 patent is attached to this Answer and Counterclaims as Exhibit C.

43.     Sprint Communications is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,870,832 ("the '832 patent") entitled "Telecommunications Provider Agent," which duly and legally issued in the names of Abdullah Murat Bog, Steven Turner, Matthew Kung-Wei Jonathan Barrow, and Tracey Mark Bernath on March 22, 2005.  A true and correct copy of the '832 patent is attached to this Answer and Counterclaims as Exhibit D.

44.     Sprint Communications is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,121,028 ("the '028 patent") entitled "Quality of Service Provisioning for Packet Service Sessions in Communication Networks," which duly and legally issued in the names of Matthew C. Schlesener, Pallavur Sankaranaraynan, and Brian D. Mauer on February 21, 2012.  A true and correct copy of the '028 patent is attached to this Answer and Counterclaims as Exhibit E.

45.     Sprint Communications is the owner by assignment of all right, title, and interest in and to United States Patent No. 5,793,853 ("the '853 patent") entitled "System and Method for Recording Billing Information for a Telecommunications Service Request," which duly and legally issued in the name of Daniel Charles Sbisa on August 11, 1998.  A true and correct copy of the '853 patent is attached to this Answer and Counterclaims as Exhibit F.

46.     Sprint Spectrum is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,995,730 ("the '730 patent") entitled "Method and System for Masquerading the Identity of a Communication Device Returning a Missed Call," which duly and legally issued in the names of Baoquan Zhang, Von McConnell, Farni Weaver, and Arun

Santharam on August 9, 2011.  A true and correct copy of the '730 patent is attached to this Answer and Counterclaims as Exhibit G.

47.     The patents identified in Counterclaim Paragraphs 40-46 and attached as Exhibits A–G are herein collectively referred to as "Sprint's Patents."

**(Cox)**

48.     Upon information and belief, Cox is a cable operator in the United States, providing cable television, broadband Internet, and telephone service to both residential and commercial customers.

49.     Upon information and belief, Cox (including one or more Counterclaim-Defendants) has made, used, offered to sell, and/or sold, and continues to make, use, offer to sell, and/or sell products and services that use Sprint's patented synchronous optical networking, software updating, quality management, records management, and/or caller identification technologies without Sprint's permission.

50.     Upon information and belief, within this Judicial District, Cox (including one or more Counterclaim-Defendants) has made, used, offered to sell, and/or sold, and continues to make, use, offer to sell, and/or sell products and services that use Sprint's patented synchronous optical networking, software updating, quality management, records management, and/or caller identification technologies without Sprint's permission.

## COUNT 1:  PATENT INFRINGEMENT
### (Infringement of U.S. Patent No. 5,742,605)

51.     Sprint Communications realleges and incorporates by reference the allegations set forth in Counterclaim Paragraphs 1–50 above.

52.     Upon information and belief, Counterclaim-Defendants have been, and currently are, directly infringing the '605 patent by making, using, selling, and/or offering for sale

instrumentalities including methods and systems that facilitate communicating voice and data information through Cox's network using synchronous optical networking ("SONET") technology that infringe one or more claims of the '339 patent.

53.     Upon information and belief, Counterclaim-Defendants' infringement of the '605 patent will continue unless enjoined by this Court.

54.     As a direct and proximate consequence of Counterclaim-Defendants' infringement of the '605 patent, Sprint has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint is entitled to relief.

## COUNT 2:  PATENT INFRINGEMENT
### (Infringement of U.S. Patent No. 6,108,339)

55.     Sprint Communications realleges and incorporates by reference the allegations set forth in Counterclaim Paragraphs 1–54 above.

56.     Upon information and belief, Counterclaim-Defendants have been, and currently are, directly infringing the '339 patent by making, using, selling, and/or offering for sale instrumentalities including methods and systems that facilitate communicating voice and data information through Cox's network using SONET technology that infringe one or more claims of the '339 patent.

57.     Upon information and belief, Counterclaim-Defendants' infringement of the '339 patent will continue unless enjoined by this Court.

58.     As a direct and proximate consequence of Counterclaim-Defendants' infringement of the '339 patent, Sprint Communications has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint Communications is entitled to relief.

## COUNT 3:  PATENT INFRINGEMENT

**(Infringement of U.S. Patent No. 6,452,931)**

59.     Sprint Communications realleges and incorporates by reference the allegations set forth in Counterclaim Paragraphs 1–58 above.

60.     Upon information and belief, Counterclaim-Defendants have been, and currently are, directly infringing the '931 patent by making, using, selling, and/or offering for sale instrumentalities including methods and systems that facilitate communicating voice and data information through Cox's network using SONET technology, that infringe one or more claims of the '931 patent.

