IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COX COMMUNICATIONS, INC., et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. No. 12-487-SLR ) |
| SPRINT COMMUNICATIONS COMPANY L.P., et al., | ) ) ) ) |
| Defendants. | ) ) |
| SPRINT COMMUNICATIONS COMPANY L.P., et al., | ) ) ) ) |
| Counterclaim-Plaintiffs, | ) ) |
| v. | ) ) |
| COX COMMUNICATIONS, INC., et al., | ) ) |
| Counterclaim-Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 27th day of March, 2013, having reviewed defendant Sprint Communications Company L.P.'s ("Sprint's") motion to sever and transfer venue (D.I. 43) and the papers submitted therewith;

IT IS ORDERED that said motion is denied, as follows.

1. **Background.** On April 16, 2012, plaintiffs[1] ("the Cox entities") filed this

---

[1] Cox Communications, Inc.; Coxcom, LLC; Cox Arizona Telcom, L.L.C.; Cox Communications Arizona, L.L.C.; Cox Arkansas Telcom, L.L.C.; Cox California Telcom, L.L.C.; Cox Communications California, L.L.C.; Cox Colorado Telcom, L.L.C.; Cox Connecticut Telcom, L.L.C.; Cox District of Columbia Telcom, L.L.C.; Cox Florida

declaratory judgment action regarding twelve patents owned by Sprint and related to voice-over-packet telecommunications technology. (D.I. 1 at ¶¶ 42-53) The Cox entities filed this action **after** Sprint filed suit (the "Kansas litigation") in the District of Kansas, on December 19, 2011, against some of the Cox entities[2] for infringement of those twelve patents (the "Kansas patents"). Pending in the District of Kansas are three other suits against other defendants on the same twelve Kansas patents: *Sprint Communications Co. v. Comcast Cable Communications, LLC*, No. 11-02684; *Sprint Communications Co. v. Cable One, Inc.*, No. 11-02685; and *Sprint Communications Co. v. Time Warner Cable Inc.*, No. 11-02686.[3]

2. Unrelated to their declaratory judgment claims, the Cox entities also assert in this case infringement of two patents (the "Cox patents") by Sprint, Sprint Spectrum, L.P., and Sprint Solutions, Inc. (collectively, "defendants at bar"). (D.I. 1) Defendants at bar filed their answer on July 9, 2012, along with counterclaims for infringement of seven additional Sprint-owned patents (collectively with the Kansas patents, the "Sprint patents"). (D.I. 41)

---

Telcom, L.P.; Cox Georgia Telcom, L,L,C.; Cox Communications Georgia, L.L.C.; Cox Communications Gulf Coast, L.L.C.; Cox Idaho Telcom, L.L.C.; Cox Iowa Telcom, L.L.C.; Cox Kansas Telcom, L.L.C.; Cox Communications Kansas, L.L.C.; Cox Louisiana Telcom, L.L.C.; Cox Communications Louisiana, L.L.C.; Cox Maryland Telcom, L.L.C.; Cox Missouri Telcom, L.L.C.; Cox Nebraska Telcom, L.L.C.; Cox Communications Omaha, L.L.C.; Cox Nevada Telcom, L.L.C.; Cox Communications Las Vegas, Inc.; Cox North Carolina Telcom, L.L.C.; Cox Ohio Telcom, L.L.C.; Cox Oklahoma Telcom, L.L.C.; Cox Rhode Island Telcom, L.L.C.; Cox Virginia Telcom, L.L.C.; Cox Communications Hampton Roads, L.L.C.

[2]Specifically, Cox Communications, Inc.; CoxCom, LLC; Cox Communications Kansas, L.L.C.; and Cox Kansas Telcom, L.L.C.

[3]Motions to sever and transfer these three cases have been denied by the District Court for the District of Kansas. (D.I. 69) The cases have been consolidated for pretrial purposes. (D.I. 72, exs. D, E & F)

3. On September 14, 2012, Judge Julie A. Robinson found that Kansas does not have personal jurisdiction over Cox Communications, Inc. ("Cox Communications") and that "the balance of convenience factors strongly favor Defendants' request for transfer of this matter to Delaware, such that Sprint's choice of forum in Kansas properly may be disturbed." *Sprint Commc'ns Co. v. Cox Commc'ns, Inc.*, No. 11-2683, 2012 WL 4061509, at *16 (D. Kan. Sept. 14, 2012). The parties in the instant action have not indicated that the pending motion to sever and transfer has been mooted by the transfer of the Kansas litigation.

