# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COX COMMUNICATIONS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> SPRINT COMMUNICATIONS COMPANY L.P., et al., <br><br> Defendants. | C.A. No. 12-487 SLR |

### SPRINT'S CORRECTED* SUR-REPLY TO COX'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND ITS CONSTRUCTION OF "PROCESSING SYSTEM"

*Of counsel:*

Aaron Hankel (*pro hac vice*)
B. Trent Webb (*pro hac vice*)
Peter Strand *(pro hac vice)*
Ryan Schletzbaum (*pro hac vice*)
Lynn C. Herndon (*pro hac vice*)
Ryan D. Dykal (*pro hac vice*)
Jordan Bergsten *(pro hac vice)*
Andrew Cooper *(pro hac vice)*
**SHOOK, HARDY & BACON LLP**
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
T: 816.474.6550
F: 816.421.5547

Robert Reckers (*pro hac vice*)
Jared Tong (*pro hac vice*)
**SHOOK, HARDY & BACON LLP**
JPMorgan Chase Tower
600 Travis Street, Suite 3400
Houston, Texas 77002-2992
T: 713.227.8008
F: 713.227.9508

Dated: April 14, 2015

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
**MORRIS JAMES LLP**
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
302.888.6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

*Attorneys for Sprint*

---

*Corrected only to add joint appendix references that were previously unavailable.

## TABLE OF CONTENTS

                                                                                                                                     **Page**

I.     Cox Fails to Find Any Legal Support For What it Asks the Court to Do, and Thus Mixes Legal Doctrines in a Novel and Undesirable Way ..................................... 2

          a.     Cox continues to import elements of a Section 112(f) analysis to support its novel search for structure in a method claim. ........................................ 2

          b.     Cox pieces together a false standard from *In re Katz*, which has no application here. ................................................................................................ 3

          c.     Cox still can find no support for its suggestion that the Court treat Sprint's method claims like apparatus claims ........................................... 4

II.    Under the Required Approach to Claim Construction, "Processing System" Easily Meets the Standard for Definiteness and Need Not Be Construed ...................................................................................................................... 6

III.   Conclusion ................................................................................................................. 8

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Cochrane v. Deener*,
   94 U.S. 780 (1876) ..................................................................................................4

*Ericsson, Inc. v. D-Link Sys., Inc.*,
   773 F.3d 1201 (Fed. Cir. 2014) ..............................................................................1

*In re Katz Call Processing Patent Litig.*,
   639 F.3d 1303 (Fed. Cir. 2011) ...........................................................................3, 4

*Mas-Hamilton Group v. LaGard, Inc.*,
   156 F.3d 1206 (Fed. Cir. 1998) ..............................................................................3

*Masco Corp. v. United States*,
   303 F.3d 1316 (Fed. Cir. 2002) ..............................................................................2

*Micro-processor Enhancement Corp. v. Texas Instruments Inc.*,
   520 F.3d 1367 (Fed.Cir.2008) ................................................................................3

*Nautilus, Inc. v. Biosig Instr., Inc.*,
   134 S.Ct. 2120 (2014) .............................................................................................6

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) ..............................................................................6

*Takeda Pharm. Co. Ltd. v. Zydus Pharm. USA, Inc.*,
   2014 WL 642714 (Fed. Cir. 2014) ........................................................................6

*Thorner v. Sony Comp. Ent. America LLC*,
   669 F.3d 1362 (Fed. Cir. 2012) ...........................................................................6, 8

*Valmont Indus., Inc. v. Reinke Mfg. Co.*,
   983 F.2d 1039 (Fed. Cir. 1993) ..............................................................................2

**STATUTES**

35 U.S.C. § 112(f) ...............................................................................................................2

Sprint's use of "processing system" within the clear steps of its method claim defines the scope of Sprint's invention with more than reasonable certainty. Cox's arguments to the contrary merely piece together language from inapplicable cases that analyze specific forms of claiming not at issue here. For instance, Cox continues to employ cases analyzing "means-plus-function" when Sprint undisputedly does not use such claiming. When the proper law is applied, Cox's arguments quickly collapse.

