IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COX COMMUNICATIONS INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. No. 12-487-SLR |
| | ) | |
| SPRINT COMMUNICATIONS COMPANY L.P., et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 27th day of August, 2015, having conferred with counsel (D.I. 294), and having reviewed the papers submitted in connection with the most appropriate way to move the above captioned litigation forward;

IT IS ORDERED that:

1. **ATM Patents.**[1] There is a pending motion for partial summary judgment of invalidity or, in the alternative, noninfringement of Sprint's "ATM Patents." (D.I. 271)

2. **Comcast 1013 Patents.**[2] I understand that the parties are continuing their efforts to resolve their differences on how best to move forward with respect to the "Comcast 1013 Patents" and, therefore, I will not address such.

---

[1] U.S. Patent Nos. 6,343,084; 6,330,224; 6,563,918; 6,262,992; and 6,697,340.

[2] U.S. Patent Nos. 6,870,832; 5,793,853; 6,452,931; 6,108,339; and 5,742,605.

3. **Invalidated Patents.**[3] With respect to the "Invalidated Patents," I have concluded that entry of a Rule 54(b) judgment is an appropriate procedural tool to accomplish what the Federal Circuit and Congress have encouraged (if not yet mandated) on the trial level, that is, to reduce the costs and inefficiencies of patent litigation through early dispositive rulings. Having determined, through a discrete motion practice on an issue of law, that these patents are invalid by reason of indefiniteness (D.I. 231), it makes imminent sense to have the Federal Circuit review my decision sooner rather than later. I believe this conclusion is consistent with the principles underlying Rule 54(b).

4. Rule 54(b) authorizes a district court to "direct entry of a final judgment as to . . . fewer than all claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). According to the Federal Circuit,

> Rule 54(b) authorizes "an ultimate disposition of an individual claim entered in the course of a multiple claims action" in the "interest of sound judicial administration." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436-37 (1956). Even for claims that arise out of the same transaction or occurrence, sound case management may warrant entry of partial final judgment. District courts have substantial discretion in determining when there is not just cause for delay in entering judgment under Rule 54(b).

*Integraph Corp. v. Intel Corp.*, 253 F.3d 695, 699 (Fed. Cir. 2001).

5. Sprint Communications Company, L.P. ("Sprint") argues that entry of a Rule 54(b) judgment is inappropriate on a number of grounds. Sprint argues that, as a procedural matter, I should not even entertain the request made by Cox Communications Inc., et al. ("Cox") because it was not presented by way of motion.

---

[3] U.S. Patent Nos. 6,452,932; 6,463,052; 6,633,561; 7,286,561; 6,473,429; and 6,298,064.

2

The Federal Circuit has rejected that argument, however, in its *Integraph* decision:

> Integraph also argues that the district court had no authority *sua sponte* to enter judgment under Rule 54(b). That is incorrect. "[W]hether to allow an interim appeal is best decided by the trial court." *State Treasurer v. Barry*, 168 F.3d 8, 14 (11th Cir. 1999) (Rule 54(b) allows the district court to control its docket).
>
> The district court's action was authorized and appropriate, and is sustained.

*Id.* The request for entry of judgment was made by way of both a writing (D.I. 236) and orally (D.I. 294), to which Sprint responded thrice, twice in writing (D.I. 241, 252) and once at oral argument (D.I. 294). I have the authority to determine whether entry of judgment is appropriate, and have given Sprint the opportunity to weigh in on that determination.

6. Sprint also argues that the request lacks merit. In the first instance, Sprint argues that my indefiniteness decision is not final, because I did not decide all issues relating to the patents invalidated by that decision. Once again, the Federal Circuit has rejected that argument.

> The Supreme Court has stated that a district court's judgment is final where it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 223 . . . (1945). Once the district court decided that Gore's patent was invalid or that IMPRA did not infringe Gore's patent, the district court no longer needed to address any of the other defenses. The law is clear that a "defendant need only sustain one decisive defense, not all of them." *Baumstimler v. Rankin*, 677 F.2d 1061, 1070 . . . (5th Cir. 1982).

*W.L. Gore & Associates v. International Medical Prosthetics Research Associates, Inc.*, 975 F.2d 858, 863 (Fed. Cir. 1992). The cases cited by Sprint are not inconsistent with the above principle; they simply rest on different facts. More specifically, there were multiple parties in *Linear Tech. Corp. v. Impala Linear Corp.*, 2002 WL 398833 (Fed.

