IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COX COMMUNICATIONS INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SPRINT COMMUNICATIONS COMPANY L.P., et al.,<br><br>Defendants. | C.A. No. 12-487 SLR |

**COX PARTIES' OPENING BRIEF IN OPPOSITION TO
SPRINT'S MOTION FOR STAY**

*Of Counsel*:

WINSTON & STRAWN LLP
Michael L. Brody
James Winn
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

David S. Bloch
101 California Street
San Francisco, California 94111
(415) 591-1452

Pejman F. Sharifi
Krishnan Padmanabhan
200 Park Avenue
New York, New York 10166
(212) 294-6700

Steffen N. Johnson
Eimeric Reig-Plessis
1700 K Street, N.W.
Washington, D.C. 20006
(202) 282-5000

John C. Phillips, Jr. (Bar No. 110)
David A. Bilson (Bar No. 4986)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
(302) 655-4200
jcp@pgslaw.com
dab@pgslaw.com

*Attorneys for Plaintiffs*

Dated: October 23, 2015

1.     **Procedural Posture**

This Court will recall that this case originally involved 21 patents: 19 asserted by Sprint against Cox and 2 asserted by Cox against Sprint. Trial is currently set to start on February 13, 2017.

Of the two Cox patents, one was dropped last month. As is discussed below, the parties have agreed to stay the other Cox patent.

Of the 19 Sprint patents, 2 were dropped early in the case. The remaining 17 Sprint patents fall into three groups.

This Court entered summary judgment finding six of the Sprint patents invalid on May 15, 2015. D.I. 231. The basis for that order was that the "processing system" limitation found in each asserted claim was fatally indefinite. *Id.* On September 3, 2015, this Court entered a Rule 54(b) judgment as to those six patents (the "Processing System Patents"). D.I. 302. An appeal from that order was taken by Sprint on October 1, 2015 (the "Processing System Appeal"). D.I. 319.

Five of the remaining Sprint patents (the "1013 Patents") were the subject of a parallel proceeding in which they were asserted by Sprint against Comcast Cable Communications before Judge Andrews of this District in *Sprint v. Comcast*, 12-cv-1013 (D. Del.) (now concluded). Final judgement on all of the 1013 Patents was entered in favor of Comcast and adverse to Sprint pursuant to a series of summary judgment and post-trial orders dated January 29, 2015, January 30, 2015, January 31, 2015, and August 7, 2015. A notice of appeal was filed from the judgment associated with those orders on September 4, 2015. Effective October 17, 2015, by agreement of the parties, and as ordered by this Court, the five 1013 Patents (and the remaining Cox patent) were stayed pending at least resolution of the Comcast appeal, and

possibly pending resolution of reexamination proceedings affecting some of the asserted 1013 Patents.  D.I. 327.

The final 5 Sprint patents (along with the Processing System Patents) are also being asserted in cases brought by Sprint against Comcast, Time Warner Cable, and Cable One in matters before Judge Lungstrum of the District of Kansas, *Sprint v. Comcast*, 11-cv-2684; *Sprint v. Time Warner Cable*, 11-cv-2686; and *Sprint v. Cable One*, 11-cv-2685 (the "Kansas Cases"). As a result of the Rule 54(b) judgment entered by this Court, on October 8, 2015, the Court in Kansas stayed all proceedings in that case relating to all patents there at issue.  Order of October 8, 2015, D.I. 917, attached as Exhibit A.  In those cases, trials had been set to commence beginning in January 2016.  The principal basis for the Kansas Court's stay order is the fact that the Kansas Cases had intertwined the six Processing System Patents and the other asserted patents so that virtually any disposition of the Processing System Appeal would result in multiple trials if the January 16 trials proceeded as to any or all of the asserted patents.

The only patents that are still being actively litigated in any of the Sprint cases are five of the patents being asserted by Sprint which overlap with the now stayed Kansas Cases.  These five remaining patents (the "ATM Patents") are the subject of a summary judgment motion (D.I. 271) before this Court that is currently being briefed, and which will be argued on November 10, 2015.  In the summary judgment motion, Cox essentially argues that the written description of the ATM Patents discloses an invention that is limited to "ATM" networks, and that Cox's accused telecommunications systems lack such networks.

**2.     Sprint's Stay Motion**

Sprint now moves to stay the ATM Patents pending disposition of the Processing System Appeal.  As understood by Cox, the basis for Sprint's motion is Sprint's concern that proceeding

on the ATM Patents will risk duplicative Markman, summary judgment, and trial proceedings if the Processing System Appeal results in reversal of this Court's indefiniteness ruling.

The decision of whether or not to grant the requested stay is a matter of discretion for this Court. *Nestle Oil OYJ v. Dynamic Fuels, LLC*, 2013 WL 3353984, at *1 (D. Del. July 2, 2013). The key considerations are "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Id.*

Taking these issues somewhat out of order, here, the stay proposed by Sprint will do nothing to simplify the issues in question or the trial if the Court's Processing System ruling is affirmed. Thus the only question is whether a stay is justified by the "simplification" of the case that will be achieved because of the risk of reversal. Several factors counsel against a stay to avoid this "risk."

