IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COX COMMUNICATIONS INC., et al., )
)
      Plaintiffs, )
)
v. ) Civ. No. 12-487-SLR
)
SPRINT COMMUNICATIONS )
COMPANY L.P., et al., )
)
      Defendants. )

**MEMORANDUM ORDER**

At Wilmington this day of March, 2016, having reviewed Cox's motion for partial summary judgment and the papers filed in connection therewith, and having heard argument on the same;

IT IS ORDERED that said motion (D.I. 271) is granted in part and denied in part for the reasons that follow:

1. **Background.** On May 16, 2012, plaintiffs[1] (collectively "Cox") filed a declaratory action for invalidity and non-infringement of twelve Sprint patents,[2] and for

---

[1] Cox Communications, Inc.; CoxCom, LLC; Cox Arkansas Telcom, L.L.C.; Cox Communications Arizona, LLC; Cox Arizona Telcom, L.L.C.; Cox Communications California, LLC; Cox California Telcom, L.L.C.; Cox Colorado Telcom L.L.C.; Cox Connecticut Telcom, L.L.C.; Cox District of Columbia Telcom, L.L.C.; Cox Florida Telcom, L.P.; Cox Communications Georgia, LLC; Cox Georgia Telcom L.L.C.; Cox Iowa Telcom, L.L.C.; Cox Idaho Telcom L.L.C.; Cox Communications Kansas, L.L.C.; Cox Kansas Telcom, L.L.C.; Cox Communications Gulf Coast, L.L.c.; Cox Communications Louisiana, L.L.C.; Cox Louisiana Telcom, L.L.C.; Cox Maryland Telcom L.L.C.; Cox Missouri Telcom, LLC; Cox Nebraska Telcom, L.L.C.; Cox Communications Omaha, L.L.C.; Cox Nevada Telcom, L.L.C.; Cox Communications Las Vegas, Inc.; Cox North Carolina Telcom L.L.C.; Cox Ohio Telcom, L.L.C.; Cox Oklahoma Telcom, L.L.C.; Cox Rhode Island Telcom, L.L.C.; Cox Virginia Telcom, L.L.C.; and Cox Communications Hampton Roads, L.L.C.
[2] U.S. Patent Nos. 6,452,932; 6,463,052; 6,633,561; 7,286,561; 6,473,429; 6,298,064; 6,343,084 ("the '084 patent"); 6,262,992 ("the '992 patent"); 6,330,224 ("the '224

infringement of two Cox patents[3] by defendants Sprint Communications Company L.P. ("Sprint Communications"), Sprint Spectrum, L.P. (Sprint Spectrum"), Sprint Solutions, Inc. ("Sprint Solutions") (collectively, "Sprint"). (D.I. 1) On September 17, 2013, Sprint filed, by stipulation, a second amended answer and counterclaims.[4] (D.I. 114; D.I. 115) On October 7, 2013, Cox answered Sprint's second amended counterclaims and asserted counterclaims.[5] (D.I. 119) On October 24, 2013, Sprint answered Cox's counterclaims. (D.I. 123) The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Plaintiff Cox Communications, Inc. (CCI) is a Delaware corporation with its principal place of business in Atlanta, Georgia. CCI provides general corporate, accounting, and management services to the other Cox plaintiffs. CCI is the direct or indirect parent of the other Cox plaintiffs. (D.I. 1 at ¶ 4) CoxCom, LLC ("CoxCom") is a Delaware corporation with its principal place of business in Atlanta, Georgia. CoxCom is a wholly owned subsidiary of CCI and does not directly provide telephony services or

---

patent"); 6,563,918 ("the '918 patent"); 6,697,340 ("the '340 patent"); and 6,639,912. Six of these patents (U.S. Patent Nos. 6,452,932; 6,463,052; 6,633,561; 7,286,561; 6,473,429; and 6,298,064) were subject to an early motion for summary judgment that the limitation "processing system" was indefinite, which motion was granted. (D.I. 231) These six patents are subject to a final judgment (D.I. 302) and the decision is on appeal (D.I. 319).
[3] U.S. Patent Nos. 7,992,172 and 7,836,474.
[4] Having previously filed an answer and counterclaims for infringement of seven other Sprint patents (U.S. Patent Nos. 5,742,605; 6,108,339; 6,452,931; 6,870,832; 8,121,028; 5,793,853; and 7,995,730) on July 9, 2012 (D.I. 41) and, by stipulation, a first amended answer and counterclaims for infringement of each of the nineteen Sprint patents on July 12, 2013 (D.I. 96, 97). Sprint's counterclaims are asserted by Sprint Communications and Sprint Spectrum only.
[5] Having previously filed an answer to Sprint's counterclaims and asserted counterclaims on August 13, 2012 (D.I. 53) and filed an answer to Sprint's first amended counterclaims and asserted counterclaims on August 2, 2013 (D.I. 102).

