IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

COX COMMUNICATIONS, INC., et al.,

Plaintiffs,

vs.

SPRINT COMMUNICATIONS COMPANY
L.P., et al.,

Defendants.

1:12CV487

MEMORANDUM AND ORDER

This matter is before the court on defendant Sprint Communications Company LP's renewed motion to transfer claims to the District of Kansas pursuant to 28 U.S.C. § 1404(a).[1]  Filing No. 508.  On April 16, 2012, plaintiffs ("Cox") filed this declaratory judgment action regarding twelve patents owned by Sprint and related to voice-over-packet telecommunications technology.

**LEGAL STANDARD**

Under 28 U.S.C. § 1404(a), a court may transfer a case to another district in which the case might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."  Further, courts are permitted "to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995) *(*factors for determining whether to transfer include:  "(1) a likelihood of an enforcement problem; (2) a distinct public interest in resolving the claims in a Luzerne County court as opposed to in Philadelphia; (3) a different policy preference in the two

---

[1] Sprint previously moved to transfer this case to Kansas in 2012, Filing No. 43, and the Court denied the same.  Filing No. 76.

locales; (4) a disparity in the qualifications of the federal judges sitting in the two districts to pass on the same Pennsylvania law; or (5) an appreciable difference in docket congestion between the two districts.") The initial inquiry is "whether this action could have been brought in the proposed transferee venue." *Human Genome Sci., Inc. v. Genentech, Inc.*, No. 11-cv-082-LPS, 2011 WL 2911797, at *3 (D. Del. July 18, 2011). "In ruling on § 1404(a) motions, courts [in the Third Circuit] have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879 (internal citation and quotations omitted).

> Sprint contends that:
>
> Judge Lungstrum has overseen nine cases involving these same patents, issuing claim construction orders, summary judgments, and presiding over two jury trials—including one just last month. Because this is a complex case involving numerous patents with further claim construction, discovery, and dispositive motions yet to come, Sprint respectfully submits that it does not make sense for a new judge in this District to get up-to-speed on this case given Judge Lungstrum's familiarity with the patents-in-suit and related litigation.

Filing No. 509, at 3. Sprint further argues that "[f]urther, no witnesses are in Delaware, many are in Kansas; Sprint chose Kansas to bring suit; there are related cases pending in Kansas; and transfer will prevent judicial inconsistencies, with claim construction and summary judgment on the horizon." *Id.* at 4.

Cox contends that this issue has been decided, and the motion to transfer is really an attempt to forum shop, since a new Judge has been appointed to handle the case. Further, Cox argues that Kansas lacks jurisdiction over Cox Communications Inc. in any event. Cox also asserts that while some of the claims are similar or the same as the Kansas cases, this particular case has different claim construction, equipment and networks issues. Further, if transferred, the Kansas attorneys would have to get up to speed quickly, prior to the start of the impending trial. Further, argues Cox, there are a number of additional patents that Judge Lungstrum has not seen that are not connected to the Kansas action.

The court agrees that this case could arguably have been filed in the District Court of Kansas. However, that is irrelevant at this point. Under Delaware law, the courts have clearly stated that there must be a strong showing before a motion to reconsider will be granted. *Amgen Inc. v. Sanofi,* 227 F. Supp. 3d 333, (D. Del. 2017) (J. Robinson); *Callaway Golf Co. v. Acushnet*, 778 F. Supp. 2d 487, 492 (D. Del. 2011) (J. Robinson). This case has already been in this jurisdiction for five years. The parties have conducted extensive discovery, and the court has decided major issues in this case. The only real change is that another judge is now working on the case. That is not a sufficient reason to grant this motion to transfer. For the reasons set forth herein, and for the initial reasons stated in the court's 2013 Order, Filing No. 76, and incorporated herein by reference, the court denies the motion to transfer.

THEREFORE, IT IS ORDERED THAT:

1. Defendant Sprint Communications Company LP's motion to transfer claims to the District of Kansas, Filing No. 508, is denied.

IT IS FURTHER ORDERED THAT:

2. A pretrial conference is scheduled for October 27, 2017 at 9:00 AM in Courtroom 4B, fourth floor, United States Courthouse, 844 King Street, Wilmington, Delaware, before Senior Judge Joseph F. Bataillon.

3. The jury trial currently scheduled for November 6, 2017 is continued to December 7, 2017 at 9:00 AM in Courtroom 4B, fourth floor, United States Courthouse, 844 King Street, Wilmington, Delaware, before Senior Judge Joseph F. Bataillon.

Dated this 28th day of August, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge