IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COX COMMUNICATIONS INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-487-JFB |
| | ) | |
| SPRINT COMMUNICATIONS COMPANY L.P., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

In this patent case filed by Plaintiff Cox Communications, Inc. ("Plaintiff" or "Cox") against Defendant Sprint Communications Company, L.P. ("Defendant" or "Sprint"), Sprint alleges that Cox infringes certain of Sprint's telecommunications and data networking patents. Presently before the Court is Sprint's "Motion to Strike Plaintiff's Fourth Supplemental Invalidity Contentions" ("the motion" or the "motion to strike"). (D.I. 519) Having considered the parties' briefs, (D.I. 520, 527, 532), and for the reasons that follow, the Court DENIES Defendant's motion.

I.     BACKGROUND

This is an action for patent infringement that was filed back in April 2012. (D.I. 1) Sprint initially asserted that Cox infringed 19 of its patents. (D.I. 520 at 1) By February 2015, Sprint had reduced its claims of infringement to those relating to 15 patents. (D.I. 208 at 1 n.1) Cox then moved for partial summary judgment on the grounds that the presence of the "processing system" term found in certain claims in 6 of those patents, U.S. Patent Nos. 7,286,561, 6,633,561, 6,473,429, 6,452,932, 6,463,052 and 6,298,064 (the "Processing System Patents"), rendered those claims invalid as indefinite. (D.I. 207; D.I. 231 at 5) After construing

the relevant claim term, District Judge Sue L. Robinson, then the District Judge assigned to the case, held the claims of the Processing System Patents to be invalid as indefinite, and granted Cox's motion for partial summary judgment. (D.I. 231 at 11)

By April 2016, the parties were preparing for trial on the remaining patents, and Sprint had reduced the number of asserted claims to 15, with those 15 claims being found in 5 of the remaining patents. (D.I. 401 at 1) As of April 5, 2016, Cox had not reduced its number of invalidity contentions to match Sprint's reduction in asserted claims and patents—at the Status Hearing held that day, Cox's counsel stated that his "expectation [was] that the [number of asserted] claims will get [further] narrowed and the [number of invalidity contentions and] references will get narrowed [at some point in time in the future]." (D.I. 520, ex. A at 6) Judge Robinson expressed concern at the hearing that Cox's expansive invalidity contentions relating to the 5 then-asserted patents-in-suit could prejudice Sprint and disrupt trial, noting that "the problem . . . with this kind of complicated regime [is that] the expert reports are worthless, because there's no way that any one expert can keep track of all of that. . . . [therefore] . . . Cox [must] prioritize what is really their best shot at invalidating the asserted patents." (*Id.* at 8) The following day, in a letter to Sprint's counsel, Cox narrowed the scope of its invalidity contentions, in that it identified a smaller group of documents and materials it would rely upon for certain "system references," and it provided a smaller group of primary and secondary references that it would rely upon for invalidity purposes as to each of the 15 then-remaining asserted claims. (*Compare* D.I. 527, ex. 3 at 4–6, *with id.*, ex. 1 at 1–3)

In September 2016, the United States Court of Appeals for the Federal Circuit determined that the relevant claims of the Processing System Patents were not indefinite in light of the

presence of the "processing system" term, and remanded the matter back to this Court. *See Cox Commc'ns, Inc. v. Sprint Commc'n Co. LP*, 838 F.3d 1224 (Fed. Cir. 2016). Three months later, on December 9, 2016—at the same time as Sprint presented Cox with its supplemental infringement contentions as to the Processing System Patents—Cox, in turn, presented Sprint with supplemental invalidity contentions (its "Fourth Supplemental Invalidity Contentions") as to those Processing System Patents. (D.I. 520, ex. D; D.I. 527 at 2)

On April 3, 2017, Cox proposed to Sprint a schedule for further narrowing the case:

> If Sprint can identify a reduced set of asserted claims 2 weeks [after the District Court's forthcoming *Markman* Order], and Cox a commensurately reduced set of prior art two weeks after Sprint's claim election, we should be able to significantly reduce the scope of the case well before opening reports on June 12th[, 2017].

(D.I. 520, ex. C at 1) In response, Sprint filed the instant motion to strike on April 13, 2017.

