# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

*Cox Commc'ns, Inc.*, et al.,

      Plaintiffs,

v.

*Sprint Commc'ns Co. L.P.,* et al.,

      Defendants,

---

*Sprint Commc'ns Co. L.P.,* et al.,

      Counterclaim-Plaintiffs,

v.

*Cox Commc'ns, Inc.*, et al.,

      Counterclaim-Defendants.

C.A. No. 1:12-cv-00487 JFB

**JURY TRIAL DEMANDED**

██████████████████████

**PUBLIC - REDACTED VERSION**

**SPRINT'S COMBINED OPPOSITION TO COX'S "MOTION TO STRIKE APPENDIX A TO AND FACTS INCORPORATED BY REFERENCE INTO SPRINT'S OPPOSITION," AND TO COX'S "MOTION TO STRIKE APPENDIX A TO AND ARGUMENTS INCORPORATED BY REFERENCE INTO SPRINT'S REPLIES"**

Dated: September 28, 2017

B. Trent Webb (*pro hac vice*)
John D. Garretson (*pro hac vice*)
Aaron E. Hankel (*pro hac vice*)
Ryan D. Dykal (*pro hac vice*)
Ryan J. Schletzbaum (*pro hac vice*)
Lauren Douville (*pro hac vice*)
Jordan T. Bergsten (*pro hac vice*)
Mark Schafer (*pro hac vice*)
**SHOOK HARDY & BACON**
2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550

Rob Reckers (*pro hoc vice*)
David Morehan (*pro hoc vice*)
**SHOOK HARDY & BACON**
JPMorgan Chase Tower
600 Travis Street, Suite 3400
Houston, Texas 77002
(713) 227-8008

Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
**MORRIS JAMES LLP**
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

**ATTORNEYS FOR SPRINT**

On September 5, 2017, Sprint filed its Oppositions to Cox's fourth round of summary judgment briefing in this case,[1] laying out Sprint's full argument and a full statement of supporting facts.   Sprint also provided its responses to Cox's 57 factual statements in its Appendix A. Counsel for both parties have long used this approach without complaint from the other in this and related cases. In fact, Judge Bataillon's standing order governing briefs addresses this very approach by explaining that page limits are "exclusive of the section numbering contested and uncontested issues," specifically listing patent cases as complicated cases that may justify an exception to page limits.[2]

In 2016 Sprint followed this exact same approach and, far from complaining, Cox marked up Sprint's Appendix A and attached it to Cox's Reply brief without counting that Appendix against Cox's page limits.[3]   For this fourth round of briefing, Cox once again acquiesced to this procedure for ten days without raising any objection whatsoever.   But just thirty minutes before reply briefs were due on these issues, Cox counsel suddenly contacted Sprint counsel complaining about this approach.[4]

Having deprived Sprint of any meaningful opportunity to avoid this Court's involvement, Cox filed its motion to strike Sprint's Appendix A to Sprint's Opposition.   In so doing, Cox cites inapposite cases warning about leaving arguments out of an opening brief, even though Sprint

---

[1] *E.g.*, D.I. 221 (round 1); D.I. 286 (round 2); D.I. 431, 433 (round 3); D.I. 592 (round 4).

[2] *See* Brief Preferences, http://www.ned.uscourts.gov/internetDocs/jpar/JFB-Briefs.pdf (last accessed, Sept. 20 2017).

[3] *See* Sprint Opposition, D.I. 450 p. 3-4 n. 2 (explaining without objection from Cox that "Sprint's specific responses to Cox's 'facts' are included as Appendix A"); Cox Sept. 16, 2016 Reply, D.I. 466 p. 2 n.1 (attaching Sprint's 24-page Appendix to its 16-page brief with Cox's markup as Cox Appendix A); *See also*, *Sprint v. Comcast*, 11-2684, (D. Kan., Nov. 15, 2016), D.I. 994 p. 2 n.2 (Sprint does not attach this document because it was filed udner seal but can produce it upon order from this Court).

