# PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.

ATTORNEYS AT LAW

JOHN C. PHILLIPS, JR.
ROBERT S. GOLDMAN*†**
LISA C. McLAUGHLIN†
JAMES P. HALL
DAVID A. BILSON***
MEGAN C. HANEY

PENNSYLVANIA AVE. AND BROOM ST.
1200 N. BROOM STREET
WILMINGTON, DELAWARE 19806

(302) 655-4200
(302) 655-4210 (F)
pgmhlaw.com

ALSO MEMBER OF
**PENNSYLVANIA BAR
**NEW JERSEY BAR
†MARYLAND BAR
†FLORIDA BAR

October 9, 2017

**VIA CM/ECF & HAND DELIVERY**
The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28, Room 2325
Wilmington, DE 19801-3555

    Re:    *Cox Communications, Inc., et al. v. Sprint Communications Company L.P., et al.*,
              C.A. No. 12-487-JFB

Dear Judge Burke:

We write to advise the Court that the parties have met and conferred regarding reduction of the scope of the case, and submit this joint letter as outlined in the Court's recent Memorandum Order (D.I. 643 at 7-8). In that Order, Judge Burke posed four questions to the parties:

1. Procedure: when, and in what order, the parties wish to further narrow the number of asserted claims and invalidity contentions at issue in the case
2. Number of Asserted Claims: the number of claims that Sprint should be permitted to assert at trial
3. Number of Invalidity References: the number of invalidity references Cox should be permitted to rely on at trial;
4. Number of Obviousness Combinations: the number of obviousness combinations Cox should be permitted to rely on at trial (and how such a "combination" should be defined).

**Submission by the Cox Plaintiffs**

Procedure: The parties have met and conferred regarding the reduction of asserted claims and prior art. While Sprint has proposed some reductions, it has yet to identify all of its asserted claims. The Cox Plaintiffs, by contrast, have identified the particular references on which they rely.

Number of Asserted Claims: Sprint has agreed to assert no more than fifteen (15) claims. While Sprint has identified eight (8) of those claims, by stating it intends to pursue all of the asserted claims of the Group II patents, it has yet to identify the additional seven (7) (or fewer) Group I claims it plans to assert. Sprint has indicated that it plans to identify all of its asserted claims by October 13th. The Cox Plaintiffs look forward to Sprint's election.

Number of Invalidity References: The Cox Plaintiffs have agreed to reduce the asserted prior art to two primary references: (1) the Com21 art, namely U.S. Patent 5,544,164 and the Com21 system as described in underlying documents, and (2) the ARPA Packet Speech System, as described in printed publications including Weinstein and Weinstein-Forgie.

Sprint's contention that this down-selection still results in "endless possible combinations" is simply false. While Sprint argues that Cox's expert spends "200 pages discussing at least 80 separate documents" and that Cox's exhibit list contains "100 ARPANET-related items," the vast majority of those documents relate to technology background, and many of those documents are used by Cox's expert to debunk the incorrect assertions of Sprint's expert. Sprint similarly states that Cox's Com21 theory encompasses "dozens of identified trial exhibits." But Sprint continues to conflate the amount of evidence on which Cox's experts rely, with the number of prior art references asserted. As discussed in Cox's Answering Brief to Sprint's Motion to Strike (D.I. 527) the Federal Circuit has repeatedly held that public use theories are expected to rely on multiple pieces of evidence, including multiple documents. *See Good Technology Corp. v. Mobileiron, Inc.*, 2015 WL 4197554, *5-6 (N.D. Cal. 2015) (citing *Sonoscan, Inc. v. Sonotek, Inc.*, 936 F.2d 1261, 1263 (Fed. Cir. 1991) ("That the offered product is in fact the claimed invention may be established by any relevant evidence, such as memoranda, drawings, correspondence, and testimony of witnesses.")); *Finjan, Inc. v. Symantec Corp., Case*, No. 10-cv-00593, 2013 WL 5302560 at *6-7 (D. Del. Sept. 19, 2013) (Sleet, J.) (explaining that source code and product documentation relating to the same product are treated as evidence of one prior art reference). Notably, Sprint still cites no case law supporting its position that Cox should identify no more than "20 individual documents" to support a single "system" theory. While that may be their wish, it is not consistent with the law.