61.     Upon information and belief, Counterclaim-Defendants' infringement of the '931 patent will continue unless enjoined by this Court.

62.     As a direct and proximate consequence of Counterclaim-Defendants' infringement of the '931 patent, Sprint has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint is entitled to relief.

## COUNT 4:  PATENT INFRINGEMENT
**(Infringement of U.S. Patent No. 6,870,832)**

63.     Sprint Communications realleges and incorporates by reference the allegations set forth in Counterclaim Paragraphs 1–62 above.

64.     Upon information and belief, Counterclaim-Defendants have been, and currently are, directly infringing the '832 patent by making, using, selling, and offering for sale a communication system and network elements in communications with a communication hub that receives a software agent, including facilitating the updating of firmware/software of devices such as modems (e.g., eMTAs) that enable Cox to provide its "Cox Digital Telephone" service, that infringe one or more claims of the '832 patent.

65.     Upon information and belief, Counterclaim-Defendants' infringement of the '832 patent will continue unless enjoined by this Court.

66.     As a direct and proximate consequence of Counterclaim-Defendants' infringement of the '832 patent, Sprint Communications has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint Communications is entitled to relief.

### COUNT 5:  PATENT INFRINGEMENT
**(Infringement of U.S. Patent No. 8,121,028)**

67.     Sprint Communications realleges and incorporates by reference the allegations set forth in Counterclaim Paragraphs 1–66 above.

68.     Upon information and belief, Counterclaim-Defendants have been, and currently are, directly infringing the '028 patent by making, using, selling, and offering for sale a communication system having a policy system that determines a quality level for a session, including the "Cox Digital Telephone" instrumentality, that infringe one or more claims of the '028 patent.

69.     Upon information and belief, Counterclaim-Defendants' infringement of the '028 patent will continue unless enjoined by this Court.

70.     As a direct and proximate consequence of Counterclaim-Defendants' infringement of the '028 patent, Sprint has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint is entitled to relief.

### COUNT 6:  PATENT INFRINGEMENT
**(Infringement of U.S. Patent No. 5,793,853)**

71.     Sprint Communications realleges and incorporates by reference the allegations set forth in Counterclaim Paragraphs 1–70 above.

72.     Upon information and belief, Counterclaim-Defendants have been, and currently are, directly infringing the '853 patent by making, using, selling, and offering for sale a telecommunications network that merges primary and secondary records to form a single record containing information relating to services provided by elements in the network, including the preparation and consolidation of billing records provided to Cox customers for its "Cox Digital Telephone," that infringe one or more claims of the '853 patent.

73.     Upon information and belief, Counterclaim-Defendants' infringement of the '853 patent will continue unless enjoined by this Court.

74.     As a direct and proximate consequence of Counterclaim-Defendants' infringement of the '853 patent, Sprint has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint is entitled to relief.

## COUNT 7:  PATENT INFRINGEMENT
### (Infringement of U.S. Patent No. 7,995,730)

75.     Sprint Communications realleges and incorporates by reference the allegations set forth in Counterclaim Paragraphs 1–74 above.

76.     Upon information and belief, Counterclaim-Defendants have been, and currently are, directly infringing the '730 patent by making, using, selling, offering for sale Cox's caller-ID functionality in connection with the "Cox Digital Telephone" instrumentality, that infringe one or more claims of the '730 patent.

77.     Upon information and belief, Counterclaim-Defendants' infringement of the '730 patent will continue unless enjoined by this Court.

78.     As a direct and proximate consequence of Counterclaim-Defendants' infringement of the '730 patent, Sprint has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Sprint is entitled to relief.

## PRAYER FOR RELIEF

Wherefore, Sprint requests entry of judgment in its favor and against Cox as follows:

A.      Enter judgment that Counterclaim-Defendants have infringed one or more claims of Sprint's Patents;

B.      Enter a permanent injunction restraining and enjoining Counterclaim-Defendants, and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with Counterclaim-Defendants who receive actual notice of the order by personal service or otherwise, from any further sales or use of their infringing products and/or services and any other infringement of Sprint's Patents.

C.      For damages to compensate Sprint for Counterclaim-Defendants' infringement of one or more claims of Sprint's Patents pursuant to 35 U.S.C. § 284, together with interest and costs as fixed by the Court; and

D.      For such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## DEMAND FOR A JURY TRIAL

Sprint respectfully demands a trial by jury on all claims and issues so triable.

Dated:  July 9, 2012

/s/ Richard K. Herrmann
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
**MORRIS JAMES LLP**
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
T: 302.888.6800
F: 302.571.1750
rherrmann@morrisjames.com
mmatterer@morrisjames.com

***Attorneys For Defendants and
Counterclaim-Plaintiff***