4. Cox Communications is the corporate parent or grandparent of Coxcom, LLC and the state-specific Cox subsidiaries in this case. (D.I. 1 at ¶¶ 4-35) All of the Cox entities are Delaware corporations. (*Id.* at ¶¶ 5, 6-8, 10-14, 16-20, 23-26, 28, 30-34) Cox Communications is headquartered in Atlanta, Georgia, and each state-specific Cox subsidiary allegedly maintains a principal place of business in its respective state. (*Id.* at ¶¶ 4-35) Defendants at bar are entities organized under the laws of Delaware. (*Id.* at ¶¶ 38-40) Sprint is a telecommunications company headquartered in Overland Park, Kansas. (*Id.* at ¶ 38)

5. **Discussion.** Sprint contends that plaintiffs' declaratory judgment claims should be severed and transferred in favor of Sprint's first-filed Kansas litigation so as to avoid duplicative lawsuits and the risk of inconsistent findings. Alternatively, Sprint argues that the Cox entities' declaratory judgment claims should be transferred pursuant to 28 U.S.C. § 1404(a). Sprint opines that it has previously litigated five of the twelve Kansas patents in the District of Kansas and that its relevant witnesses and

2

documents are located in Kansas or, at least, are significantly closer to Kansas than to Delaware. (D.I. 44 at 5-6 (citing *Sprint Commc'ns Co. v. Vonage Holdings Corp.*, 518 F. Supp. 2d 1306 (D. Kan. 2007); *Sprint Commc'ns Co. v. Big River Tel. Co.*, No. 08-02046, 2009 WL 1992537 (D. Kan. July 8, 2009)); see also D.I. 45, ex. C-2 at ex. A)

6. **The first-to-file rule.** The Federal Circuit prefers "to apply in patent cases the general rule whereby the forum of the first-filed case is favored, unless considerations of judicial and litigant economy and the just and effective disposition of disputes, require otherwise." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *rev'd on other grounds*, *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). If applied, the rule counsels that a later-filed action involving the same controversy should be dismissed, transferred, or stayed in favor of the first-filed action. *See id.* at 938; *accord E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 976-79 (3d Cir. 1988) ("Courts must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule."). "The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *Univ. of Pa.*, 850 F.2d at 971 (citation omitted). Factors that have been regarded as proper bases for departing from the first-to-file rule include bad faith, forum shopping, when the second-filed action has "developed further than the initial suit," and "when the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum." *Id.* (citations omitted).

3

7. The Kansas litigation was filed against some, but not all, of the Cox entities and involves the Kansas patents – the same twelve patents that are at issue in the Cox entities' declaratory judgment claims. Even if the Kansas litigation against Cox is the first-filed action with respect to the declaratory judgment claims, though, the court finds that exceptional circumstances would warrant departure from the first-to-file rule. The relevant procedural posture is unusual in that the alleged first-filed case, the Kansas litigation, has been transferred to this court. Accordingly, that litigation would be streamlined by having this court also resolve the declaratory judgment claims related to the same patents. See *Cellectis S.A. v. Precision Biosciences, Inc.*, 858 F. Supp. 2d 376, 384 (D. Del. 2012) ("It is of obvious importance to all the litigants to have a single determination of their controversy, rather than several decisions which, if they conflict, may require separate appeals to different courts of appeals." (citing *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941))). Therefore, in the interest of judicial and litigant economy and the just and effective disposition of the dispute, the court finds that the first-to-file rule does not warrant severing and transferring the Cox entities' declaratory judgment claims.[4]

8. **Transfer pursuant to § 1404(a).** Section 1404(a) of Title 28 of the United States Code grants district courts the authority to transfer venue "[f]or the convenience of parties and witnesses, in the interests of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Much has been written about

---

[4]Although the court recognizes the earlier filed litigation in Kansas against other, non-related defendants, it would be prejudicial to the Cox entities not to go forward with discovery and claim construction on the Sprint patents.

4

the legal standard for motions to transfer under 28 U.S.C. § 1404(a). *See, e.g., In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995); *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367 (D. Del. 2012).

9. Referring specifically to the analytical framework described in *Helicos*, the court starts with the premise that a defendant's state of incorporation has always been "a predictable, legitimate venue for bringing suit" and that "a plaintiff, as the injured party, generally ha[s] been 'accorded [the] privilege of bringing an action where he chooses.'" 858 F. Supp. 2d at 371 (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955)). Indeed, the Third Circuit in *Jumara* reminds the reader that "[t]he burden of establishing the need for transfer . . . rests with the movant" and that, "in ruling on defendants' motion, the plaintiff's choice of venue should not be lightly disturbed." 55 F.3d at 879 (citation omitted).

> The Third Circuit goes on to recognize that,
>
> [i]n ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."

*Id.* (citation omitted). The Court then describes some of the "many variants of the private and public interests protected by the language of § 1404(a)." *Id.*

> The private interests have included: plaintiff's forum of preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the

> witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* (citations omitted).

10. There is no genuine dispute that the Cox entities could have brought their declaratory judgment claims in the District of Kansas, as Sprint is headquartered in Kansas.[5] Given that the Kansas litigation has been transferred here, the court finds that the *Jumara* factors do not weigh in favor of transferring the Cox entities' declaratory judgment claims back to Kansas.