The claims at issue are method claims, and a "method claim is directly infringed when someone practices every step of the patented method."[1] Thus, Sprint can indeed answer the question: "How can one perform the methods in its patents *without* using a 'processing system'?"[2] Anyone who performs the steps of Sprint's methods has infringed Sprint's patents. This is and always has been the law of method claims. Nothing in *Nautilus* changes this, and accepting Cox's novel approach to claim construction would rewrite the substantive law of method claiming and invalidate broad swaths of existing method claims.

As is typical, the meaning of "processing system" is bounded for purposes of these method claims by the steps it must perform within those claims. While Cox may consider these limits to be broad, Cox has not supported any argument that they are *unclear*. Further, there is no evidence that the "processing system" in Sprint's claims differs from that term's plain meaning in the art. Because "processing system" is bounded by what the method steps require, and because Cox admits that it does not dispute the clarity of Sprint's method steps,[3] Cox's argument fails. This Court should join prior courts in finding Sprint's claims sufficiently

---

[1] *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1219 (Fed. Cir. 2014).
[2] Cox Reply, D.I. 217 at 5.
[3] Cox Reply, D.I. 217 at 7.

definite.[4]

### I. Cox Fails to Find Any Legal Support For What it Asks the Court to Do, and Thus Mixes Legal Doctrines in a Novel and Undesirable Way

#### a. Cox continues to import elements of a Section 112(f) analysis to support its novel search for structure in a method claim.

Cox now appears to agree that Sprint has not invoked Section 112(f), or "means-plus-function," claiming. But Cox nonetheless impermissibly draws from Section 112(f) case law to suggest that Sprint's claims are indefinite. Cox claims without citation that "Section 112(f) is a *savings* clause,"[5] and thus attempts to justify its repeated citations to Section 112(f) cases by suggesting that 112(f) is in all cases more lenient than Section 112(b). Cox provides no support for this assertion, and none exists.

It is well established that when a patentee chooses to invoke the convenience of means-plus-function claiming to claim a device solely by its function, the *quid pro quo* is that the patentee must disclose corresponding structure in the specification.[6] And it is well established that courts analyze a claim under Section 112(f) only when a patentee signals intent to use that specific approach to claiming, which almost exclusively occurs through use of the words "means for" in product claims and "steps for" in method claims:[7]

> Where the claim drafter has not signaled an intent to invoke § 112[(f)] by using the "step[s] for" language, we are unwilling to resort to that provision to constrain the scope of coverage of a claim limitation without a showing that the limitation contains nothing that can be construed as an act.

Because Sprint has not taken advantage of the convenience of means-plus-function claiming, it is

---

[4] Cox feebly suggests that Judge Lungstrum's decisions should be given little weight, claiming that "Judge Lungstrum has a clear predilection for 'plain meaning' constructions" solely because that Court "declin[ed] to construe 31 of 51 limitations" in the *Comcast* case. D.I. 217 at 12, n.2. However, even a cursory review of Judge Lungstrum's claim construction order illustrates that he properly declined to adopt the defendants' unduly narrow claim constructions because they lacked merit and not because of some "predilection."
[5] Cox Reply, D.I. 217 at 8.
[6] *See Valmont Indus., Inc. v. Reinke Mfg. Co.*, 983 F.2d 1039, 1042 (Fed. Cir. 1993).
[7] *See Masco Corp. v. United States*, 303 F.3d 1316, 1327 (Fed. Cir. 2002).

misleading for Cox to quote continuously from cases analyzing whether a product patent using means-plus-function claiming has disclosed sufficient structure.[8]  Cox's argument tries to hold Sprint to a bargain that Sprint did not make, and for which Sprint did not receive a benefit.

        **b.**        **Cox pieces together a false standard from *In re Katz*, which has no application here.**

Further grasping for support for its novel approach, Cox now retreats beyond Section 112(f) to an even more specific and arcane nook of claim construction law—to the rare instance where a single patent claim tries to embrace both a method and a product.  Cox's ten-page brief cites no less than five times to *In re Katz Call Processing Patent Litig.*, 639 F.3d 1303 (Fed. Cir. 2011).  Cox claims that case stands for the broad rule that "where 'a method claim' purports to 'recite[] structural elements,' it is infringed *only* 'upon practicing the claimed method in a processor with the required structural limitations.'"[9]  But the passage that supplies this language makes clear that it refers to a very specific situation not applicable here (Cox's quoted language underlined):