3

Cir. Feb. 15, 2002),[4] and unresolved claims that could change the disposition of the case in *National Oil Well Varco, L.P. v. Pason Systems USA Corp.*, 2009 WL 2903595 (Fed. Cir. Sept. 1, 2009).[5]

7. As indicated above, the background and procedural history of the case at bar is complex and distinguishable from the cases cited. On December 19, 2011, Sprint filed suit in the District of Kansas against two Cox entities, Cox Communications, Inc. and Cox Communications Kansas, LLC (both Delaware corporations), asserting infringement of multiple patents. (D.I. 1 at 15) Although the named defendants did not directly provide the accused telecommunications services or the equipment and technology used in the provision of the accused telecommunications products and services outside the State of Kansas, Sprint was seeking "complete relief" for all alleged infringement across Cox's national network. (D.I. 1 at 17) Consequently, Cox and

---

[4]Based on its claim construction, the district court in *Linear* found that one defendant did not infringe and, thus, that defendant's motions for summary judgment of invalidity were moot. The second defendant had not moved for summary judgment regarding noninfringement. The district court entered Rule 54(b) judgments in favor of both defendants. The Federal Circuit concluded that the judgments were not properly entered, because the claim construction order had not been applied to the products of the second defendant and the parties had not agreed that "claim construction determined one way or another" was dispositive. 2002 WL 398833 at *2. The Court reasoned that, under those circumstances, it was likely that the Court "would be asked to again decide issues concerning the claim construction order in a subsequent appeal regarding the claims against" the second defendant. *Id.* at *3.

[5]The district court in *National* bifurcated the issues relating to inequitable conduct and held a jury trial on infringement and invalidity. The jury rendered a verdict finding that the patent was infringed and not invalid; the district court then *sua sponte* entered a Rule 54(b) judgment. The Federal Circuit appropriately found the entry of judgment to be improper because the inequitable conduct defense was still pending, which could conceivably change the disposition of the case even after the Federal Circuit's review on infringement and validity.

multiple of its affiliates filed the instant declaratory judgment action, asserting noninfringement and invalidity of the twelve Sprint patents asserted in the Kansas litigation. In February 2015, Cox filed a motion for partial summary judgment that the claims of the Invalidated Patents were invalid because the limitation "processing system" contained in each of the claims was indefinite. (D.I. 207) That motion was granted. (D.I. 231) Although there are issues that remain disputed in connection with the Invalidated Patents, the ATM Patents, the Comcast 1013 Patents, and the Cox Patents,[6] the resolution of such issues will not change the disposition of the case vis a vis the Invalidated Patents; i.e., there will be no trial in Delaware regarding the Invalidated Patents.

8. Sprint offers as a final argument the complications associated with entry of judgment in Delaware when the district court in Kansas has come to a contrary conclusion and the cases in Kansas[7] are scheduled to go to trial in January 2016. As I understand it, Sprint reasons that it makes more sense for the parties in Kansas to try all issues asserted in connection with the Invalidated Patents, so that the Federal Circuit can review all such issues before the trial in Delaware commences (the instant

---

[6]U.S. Patent Nos. 7,992,172 and 7,836,474.

[7]*Sprint Communications Company L.P. v. Comcast Cable Communications, LLC, et al.*, Civ. No. 11-2684 (JWL) (D. Kan.); *Sprint Communications Company L.P. v. Cable One, Inc.*, Civ. No. 11-2685 (JWL) (D. Kan.); and *Time Warner Cable Inc., et al.*, Civ. No. 11-2686 (KHV/DJW) (D. Kan.). These defendants, as well as Cox, are customers of Cisco Systems, Inc. ("Cisco"), and Sprint's infringement allegations implicate Cisco products. Cisco has filed an invalidity declaratory judgment action in this court, *Cisco Systems, Inc. v. Sprint Communications Company, L.P.*, Civ. No. 15-431-SLR (D. Del.), and moved to intervene in the instant proceedings for the limited purpose of being heard on the Rule 54(b) issue. Said motion (D.I. 235) is granted.

case is currently scheduled for trial in February 2017).

9. As a practical matter, the realities of Sprint's proposal include the costs associated with (a) the three separate trials scheduled to go forward in Kansas (see D.I. 294 at 30), and (b) the verdict from each trial being subject to post-trial briefing and post-trial decisions by the district court in Kansas, all before the Federal Circuit would be in a position to entertain any appeals from the Kansas cases. I understand that the district court in Kansas need not stay the cases[8] (even a stay limited to the Invalidated Patents), but I am not persuaded that it makes sense for me to set the issue of indefiniteness aside for months when there is no just reason for delay.

10. In this regard, the multiple patents asserted in the instant case will not be tried before a single jury, but will be grouped by their similar technologies[9] for presentation to separate fact-finders. Because the Invalidated Patents will not be tried at all, the issue of indefiniteness will lie dormant in this case (as it will in the Kansas cases) for months. I conclude that, in the interest of sound judicial administration, there is no just reason for delaying the entry of judgment, in order to give the Federal Circuit the opportunity to resolve an issue over which district courts have differed, perhaps before either the Delaware or Kansas cases would be appealable in the normal course.

11. **Conclusion.** For the reasons stated, Cox's request for entry of final

---

[8]As I understand that the Federal Circuit may not accept my Rule 54(b) certification.

[9]For instance, as they have been grouped for purposes of this decision.

judgment as to the Invalidated Patents pursuant to Fed. R. Civ. P. 54(b) is granted.

IT IS FURTHER ORDERED that, on or before **September 2, 2015,** the parties shall present an order reflecting my decision to enter final judgment as to the Invalidated Patents pursuant to Rule 54(b).

_____
United States District Judge