First, that risk is low. Since this Court's decision on the Processing System issue, the Federal Circuit's *en banc* decision in *Williamson v. Citrix Online*, 2015 WL 3687459 (Fed. Cir. June 16, 2015), clarified the law regarding the applicability of Section 112(f) to putatively structural claim terms which recite only functional limitations, but do not explicitly invoke the statutory "means plus function" formula. In *Williamson*, the *en banc* Federal Circuit ended the "strong presumption" that such claims are not subject to 112(f) analysis. Considering the patent before it, the Court not only found that the claim term under consideration – a "distributed control module" – was properly analyzed under Section 112(f), but also that it could not survive Section 112(f) analysis, because the "module" in question was described throughout the patent in purely functional terms, and without reference to any discernable algorithm. Similarly, in *Media Rights Technologies, Inc. v. Capital One Financial Corp.*, 2015 WL 5166358 (Fed. Cir. Sept. 4, 2015), the first Federal Circuit case to apply *Williamson*, the Court found that a method claim

-3-

calling for a putative structure – a "compliance mechanism" – was subject to Section 112(f) analysis, and that, it too, could not survive such analysis because the claimed structure was nowhere described in the specification. In short, an *en banc* change in Federal Circuit law, and two Federal Circuit decisions applying that changed law to claim terms similar to the "processing system" limitations, strongly suggest that this Court's indefiniteness ruling will be affirmed.

While the likelihood of affirmance in this case might, nonetheless, seemingly be diminished by the fact that this Court's Processing System ruling conflicts with Judge Lungstrum's ruling on the same issue, the intervening Federal Circuit case law diminishes the uncertainty that might normally arise from such a split in authority. As Judge Lungstrum noted in staying the Kansas Cases, his earlier decision could not have addressed the intervening Federal Circuit authority, and, accordingly, in his view the difference between the resolution of the indefiniteness issue in Kansas and in this Court should be given limited consideration in evaluating the likelihood of affirmance. *See* Ex. A at 4-5.

Further, even if there were a material risk that the Processing System ruling will be reversed, considerations of judicial economy disfavor a stay. The ATM Patents, which are the sole patents that remain at issue in this case, are not subject to the Rule 54(b) judgment and appeal precisely because they do not contain the limitation that the Federal Circuit will review. Thus, disposition of that appeal will have no effect on the ATM Patents. Moreover, to the extent that there is overlap between the Processing System Patents and the ATM Patents, continued litigation of the ATM Patents will permit the parties and the Court to make progress on those overlapping issues. Of course, to the extent that the patents do not have overlapping issues – and 4 of the 5 remaining patents do not share specifications with any of the Processing System Patents – there is simply no reason to defer consideration of these unrelated issues.

Nor can Sprint argue that there is a material risk of duplicative trials.  The Processing System Appeal was filed in October.  According to the Federal Circuit web site, final dispositions of appeals from District Court cases are typically running 11 months from the date on which a notice of appeal is filed.  That would put any remand (if one is required) in early September 2016, five and one-half months before the currently scheduled trial.  In the event that any remanded issues cannot be prepared for trial in that time, a brief continuance will presumably make possible a single trial for all patents that need to be tried together.

Nor does the reasoning of Judge Lungstrum's opinion counsel for a different result.  Judge Lungstrum was faced with trial dates beginning in January 2016, long before any decision could be expected in the Processing System Appeal.  Moreover, he was not in a position to try the ATM Patents by themselves, because the damages theories in the Kansas Cases had intertwined damages for the ATM Patents with damages for the Processing System Patents.  Here, the currently pending appeal can reasonably be expected to be resolved in advance of the currently scheduled trial, and intermingling of damages is not going to be an issue, since damages reports will relate only to the sole patents still pending – namely, the ATM Patents – and have yet to be filed.

With respect to the first factor, prejudice to Cox, that prejudice arises from permitting Sprint to string out this case, already close to five years old, for no discernable purpose.  Cox is entitled to the certainty that final resolution of this controversy will bring, and respectfully requests that the Court decline Sprint's invitation to prolong that result.

Finally, with respect to the question of whether discovery has closed and a trial date been set, the answer is that discovery closes on November 16, and a trial date has been set for more than four years.

In short, all factors disfavor the requested stay.

Dated: October 23, 2015

*Of Counsel*:

WINSTON & STRAWN LLP
Michael L. Brody
James Winn
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600 (t) / (312) 558-5700 (f)
mbrody@winston.com
jwinn@winston.com

David S. Bloch
101 California Street
San Francisco, California 94111
(415) 591-1452 (t) / (415) 591-1400 (f)
dbloch@winston.com

Pejman F. Sharifi
Krishnan Padmanabhan
200 Park Avenue
New York, New York 10166
(212) 294-6700 (t) / (212) 294-4700 (f)
psharifi@winston.com
kpadmanabhan@winston.com

Steffen N. Johnson
Eimeric Reig-Plessis
1700 K Street, N.W.
Washington, D.C. 20006
(202) 282-5000 (t) / (202) 282-5100 (f)
sjohnson@winston.com
ereigplessis@winston.com

Respectfully submitted,

*/s/ John C. Phillips, Jr.*
John C. Phillips, Jr. (Bar No. 110)
David A. Bilson (Bar No. 4986)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, Delaware 19806
(302) 655-4200
jcp@pgslaw.com
mch@pgslaw.com

*Counsel for Plaintiffs*