2

technology to end users. CoxCom is the parent of each of the Cox plaintiffs except for Cox Communications Georgia, LLC, Cox Georgia Telcom, LLC, Cox Communications Las Vegas, Inc., LLC, and Cox Nevada Telcom LLC, all of which are direct or indirect subsidiaries of CCI. CoxCom supplies certain of the Cox plaintiffs with technology used by those entities in providing telephony products and services, including the Cox Digital Telephone and SIP Trunking service and other related telephony services. (D.I. 1 at ¶ 5) Each of the other Cox plaintiffs are Delaware corporations with principal places of business in the corresponding State in which it is located. (D.I. 1 at ¶¶ 6-35) The Cox plaintiffs are leading cable entertainment and broadband services providers and, amongst other things, are well known for pioneering the bundling of television, Internet and telephone services together, offering consumers the ability to consolidate these services with one provider. (D.I. 1 at ¶ 58)

3. Defendants Sprint Communications and Sprint Spectrum are limited partnerships organized and existing under the laws of the State of Delaware, with principal places of business in Overland Park, Kansas. (D.I. 115 at 23, ¶¶ 1-2) Defendant Sprint Solutions is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Overland Park, Kansas. (D.I. 115 at ¶¶ 40, 56) Sprint is a provider of wireless and wireline communications services. (D.I. 1 at ¶ 59)

4. **Standard.** "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 415 U.S. 475, 586 n. 10 (1986). A party asserting that a fact cannot be—or, alternatively, is—genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motions only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 415 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

5. To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586-87; *see also Podohnik v. U.S. Postal Service*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). Although the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," a factual dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "If the evidence is merely

colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

6. **Analysis.** The court has resolved the parties' claim construction disputes for the five patents at issue in this motion[6] and construed certain claim limitations as restricted to ATM technology. Specifically,[7] independent claim 1 of the '084 patent is limited to ATM technology by, inter alia, the construction of the limitation "interworking unit;" independent claim 1 of the '224 patent by the construction of the limitations "interworking unit" and "communication system;" independent claim 11 of the '340 patent by the construction of the limitation "communication system;" independent claim 11 of the '918 patent by the construction of the limitations "interworking unit" and "communication system;" and independent claim 1 of the '992 patent by the construction of the limitations "interworking unit" and "communication system."[8]

7. Cox argues that if the claims are limited to ATM technology, there can be no literal infringement, as the accused devices are used in IP networks, not in ATM networks. (D.I. 357 at 25) Sprint does not provide an argument to the contrary, responding "[i]f the claims are construed to require ATM, Sprint has alleged

---

[6] The '084, '224, '340, '918, and '992 patents.
[7] Sprint alleges Cox's VoIP services infringe claims 1, 4, and 7 of the '084 patent, claims 1, 4, 7, 12, 13, and 14 of the '224 patent, claims 11, 14, and 17 of the '340 patent, claims 11 and 12 of the 918 patent, and claim 1 of the '992 patent. (D.I. 329 at 21)
[8] The restriction of the asserted claims to ATM technology renders Cox's motion for invalidity for lack of written description moot.

5

infringement under the doctrine of equivalents." (D.I. 329 at 22) Sprint's expert, Dr. Wicker, has opined that although ATM and IP technology are different, if limited to ATM technology, the claims would be infringed under the doctrine of equivalents.[9] (D.I. 273, ex. 1 at 81:2-15; D.I. 330, ex. 29 at ¶¶ 70-81) The court grants Cox's motion as to literal infringement. On the record at bar, however, Cox has not fully addressed the issue of non-infringement under the doctrine of equivalents/vitiation in the context of the court's construction. *Deere & Co. v. Bush Hog, LLC*, 703 F.3d 1349 at 1356 (Fed. Cir. 2012) (quoting *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 38-39 (1997)) (Vitiation is "a legal determination that 'the evidence is such that no reasonable jury could determine two elements to be equivalent.'").

8. **Conclusion.** For the foregoing reasons, Cox's motion for partial summary judgment is granted in part and denied in part without prejudice to renew.

United States District Judge

---

[9] Sprint's counsel stated at a case management conference that "if the claims are construed as Cox has suggested, while it may be the case that literal infringement won't be met, we certainly are able to resort to the doctrine of equivalents for those issues." (D.I. 273, ex. 2)