In its opening brief accompanying the motion, Sprint alleges, *inter alia*, that Cox's Fourth Supplemental Invalidity Contentions as to the Processing System Patents are overly broad, as "the immense size and scope [of the contentions] create a 'needle in a haystack' scenario, wherein Sprint is force[d] to dig and sift and sort through a mountain of material to uncover the tiny number of references and theories that Cox is likely to rely upon in its invalidity case." (*Id.* at 6) In support of its motion, Sprint detailed the numbers of documents involved, the length of the documents, and the number of claim charts describing various invalidity contentions. (*Id.* at 6–9) Sprint argued that, at the same time that Cox had been expanding its invalidity contentions, "Sprint ha[d] reduced its infringement case from 208 claims across 19 patents down to 40 claims across 10 patents—an 80% reduction in asserted claims." (*Id.* at 1 (emphasis in original)) In its

3

April 27, 2017 answering brief, Cox pushed back against Sprint's assertions. Cox contended that the instant motion was "premature and pointless" since Cox "ha[d] already agreed to reduce its invalidity [contentions] to a more manageable number of prior art references within seven days of the Court's supplemental *Markman* Order, using the procedure outlined by the Court, and successfully employed during the previous round of expert reports in 2016." (D.I. 527 at 3)

Since the filing of the motion, Judge Robinson construed the remaining claim terms of the Processing System Patents on May 15, 2017, (D.I. 541), Cox served its expert reports on invalidity, (D.I. 555), Sprint deposed Cox's experts, (D.I. 572), and expert discovery closed, (D.I. 553).[1] The case has now been reassigned to visiting District Judge Joseph F. Bataillon. (D.I. 557) On August 29, 2017, Judge Bataillon referred "all dispositive and nondispositive matters on all issues, including claim construction, except for summary judgments, Daubert motions and pretrial motions in limine[]" to the Court. (D.I. 604) The instant motion to strike thus was referred to the Court on that date, and it is the only currently-pending motion in the case that falls within the Court's referral authority. Judge Bataillon has set trial to begin on December 7, 2017. (D.I. 603)

## II. STANDARD OF REVIEW

Under the Patent Act, a party accused of patent infringement may claim a defense based upon the "[i]nvalidity of the patent or any claim in suit[.]" 35 U.S.C.§ 282(b)(2). Federal Rule of Civil Procedure 26(a) governs initial disclosures of defenses in which "a party must . . . provide to the other parties: . . . a description . . . of all documents . . . that the disclosing party has in its

---

[1] The Court does not know the extent to which Cox has, in the meantime, further narrowed its invalidity contentions.

4

possession . . . and may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A)(ii).

Rule 26(e) addresses supplementation and correction of disclosures, and "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A). Failure to timely supplement a disclosure under Rule 26(e) may lead to exclusion of the materials in question under Rule 37(c)(1), which states that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

## III. DISCUSSION

Cox's Fourth Supplemental Invalidity Contentions are extensive, rely on a multiplicity of overlapping references, and may potentially result in innumerable obviousness permutations. (*See, e.g.*, D.I. 520, ex. D at 3–7 (asserting that U.S. Patent Nos. 6,473,429 and 6,298,064 are anticipated by six patents, eight publications, and 3 systems (which are described by 42 documents) and are obvious in light of the anticipatory references "either in combination with one another, in combination with the knowledge of a person of ordinary skill in the art, or in combination with" 14 additional references)) Sprint requests "that the Court require Cox to reduce the number of anticipatory prior art references and supporting documents it is asserting, clearly identify not more than five anticipatory references for each asserted claim, and reduce and clearly articulate a reasonable number of specific obviousness theories that it may assert at trial."