[4] Ex. 1, Sept. 14, 2017 email from Aaron Hankel to Brian Nisbet.  Counsel for Cox also left voicemail messages for a number of Sprint's attorneys after 5 p.m. Eastern on the day Cox filed the instant motion.

included its full argument—and supporting facts—laying out genuine fact disputes within the 30-page brief it filed.  Likewise, Sprint's reply briefs, which were in the process of being filed when Cox first surfaced it page-limit complaints, also contain Sprint's full arguments, including identifying the substantial factual disputes raised by Cox's belated cross-motion for invalidity. Sprint further addressed the disputed and undisputed facts in appendices, consistent with the parties established practice and well-settled authority.  There is nothing improper as to this conventional approach for identifying contested and uncontested issues, and the Court should reject Cox's tardy, manufactured dispute over page limits.

### SPRINT'S OPPOSITION TO COX'S MOTION TO STRIKE APPENDIX A TO AND FACTS INCORPORATED BY REFERENCE INTO SPRINT'S OPPOSITION

Cox, in its first motion to strike, provides no reference to any rule under which Cox seeks relief, the standard for applying that rule, or any rule or court order that Sprint supposedly violated.  Cox claims that Sprint violated an agreement reached by email to limit briefing to 30 pages, but Cox ignores that counsel exchanged that email against the established practice of responding to an opposing party's facts in an Appendix that does not count toward that page limit, as the parties did in Cox's third round of summary judgment briefing in 2016. D.I. 450, p. 3-4 n.2; D.I. 466 p. 2 n.1.  Even if the parties had not already established this procedure without any complaints, Cox could not have reasonably believed that Sprint agreed to use only 30 pages to respond, as required by Federal Rule of Civil Procedure 56(1), to all 57 of Cox's "Undisputed Facts," while still setting out Sprint's own argument and supporting facts.  As further evidence that the parties' agreement contemplated Sprint's Appendix A, Cox did not initially complain about this approach, waiting instead 10 days and until minutes before Cox's Reply to Sprint's Opposition was due.  Rather, Cox's motion is a transparent, after-the-fact attempt to avoid dealing with Sprint's responses to Cox's "Undisputed Facts," which show that Cox falls far short

of establishing the lack of a genuine issue for trial on these issues.  *See* Cox Reply, D.I. 623 p. 1 n.1 (declining to substantively reply to Sprint's responses on Cox's statement of fact).

Cox claims in conclusory fashion that Sprint's Appendix A contains 24 pages "of substantive argument," D.I. 625 p. 2, and Cox cites three cases warning that a party may waive a legal argument by failing to include it in an opening brief.  But Cox does not even try to explain, nor could it, how Sprint's Appendix A contains any argument that does not appear in the Argument section of Sprint's Opposition.  In fact, Cox does not address the substance of Sprint's Exhibit A at all.  In truth, half of Sprint's Appendix A simply quotes Cox's factual statements for the convenience of the Court, and the rest provides Sprint's assertions and supporting citations directed to whether each fact "cannot be or is genuinely disputed," as explicitly required under Federal Rule of Civil Procedure 56(c)(1).

For example, Sprint's response to Cox's first alleged fact first repeats Cox's alleged fact, indicates the fact is disputed, and then cites and summarizes various factual statements from the parties' briefs to illustrate the factual dispute:



3

D.I. 611, Appendix A, p. 1 (citations to statements in existing briefs emphasized).  Such citation

to record material and factual summaries is a far cry from the cases Cox attempts to rely on.[5]

Notably, Cox fails to cite a single case wherein such factual responses were stricken

when not included within the party's brief, and this case is thus easily distinguishable from the

three cases cited by Cox.  The very quote Cox provides from *Monec Holding AG v. Motorola*

*Mobility, Inc.*, 2014 WL 4402825, at *1, n.2 (D. Del. Sept. 5, 2014), merely warns against failing

to "include substantive legal arguments in the opening brief."  Cox has not even tried to

establish, nor could it, that the required assertions and bases of dispute in Sprint's Appendix A

includes any "substantive legal arguments" not included in the argument section of Sprint's brief.

Likewise, Cox admits that in *TQ Delta, LLC v. 2Wire, Inc.*, 2016 WL 5402180, at *1 n.2 (D. Del.