Similarly, Sprint's implication that a single prior art reference may invalidate based on "several different invalidity theories," is immaterial. The fact that a single prior art reference may invalidate on multiple grounds under § 102 does nothing to expand the case, since the same documents and opinions are being offered to address each of those portions of the statute. And notably, Sprint identifies no case law supporting the proposition that a party should be forced to pick from amongst the number of statutory bases on which a single prior art reference invalidates.

Number of Obviousness Combinations: The Cox Plaintiffs' experts have relied on a manageable number of prior art combinations with respect to the elected prior art references. The number of obviousness combinations ultimately depends on which claims Sprint elects to assert, but once Sprint has specifically identified all fifteen (15) of the claims it intends to assert. Cox expects that it will offer approximately three combinations per primary reference, principally to address various asserted dependent claims.

**Submission by Sprint**

Since Sprint filed its motion to strike Cox's invalidity contentions, the parties have made some progress as to resolving the issues raised by Sprint's motion, though certain issues remain. First, the parties have agreed to certain reductions in their respective cases. Specifically, Sprint agreed to reduce the number of asserted claims to 15 claims by October 13. The parties also discussed a further reduction of the asserted claims after the summary judgment motions are decided and as trial nears.

As to invalidity, Cox has indicated that it intends to reduce its prior art invalidity case to two sets of prior art contentions based on its ARPANET and the Com21 theories. While two sets of prior art would typically be reasonable, these particular sets still must be pared down. As set forth in Sprint's briefs in support of its motion to strike (D.I. 520, 532, 562), Cox's ARPANET contentions rely on several different invalidity theories based on multiple "ARPA Packet Speech Projects." *See, e.g.*, D.I. 562 at 2 ("Cox's invalidity expert asserts that there are multiple "ARPA Packet Speech Projects" and maps them multiple times in different ways, spending nearly 200 pages discussing at least 80 separate documents with dates ranging from 1976 to the 2000s."). Indeed, Cox's exhibit list identifies approximately 100 ARPANET-related items, spanning decades and multiple discrete research projects conducted by different researchers and research groups spread across the nation. Cox's Com21 theory too encompasses at least three discrete prior art theories and dozens of identified trial exhibits.

Given the endless possible combinations of prior art theories that fall within Cox's ARPANET and the Com21 invalidity contentions, Sprint respectfully submits that further narrowing is required. Consistent with the concerns noted in Sprint' motion to strike, Sprint maintains that Cox should specially identify a reasonable set of documents[1] it actually intends to advance trial to support of its ARPANET and the Com21 invalidity theories. To the extent Cox intends to advance additional obviousness combinations, Cox should identify those obviousness combinations and the specific prior art documents associated therewith.

As Sprint has agreed to reduce its asserted claims by October 13, Sprint submits that Cox should disclose, by October 20, a reduced set of ARPANET and the Com21 documents that it actually intends to advance as anticipatory prior art at trial, as well as the obviousness combinations it intends to pursue.[2]

---

[1] From Sprint's perspective, Cox should identify not more than 20 individual documents in support of a single "system" theory.

[2] As to the number of obviousness combinations, Sprint submits that Cox should not be permitted to assert more than two obviousness combinations per claim, wherein a "'prior art combination' shall be understood to be a combination of two or more prior art references per claim." *GreatBatch Ltd., v AVX Corp.*, No. 13-723-LPS, Dkt. 368, at 2 (D. Del. July 28, 2015).

Respectfully submitted,

*/s/ David A. Bilson*

David A. Bilson (No. 4986)

cc: All Counsel of Record (via CM/ECF and email)