11. With respect to the *Jumara* private interest factors, Sprint's infringement claims against at least some of the Cox entities apparently arose in Kansas, and the Cox entities do not assert that any of the claims arose in Delaware.[6] (*See* D.I. 44 at 16; D.I. 50 at 17; D.I. 54 at 8) However, the court finds that the other private factors are either neutral or favor transfer. First, regarding plaintiffs' choice of forum and defendants' preference, Sprint argues that little deference should be given to the Cox

---

[5]In other words, Cox Communications could have waived the Kansas court's lack of personal jurisdiction.

[6]A claim for patent infringement arises wherever someone has committed acts of infringement, to wit, "makes, uses, offers to sell, or sells any patented invention" without authority. *See generally* 35 U.S.C. § 271(a); *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998) (an infringement claim "arises out of instances of making, using, or selling the patented invention").

6

entities' choice of forum because Delaware is not "home turf" for either party (D.I. 44 at 14) and that Sprint's preference should be favored because of the convenience factors discussed below. (*Id.* at 16) The court declines to elevate the convenience of Sprint over the choice of a "neutral" forum selected by all of the parties as the situs of their incorporation. *See Cradle IP v. Texas Instruments, Inc.*, Civ. No. 11-1254, 2013 WL 548454, at *3 (D. Del. Feb. 13, 2013); *see also Helicos*, 858 F. Supp. 2d at 371. With respect to convenience of the parties, the parties have not submitted any arguments about their relative size or financial conditions. Rather, Sprint focuses on the convenience of litigating in Kansas and litigating in one forum, especially since there are other cases pending in Kansas regarding the Kansas patents. (D.I. 44 at 17)

12. Regarding convenience of the witnesses, the determinative question is not whether witnesses are inconvenienced by litigation but, rather, whether witnesses "actually may be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. There is no indication that any of the Cox entities' witnesses would be unavailable for trial in Delaware. Sprint, meanwhile, does not contend that any of its witnesses would be unavailable in Delaware, only that it would be inconvenient for its witnesses to participate in a suit in Delaware because they are located in Kansas. (D.I. 44 at 17-18) That argument is now moot because the Kansas litigation has been transferred to this court. The Third Circuit in *Jumara* similarly advised that, while the location of books and records is a private interest that should be evaluated, it is not a determinative factor unless "the files c[an] not be produced in the alternative forum." *Jumara*, 55 F.3d at 879. Sprint concedes that "technological advances have significantly reduced the

7

weight of this factor" but argues that logistical and practical synergies favor only producing documents and witnesses in one district. (D.I. 54 at 8) (citing *Fuisz Pharma LLC v. Theranos, Inc.*, Civ. No. 11-1061, 2012 WL 1820642, at *16 (D. Del. May 18, 2012)). Because the Kansas litigation has been transferred to this court, convenience weighs against transferring the related declaratory judgment claims to the District of Kansas and requiring the parties to litigate in two different fora.

13. Meanwhile, all of the *Jumara* public interest factors are either neutral or weigh against transfer. First, the factor of local interests is neutral because patent litigation does not constitute a local controversy in most cases; rather, patent cases implicate constitutionally protected property rights and federal law. *See Cradle IP*, 2013 WL 548454, at *5. As trial in this case has been scheduled consistent with the parties' proposals (D.I. 60), the factor regarding relative administrative difficulty is also neutral. Prior to the transfer of the Kansas litigation to Delaware, the court recognizes that the earlier filed suits pending in Kansas against other, non-related defendants might have made trial relatively easier, more expeditious, or more inexpensive in Kansas. However, given the transfer of the Kansas litigation to this court, such practical considerations no longer favor transfer of the declaratory judgment claims. Moreover, the District of Kansas has found that "[b]ecause the Court lacks personal jurisdiction over [Cox Communications], it may not enforce a judgment against it." *Cox Commc'ns, Inc.*, 2012 WL 4061509, at *15. Therefore, the Kansas court's lack of personal jurisdiction over Cox Communications is problematic and weighs strongly against

8

transfer to that district.[7]

14. **Conclusion.** The instant case presents an unusual procedural posture. Based on the transfer of the Kansas litigation – the alleged first-filed case – to this forum, exceptional circumstances would warrant a departure from the first-to-file rule. In light of the transfer of that case and the Kansas court's lack of personal jurisdiction over Cox Communications, Sprint has also not carried its burden of persuading the court, by a preponderance of the evidence, that the *Jumara* factors favor transfer. For the foregoing reasons, the court denies Sprint's motion to sever and transfer (D.I. 43).[8]

_____
United States District Judge

---

[7]The remaining *Jumara* public interest factors – the public policies of the fora and the familiarity of the judge with state law – are neutral.

[8]The court reminds the parties that it will be holding a conference on July 31, 2013 to discuss more specifically how the case should be managed. (D.I. 60)

9