> In the alternative, Katz contends that this court narrowed *IPXL* in the subsequent decision in *Micro-processor Enhancement Corp. v. Texas Instruments Inc.*, 520 F.3d 1367, 1374–75 (Fed.Cir.2008). That case dealt with <u>a method claim</u> that <u>recited structural elements</u>. The claim took the form of a "method of executing instructions in a pipelined processor comprising: [structural limitations of the pipelined processor]; the method further comprising: [method steps implemented in the pipelined processor]." *Id*. at 1374. The court in *Microprocessor* distinguished *IPXL* because the method claim in *Microprocessor* did not create any confusion as to when the claim was directly infringed; direct infringement occurred <u>upon practicing the claimed method in a processor with the required structural limitations</u>. Simply making or selling a processor having that structure would not have infringed. Katz's claims, however, create confusion as to when direct infringement occurs because they are directed both to systems and to

---

[8] *See,* e.g., Cox Reply, D.I. 217 at 10 (quoting *Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1214 (Fed. Cir. 1998) (no dispute that claims were apparatus and in means-plus-function format).
[9] Cox. Reply, D.I. 217 at 5 (citing *In re Katz Call Processing Patent Litig.*, 639 F.3d 1303, 1318 (Fed. Cir. 2011) (internal quotes, emphasis, and alteration from Cox).

3

actions performed by "individual callers." Katz's claims therefore fall squarely within the rationale of *IPXL* and are indefinite.[10]

However, Sprint's claims do not recite structural limitations for the claimed processing system (as was the case in *Katz)*, and Cox does not argue that Sprint's claims create confusion over whether simply "making or selling" a processing system would infringe, such that this line of cases would apply. Indeed, it is easily apparent that only by practicing the claimed steps—the steps that Cox admits are clear[11]—does one infringe Sprint's claims.

        c.     **Cox still can find no support for its suggestion that the Court treat Sprint's method claims like apparatus claims.**

Finally, Cox finds no legal support for treating Sprint's method claims like apparatus claims. Cox's brief discussion of *Cochrane v. Deener*, 94 U.S. 780, 787 (1876), only helps Sprint. While Sprint's Opposition Brief omitted language from that opinion for length, the full text reinforces Sprint's argument that the invention of each Sprint method claim is its steps: "If one or more steps of a process be that a certain substance is to be reduced to a powder, it may not be at all material what instrument is used to effect that object, whether a hammer, a pestle and mortar, or a mill."[12] Cox makes much of the phrase "if the patent is not confined to that particular tool or machine."[13] But this is because Cox assumes, without any citation or argument, that Sprint's method claims are somehow "confined" to a "particular tool or machine." They are not.

In fact, Cox has left wholly unanswered Sprint's challenge that "Cox is asking the Court to treat Sprint's method claims as if they were apparatus claims, but Cox cannot find a shred of

---

[10] *In re Katz Call Processing Patent Litig.*, 639 F.3d 1303, 1318 (Fed. Cir. 2011)
[11] Cox's Opening Br., D.I. 208 at 17 (admitting that, as to the claimed processing system, "we know what it *does*").
[12] *Cochrane v. Deener*, 94 U.S. 780, 787 (1876).
[13] Cox Reply, D.I. 217.

4

authority by which the Court could or should do so."[14] While Cox's opening brief vaguely suggested that Sprint's claims were not "pure method claims,"[15] Cox now appears to have abandoned that claim in the face of Sprint's observation that "Cox never cites to any case for the meaning of 'pure' method claims, and Cox's entire discussion of the concept cites no authority."[16] Thus, Cox has failed to find any support for the primary assumption underlying its brief. This can hardly satisfy Cox's burden to show by clear and convincing evidence that Sprint's claims are indefinite. There is simply no legal basis to, as Cox suggests, rewrite Sprint's method claims as apparatus claims. And because Cox "do[es] not dispute the clarity of Sprint's method steps,"[17] there can be little dispute that Sprint's claims are definite.

Once Cox's misapplications of law are corrected, Cox's remaining arguments crumble. Sprint's claims at issue are method claims. It appears undisputed that Sprint's method claims do not use means-plus-function claiming and do not create confusion as to whether merely making or selling a processing system infringes Sprint's claims. And Cox appears to assume that Sprint's claims should be considered "confined" to a "particular machine," without providing any explanation or support for how to make that determination or what it means under the law. Despite vague references to "a century of adverse precedent,"[18] Cox does not appear to cite a single case applying Cox's arguments to find a claim like Sprint's indefinite. Indeed, doing so would rewrite the law of method claiming.