5

(D.I. 520 at 3) Sprint argues that, by hiding its core invalidity theories within a multiplicity of contentions, Cox has not provided Sprint "with adequate notice of the theories Cox intends to use at trial, and unduly prejudice[s] Sprint in its own preparations for trial." (*Id.* at 6) Cox pushes back on a number of fronts; among them is Cox's assertion that the remedy to Sprint's concern about the sufficiency of Cox's invalidity defense disclosures is for Cox to revise its contentions, not that they be stricken. (D.I. 527 at 13 (citation omitted))

Trial is now just a few months away, and much has happened since the motion to strike was filed. Subsequent events may have overtaken some of the concerns set out in Sprint's motion (or they may not have). But in the end, the Court agrees with Cox that—to the extent its Fourth Supplemental Invalidity Contentions were expansive (and they were), and to the extent that Cox has not already done so in the meantime—the right result is to require Cox to further narrow its invalidity case for trial (and, if necessary, to require Sprint to do the same with regard to the number of asserted claims at issue). Indeed, both parties have already acknowledged that some sort of further reduction in the number of asserted claims and invalidity contentions was both necessary and inevitable. (D.I. 401 at 1–4)

In their briefs, both parties discuss this Court's opinions in *Greatbatch Ltd. v. AVX Corp.*, C.A. No. 13-723-LPS, (D.I. 368) (D. Del. July 28, 2015), and in *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. CIVA 04-1371 JJF, 2006 WL 2724879, at *6 (D. Del. Sept. 20, 2006), as describing frameworks for narrowing claim assertions and invalidity contentions. (D.I. 520 at 14; D.I. 527 at 14; D.I. 532 at 5) In *Greatbatch*, this Court ordered the patent owner to narrow its asserted claims to 15 claims, to be drawn from the remaining 5 asserted patents, prior to the summary judgment stage of the case. (*See* Civ. No. 13-723-LPS, D.I. 368 at

6

1–2) This Court also: (1) ordered the accused infringer to narrow the number of prior art references to 20 total references; (2) ordered the accused infringer to narrow its total obviousness combinations to 60 combinations; and (3) set out a particularized definition as to what a "prior art combination" entailed. (*Id.* at 2) And in *Power Integrations*, this Court ultimately limited the patent owner to a total of seven claims for trial, and the accused infringer to a total of 11 prior art references for trial. *Power Integrations*, 2006 WL 2724879, at *6; (D.I. 520 at 14 & n.8; D.I. 527 at 14). *Greatbatch* and *Power Integrations* can certainly be helpful guideposts in the narrowing process.

The Court will seek information from the parties about their views as to how (and when) the case should be further narrowed prior to the start of trial. And, from there, it will work with them and the District Court to ensure that a manageable trial results.

## IV. CONCLUSION

For the reasons stated above, with respect to Sprint's motion, (D.I. 519), the Court DENIES Sprint's request and hereby ORDERS the parties to, by no later than **October 9, 2017**, file a joint letter, no longer than five (5) single-spaced pages, that sets out the parties' respective positions as to: (a) when, and in what order, the parties wish to further narrow the number of asserted claims and invalidity contentions at issue in the case (to the extent the parties do, in fact, wish to do so); (b) the number of claims that Sprint should be permitted to assert at trial;[2] (c) the

---

[2] Sprint contends that is has already reduced the number of asserted patents and claims from 19 patents and 208 claims to 10 patents and 40 claims, (D.I. 520 at 1, 4), and there is indication in recent summary judgment briefing that the number of asserted Sprint patents is now down to seven, (D.I. 583 at 2 at ¶ 1). Cox had proposed that Sprint further narrow the number of asserted claims (after the most recent *Markman* ruling was to be issued) to 15. (D.I. 527 at 15) Sprint did not respond to Cox's proposal. (D.I. 532)

7

number of invalidity references Cox should be permitted to rely on at trial;[3] and (d) the number of obviousness combinations Cox should be permitted to rely on at trial (and how such a "combination" should be defined).

Dated: October 2, 2017

                                          /s/ Christopher J. Burke
                                          Christopher J. Burke
                                          UNITED STATES MAGISTRATE JUDGE

---

[3]     Sprint had proposed that "Cox [] limit its invalidity contentions to no more than five references per claim and no more than 20 total references." (D.I. 532 at 6) Cox had proposed limiting invalidity references to 20 total. (D.I. 527 at 15) Sprint, in response, noted that "Cox provides no detail on how the 'references' under its proposal are to be counted." (D.I. 532 at 2) For example, according to Sprint, Cox is asserting 5 "system" references that are described by "over 70 documents[,]" and "Cox has taken the position that it may *separately* rely on each of the individual underlying documents as anticipatory references[.]" (D.I. 532 at 3 (emphasis in original))

8