Sept. 26, 2016), the appendix was stricken for its "additional argument," D.I. 625 p. 2, and Cox

itself describes the appendix that was stricken in *Med. Co., Inc. v. Hospira Inc.*, No. 09-750-

RGA (D. Del. Nov. 13, 2013), ECF No. 814, as including "defendant's analysis of the record

offered in support of its arguments," D.I. 625 p. 2.  Both statements easily distinguish these cases

from Cox's motion in this case on Sprint's Appendix A, which contains no new arguments but

provides required responses to Cox's factual statements.  In short, the inclusion of factual

responses required by Federal Rule of Civil Procedure 56(c)(1) in an appendix is not a ploy that

renders page limits "meaningless" as Cox suggests.  Rather, complying with Rule 56(c)(1) in this

way is appropriate and uncontroversial, as Cox counsel has implicitly recognized when

implementing this same procedure in this and related cases and as indicated by Judge Bataillon's

---

[5] As an alternative, Sprint could have responded to Cox's first alleged fact by simply stating in condensed fashion "Disputed.  *See* CSOF ¶ 6; SSOF ¶ 3, 21-25, ECF No. 541 at 1, n.1., and the evidence cited therein." While Sprint contends that such a condensed format lacks the ease of reference afforded by the factual summaries in Sprint's current Appendix A, Sprint would be happy to resubmit its Appendix A in a condensed format if the Court so desires.

standing order excluding numbered recitations of contested and uncontested issues from page limits.[6]

Cox's claim of prejudice also falls flat. Cox complains that Sprint has now been allowed "to brief the issues before the Court at greater length," D.I. 625 p. 2, but Cox fails to address why it could not have done here what it did without complaint in 2016, when it marked up Appendix A to Sprint's Opposition and attached it as Appendix A to Cox's Reply, D.I. 466 p. 2 n.1, or otherwise replied with its own appendix as Cox counsel has done in other related cases. Had Cox raised this issue with Sprint more than 30 minutes before Cox's Reply brief was due, this is precisely what Sprint would have suggested. Thus, any prejudice is Cox's own doing, and Cox cannot credibly complain about prejudice when it had the opportunity to respond to Sprint's factual assertion in its own appendix, as it had for prior briefs.

Finally, Cox argues that Sprint impermissibly incorporated argument into its briefing, but here, too, Cox incorrectly characterizes the record in a misguided attempt to employ inapplicable case law. Even a cursory glance at the pages of Sprint's Opposition cited by Cox will show that Sprint fully set out its argument, and its affirmative facts supporting that argument, in the 30-page brief filed with this Court.[7] Where Sprint cited to prior briefing it did _not_ incorporate pages of argument omitted from Sprint's Opposition as in the cases cited by Cox, *See* D.I. 625 p. 3. Rather, Sprint's citations to material already in the case record avoids cluttering the record with duplicative filings. Because Sprint's counterstatement of facts is fully set out in Sprint's answering brief, Cox's incorporation-by-reference arguments fail.

---

[6] *See, supra,* n. 3.

[7] *See, e.g.,* D.I. 611 p. 13, Fact 30 ("ATM and IP are both protocols that enable "packets" of data to be sent over a network. In other words, the ATM and IP protocols each define a set of procedures used to communicate data over a network. D.I. 450 at SSOF ¶ 1; DA0092-97 (Wicker 2017) at ¶¶ 38, 41-43, 84-86, 93-97.")

At bottom, Cox's motion is a ploy to avoid resolution of these motions on the merits. Cox seeks to strike Sprint's responses to facts and then deem their facts as admitted, while the reality is that Cox's facts are genuinely disputed.[8]  These disputes are argued at length within Sprint's 30-page Opposition, and separately addressed on a fact-by-fact basis in Sprint's Appendix A.  These fact-by-fact responses serve only to facilitate consideration of the parties' dispute on the merits.  Cox's motion should be denied.