---

[14] Sprint Opposition, D.I. 215 at 21.
[15] Cox Opening Brief, D.I. 208 at 18.
[16] Sprint Opposition, D.I. 215 at 21.
[17] Cox Reply, D.I. 217 at 7 (internal quotes omitted).
[18] Cox Rely, D.I. 217 at 6.

## II. Under the Required Approach to Claim Construction, "Processing System" Easily Meets the Standard for Definiteness and Need Not Be Construed

The Federal Circuit recently reiterated in *Thorner v. Sony Comp. Ent. America LLC*, 669 F.3d 1362 (Fed. Cir. 2012) that "[o]ur case law is clear, claim terms must be given their plain and ordinary meaning to one of skill in the art."[19] For a claim to be sufficiently definite, Section 112(b) only requires that "a patent's claims, viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty."[20] An accused infringer who challenges a patent on the basis of a claim being indefinite must prove invalidity by clear and convincing evidence.[21]

Courts have three times determined that "processing system" is readily understood in the context of the claim language.[22] There can be no dispute that the term "processing system" has a plain and ordinary meaning. In fact, Cox concedes: "'Processing system' is, of course, a coherent English phrase that can be understood in ordinary discourse."[23] This alone is enough to establish that the term is sufficiently definite and need not be construed. Even if that were not enough, courts have correctly found that "the context of the claims makes clear the different features and functions of the processing system that are actually claimed in the patents."[24] Contrary to Cox's suggestion, this does not mean that the meaning of "processing system" impermissibly changes meaning from claim to claim.[25] Rather, as is typical in patents, each

---

[19] *Thorner*, 669 F.3d at 1367 (citing *Phillips v. AWH Corp.*, 415 F.3d 1303, 1316 (Fed. Cir. 2005).
[20] *Nautilus, Inc. v. Biosig Instr., Inc.*, 134 S.Ct. 2120, 2129 (2014).
[21] *Takeda Pharm. Co. Ltd. v. Zydus Pharm. USA, Inc.*, 2014 WL 642714 (Fed. Cir. 2014).
[22] **Exhibit C** to Bergsten Decl., at 12-15 (Vonage *Markman*); **Exhibit D** to Bergsten Decl., at 34-36 (Big River *Markman*); D.I. 216, Ex. E, at 15 (*Comcast* Markman).
[23] Cox Reply, D.I. 217 at 12.
[24] **Exhibit D** to Bergsten Decl., at 36 (Big River *Markman*); *see also* **Exhibit E** to Bergsten Decl., at 11(Comcast *Markman*).
[25] Cox Reply, D.I. at 9.

6

claim expands on a particular inventive use for the broader concept of "processing system" as it is understood in the art.

As Dr. Wicker has testified, that broader concept of "processing system" was understood in the art at the time of the invention to generally be a system that processes signaling for a phone call.[26] This meaning is supported by the claims and the specification, which are encompassed by this understanding of what a "processing system" is while teaching and reciting specific examples of what a "processing system" can do as part of an inventive method. For example, Dr. Wicker draws on language discussing an exemplary embodiment in the specification of the Call Control Patents, noting that the "CCP performs call processing functions using, among other things signaling that reaches the CCP to select[] (or participate in the selection of) network characteristics for the call" and that "may be composed of one or many physical components."[27] A skilled artisan, drawing on the understood meaning of "processing system" and reading the claims and the patents, would readily appreciate that the recited "processing systems" process signaling for telephone calls, and no further guidance as to the meaning of "processing system" is necessary.

The plain and ordinary meaning of "processing system" is further supported by its appearance in other contemporary patents. Cox misses the mark when it argues that Sprint cannot use the occurrence of "processing system" in contemporary patents to "provide[] a definition that Sprint can use here."[28] The whole point is that the free use of "processing system" shows an established meaning in the art for that term, which goes to show why Sprint had no need to "define" that term in its patents and why the Court should not construe the term in this case. Neither Cox nor Dr. Forys claim that the term "processing system" is so inherently vague