### SPRINT'S OPPOSITION TO COX'S MOTION TO STRIKE APPENDIX A TO AND FACTS INCORPORATED BY REFERENCE INTO SPRINT'S REPLIES

**1.      Sprint's Responses to Facts in Sprint's Reply Briefs are Proper**

Cox's motion to strike fact responses from Sprint's reply briefs is even more tardy and transparent than, and fails for the same reasons as, Cox's first motion to strike.  As with Sprint's Opposition, and according to the accepted course between counsel for the parties in this and related cases, Sprint's Reply briefs included Sprint's required, numbered responses to Cox's facts in a separate appendix that does not count toward the page limit for the brief.  Cox has not cited to a single case striking such an appendix, which is unsurprising because Sprint's approach to page limits is perfectly consistent with Delaware local rules.

Cox incorrectly argues that Sprint's Reply briefs violate Delaware Local Rule 7.1.3(4), which does not address appendices or exhibits.  Indeed, Cox ignores that Delaware Local Rule 7.1.3(3) sets forth that "[p]ages of an appendix shall be numbered separately at the bottom," D. Del. LR 7.1.3(3), and that the rules are silent on whether the responses to facts required by

---

[8]While Sprint's 30-page brief fully lays out why numerous genuine fact issues that preclude summary judgment for Cox, Sprint's Appendix A summarizes, on a fact-by-fact basis, the evidence supporting Sprint's assertion that they are disputed so that the Court need not separately hunt down the various cites and cross-cites for 57 of Cox's fact statements.  As such, Cox's facts in any event do not "stand uncontested" as Cox suggests, D.I. 590 p. 1 n. 1, as Sprint's Appendix A largely points the Court back to the Sprint's 30-page brief and the genuine factual disputes discussed therein.

Federal Rule of Civil Procedure 56(c)(1) can or should be included within the "[p]ages of an appendix." Tellingly, Cox has not cited a single case supporting its interpretation of the Delaware rules.[9] And while the District of Nebraska local rules are likewise silent on whether responses to facts count against page limits for summary judgment briefs, Judge Bataillon's Standing Order in that District specifies that they do not.[10] Cox can hardly claim surprise about the application of that interpretation in this case, as Cox failed to complain when Sprint adopted that exact approach in this case in 2016.[11] This Court should reject Cox's sudden request to apply a novel and unsupported interpretation of the local rules.

Cox once again claims in conclusory fashion that Sprint's Appendixes contain "argument," but Cox does not address the substance of Sprint's Appendix A or explain why Sprint's responses are argument under the reasoning of any case that has examined the issue. No such explanation exists, as Sprint's responses to Cox's facts follow the same pattern as Sprint's response copied in full and discussed above.[12] Cox also does not even try to establish that Sprint's Appendixes add any argument that does not appear in Sprint's brief, as in the cases cited by Cox. Rather, as in Appendix A to Sprint's Opposition, here Sprint's responses to Cox's facts are of the same type that are routinely exempted from page limits.

---

[9] Logically, fact statements should not count toward page limits. Otherwise, a party would be able to submit an overwhelming number of facts such that the opposing party could not possibly address each fact and make legal arguments within the allotted pages and still comply with Fed. R. Civ. P. 56(c)(1).

[10] *Compare* United States District Court for the District of Nebraska, Civil Rules, available at http://www.ned.uscourts.gov/internetDocs/localrules/NECivR.2013.pdf (last accessed Sept. 25, 2017), *with supra,* n. 2.

[11] *See, supra*, n. 3

[12] Cox admits that each of Sprint's responses to facts "cites to affirmative statements of fact included in [Sprint's] opening brief," D.I. 634, ¶¶ 2-3, further establishing that Cox's statements of fact are, in fact, contested for reasons explained within Sprint's briefs.

Further, Cox's claim of prejudice is even weaker than in Cox's motion to strike fact responses in Sprint's Opposition. Even though Sprint's approach has already been established as correct in this case, and has never been rejected in any other case, Sprint still would have worked with Cox to address Cox's complaint if Cox had timely raised it. But, as discussed above, Cox waited for ten days to complain to Sprint about Sprint's Appendix A in Sprint's Opposition, and only raised the issue less than an hour before Reply briefs were due, virtually guaranteeing that Sprint would continue the same established practice into the Reply briefs on these motions. Cox can hardly complain that it was "disadvantaged" by Sprint filing an Appendix to its Reply briefs, when Cox had ample notice that Sprint was taking this approach and Cox was free to file its own appendix or otherwise reach a compromise with Sprint on how to interpret page limits. Instead, Cox sandbagged Sprint with an unconventional and unsupported interpretation of the rules, and any prejudice is of Cox's own making.