---

[26] **Exhibit A** to Bergsten Decl., Wicker Dec. ¶ 69.
[27] **Exhibit A** to Bergsten Decl., Wicker Dec. ¶ 31 (citing JA0464, 13:37-42; JA0450, Figure 1).
[28] Cox Reply, D.I. 217 at 11

that its use in any of these patents restricted skilled artisans from determining with reasonable certainty what was claimed. Rather, in each patent the patentee was able to build off the established meaning of "processing system" to set out the invention being claimed. Here, too, Sprint has succeeded at that goal, as Cox does not dispute the clarity of the claim steps in Sprint's patented methods.[29] Accordingly, the claim term is definite and need not be construed.[30]

## III.  Conclusion

Because Cox has provided no legal support for its novel approach to claim construction, and because the intrinsic and extrinsic evidence show that "processing system" has a plain and ordinary meaning that discloses the scope of the invention with reasonable certainty, the Court should deny Cox's motion. Cox has not met its burden to show indefiniteness with clear and convincing evidence, and has not shown a clear intent to limit the claim scope to specific embodiments in the specification. The Court should thus decline to construe the term.

---

[29] Cox Reply, D.I. 217 at 7.

[30] If the Court determines that "processing system" should be construed, the Court should construe it to mean "a system that processes signaling to assist in call control." This definition is broad enough to cover the functionality in the claims, describes the claim term with reasonable certainty, and is supported by intrinsic and extrinsic evidence as the understood meaning to those skilled in the art at the time of the invention. Cox incorrectly suggests that if the Court construes "processing system," it should abandon the plain meaning and limit Sprint's patents to the CCP and CCM discussed in various Sprint patent specifications. Cox recognizes that Sprint's patents "at times call the CCP/CCM 'embodiments' of a 'processing system,'" but nonetheless asks the Court to import those embodiments into the claims because each is the "sole embodiment disclosed." Cox Reply, D.I. at 14. This is directly contrary to controlling precedent. *See Thorner v. Sony Comp. Ent. America LLC*, 669 F.3d 1362, 1367 (Fed. Cir. 2012). Cox also claims, without citation, that "the patents repeatedly refer to [the CCP and CCM] as 'the invention." *Id.* There is no support for this claim. Indeed, column 20 of the '6,561 Patent, which is the sole place where Cox attempts to draw support for its argument, says dozens of things about what the "present invention offers," what the "present invention allows for," and what the "present invention represents," many of which do not call out the CCP embodiment discussed in that patent specification. In fact, the very quote Cox relies on talks about how the CCP can "utilize different networks and network devices intelligently," Cox Reply, D.I. at 13 (quoting JA0544at col. 20:39-44) and thus embraces methods of using a processing system. For a brief discussion of why Cox is incorrect that limiting the claims to a CCP or CCM would render the claims indefinite, Sprint refers the Court to Sprint's Opposition, D.I. 215 at 25, n.87.

8

| | |
|---|---|
| Dated: April 14, 2015 | */s/ Richard K. Herrmann* |
| | Richard K. Herrmann (#405) |
| | Mary B. Matterer (#2696) |
| *Of counsel:* | **MORRIS JAMES LLP** |
| | 500 Delaware Ave., Suite 1500 |
| Aaron Hankel (*pro hac vice*) | Wilmington, DE 19801-1494 |
| B. Trent Webb (*pro hac vice*) | 302.888.6800 |
| Peter Strand *(pro hac vice)* | rherrmann@morrisjames.com |
| Ryan Schletzbaum (*pro hac vice*) | mmatterer@morrisjames.com |
| Lynn C. Herndon (*pro hac vice*) | |
| Ryan D. Dykal (*pro hac vice*) | *Attorneys for Sprint* |
| Jordan Bergsten *(pro hac vice)* | |
| Andrew Cooper *(pro hac vice)* | |

**SHOOK, HARDY & BACON LLP**
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
T: 816.474.6550
F: 816.421.5547
ahankel@shb.com
bwebb@shb.com
pstrand@shb.com
rschletzbaum@shb.com
lherndon@shb.com
rdykal@shb.com
jbergsten@shb.com
acooper@shb.com

Robert Reckers (*pro hac vice*)
Jared Tong (*pro hac vice*)
**SHOOK, HARDY & BACON LLP**
JPMorgan Chase Tower
600 Travis Street, Suite 3400
Houston, Texas 77002-2992
T: 713.227.8008
F: 713.227.9508
rreckers@shb.com
jtong@shb.com