### 2.     Sprint's Opposition to Cox's Tardy Opening Dispositive Motion on Written Description was Proper

Cox also argues that Sprint exceeded the page limit in Sprint's "Reply" brief on written description, but ignores that the portions complained of were actually an opposition to Cox's out-of-time summary judgement request on its written description motion. The stipulated deadline for "opening" dispositive briefs in this case was August 11, 2017. D.I 578. The parties agreed to 30 combined pages for these opening briefs, D.I. 581, and on that date Cox indeed filed a 30-page opening brief. D.I. 592. But Cox's September 5, 2017 Opposition to Sprint's Motion to exclude the expert testimony of Drs. Min and Almeroth devoted several pages to Cox's "Motion for Summary Judgment of No Invalidity Based on the Written Description Requirement." D.I. 608. Because this was Cox's "opening" dispositive brief on written description, Sprint was required under Federal Rules of Civil Procedure 56(c)(1) to support its opposition by asserting

facts that are genuinely disputed, and supporting that assertion.  D.I. 581.  Apart from Sprint's responses to Cox's facts, which were proper for reasons discussed in the preceding section, Cox complains that Sprint's Appendix A to Sprint's responsive motion contains less than 2.5 pages of affirmative facts to show a genuine fact dispute as required by the Rule 56(c)(1).

To the extent the Court is even inclined to consider Cox's tardy "Cross Motion," the Court should reject Cox's motion to strike Sprint's 2.5 pages of affirmative facts for several reasons.  First, as explained in preceding sections, while Cox cites to cases striking *argument* that appears outside the page limit for briefing, Cox cites no authority striking *facts*, and Cox's unsupported argument for doing so is illogical and undesirable.  As above, Cox provides no explanation for why Sprint's affirmative facts are actually "argument" under the reasoning of any case.  Second, even if Sprint's fact statements somehow counted toward page limits, Cox's opening brief on its dispositive motion for summary judgment falls outside the page limits set out for opening briefs, and in fairness Sprint's opposition should be allowed to do the same. Indeed, because Cox's cross-motion falls outside the agreed-upon deadlines and page limits for opening and dispositive briefs, Sprint should be allowed a full 20 pages for an opposition to Cox's motion under local rules, which Sprint easily satisfies even if Sprint's facts count toward that limit. D. Del. LR 7.1.3(a)(4).

Finally, Cox claims that Sprint improperly incorporated argument into its Reply briefs, but this fails for the same reason as Cox's claim on this point as to Sprint's Opposition brief. Sprint's ten-page reply brief sets forth Sprint's full argument on written description.   Cox complains about the citation in one footnote of that argument, but Cox's caselaw does not apply. Sprint's footnote does not attempt to circumvent page limits by incorporating pages and pages of argument to an otherwise incomplete Reply brief, but rather simply points the Court to the well-

developed case record on this exact issue, a record that reflects the substantial factual disputes preclude summary judgment in Cox's favor on its written description defense.

### 3. Conclusion

Ultimately, Cox should not be rewarded for its many untimely and unsupported attempts to sidestep arguing the merits of this case.  Sprint respectfully requests that the Court deny Cox's motions.

Dated: September 28, 2017


B. Trent Webb (*pro hac vice*)
John D. Garretson (*pro hac vice*)
Aaron E. Hankel (*pro hac vice*)
Ryan D. Dykal (*pro hac vice*)
Ryan J. Schletzbaum (*pro hac vice*)
Lauren Douville (*pro hac vice*)
Jordan T. Bergsten (*pro hac vice*)
Mark Schafer (*pro hac vice*)
**SHOOK HARDY & BACON**
2555 Grand Boulevard
Kansas City, Missouri 64108
(816) 474-6550

Rob Reckers (*pro hoc vice*)
David Morehan (*pro hoc vice*)
**SHOOK HARDY & BACON**
JPMorgan Chase Tower
600 Travis Street, Suite 3400
Houston, Texas 77002
(713) 227-8008

*/s/ Richard K. Herrmann*
Richard K. Herrmann (#405)
Mary B. Matterer (#2696)
**MORRIS JAMES LLP**
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

**ATTORNEYS FOR SPRINT**

# EXHIBIT   1

**Hunt, Katie J.**

| | |
|---|---|
| **From:** | Hankel, Aaron (SHB) <AHANKEL@shb.com> |
| **Sent:** | Thursday, September 14, 2017 6:40 PM |
| **To:** | Nisbet, Brian J.; Padmanabhan, Krishnan; Schafer, Mark D. (SHB); Reckers, Rob (SHB); Dykal, Ryan (SHB); Herrmann, Richard K.; Webb, Trent (SHB); Schletzbaum, Ryan (SHB); Douville, Lauren E. (SHB); Bergsten, Jordan T. (SHB); Schafer, Mark D. (SHB) |
| **Cc:** | Brody, Michael L.; Kennedy, Vickie L.; Svolos, Carol A.; Bloch, David; Simon, Jaime; Passarelli, John P.; Jack Phillips (jcp@pgmhlaw.com); David A. Bilson (dab@pgmhlaw.com) |
| **Subject:** | RE: Cox v. Sprint - Motion to Strike |
| **Attachments:** | image005.jpg |

Brian,

Our office had an emergency issue and closed early today. Sprint disagrees with the entirety of your characterizations below, as well as your 11th hour attempt to create the appearance of a meaningful effort to meet and confer. Why did Cox wait until the last minute - after Sprint had already started filing its reply briefs - to raise this issue? If Cox intends to move today, it clearly had this issue in mind for some time now.

Further, your characterization of "the parties agreed-to page limits" is incorrect. If Cox intended to subject fact responses to the page limit, Cox should have said so, particularly where, as here, Sprint's recent filings followed the exact same procedures used during the early filings (without objection). Why Cox waited until literally the last hour of the last briefing to raise its position escapes me.

Regardless, Sprint will oppose the motion to strike on both the merits and the process that caused it. Sprint's ability to respond to Cox's arguments and authorities does not turn on Cox's unnecessary inclusion of immaterial and obviously disputed facts. And, as for Cox's complaint about Sprint's adoption by reference, Cox's position is both ironic and incorrect. See Fed. R. Civ. P. 10(c).

Thanks.

Aaron

─────

From: Nisbet, Brian J. <BNisbet@winston.com>
Sent: Thursday, September 14, 2017 9:23:22 PM
To: Hankel, Aaron (SHB); Padmanabhan, Krishnan; Schafer, Mark D. (SHB); Reckers, Rob (SHB); Dykal, Ryan (SHB); rherrmann (rherrmann@morrisjames.com); Webb, Trent (SHB)
Cc: Brody, Michael L.; Bloch, David; Simon, Jaime; Kennedy, Vickie L.; Jack Phillips (jcp@pgmhlaw.com); David A. Bilson (dab@pgmhlaw.com); Passarelli, John P.; Svolos, Carol A.
Subject: Cox v. Sprint - Motion to Strike

Aaron and Ryan,


Following up on my voicemails, Cox believes Sprint violated the parties agreed-to page limits by (1) incorporating by reference facts set forth in prior briefing and (2) by attaching Appendix A to Sprint's opposition to Cox's omnibus motion for summary judgment.  Therefore, Cox will be moving to strike the facts incorporated by reference and Appendix A, unless Sprint agrees to withdraw its Appendix A and its citations to facts asserted in its prior summary judgment briefing.


Thanks,


Brian




Brian J. Nisbet


Associate Attorney


Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703


D: +1 312-558-3254


F: +1 312-558-5700


 <https://protect-us.mimecast.com/s/K2R5BxCGOlWmFR?domain=winston.com> Bio |  <https://protect-us.mimecast.com/s/enYoBXH87NAYCM?domain=winston.com> VCard |  <mailto:bnisbet@winston.com> Email | <https://protect-us.mimecast.com/s/WDzMBeFebzn1HG?domain=winston.com> https://protect-us.mimecast.com/s/0JzpB3FRNdnVsp?domain=winston.com




 _____


The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not

disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.