# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COX COMMUNICATIONS INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 12-487-JFB |
| | ) |
| SPRINT COMMUNICATIONS | ) |
| COMPANY L.P., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 26th day of October, 2017, having reviewed Sprint Communications, LP's ("Sprint's") motion to establish the order of proof at trial and to align the parties, (D.I. 641), and the briefs, (D.I. 642, 651, 656), submitted therewith;

IT IS ORDERED that said motion is granted, as follows.

1. **Background.** On December 19, 2011, Sprint filed suit in the District of Kansas (the "Kansas litigation") against several Cox entities,[1] alleging infringement of twelve patents (the "patents-in-suit") related to the transmission of voice communications over packet networks. Four months later, on April 16, 2012, plaintiffs[2] ("Cox") filed this declaratory judgment action regarding the same patents-in-suit. (D.I. 1 at ¶¶ 42–53) Sprint has maintained, against other

---

[1] Specifically, Cox Communications, Inc.; CoxCom, LLC; Cox Communications Kansas, L.L.C.; and Cox Kansas Telcom, L.L.C.

[2] Cox Communications, Inc.; Coxcom, LLC; Cox Arizona Telcom, L.L.C.; Cox Communications Arizona, L.L.C.; Cox Arkansas Telcom, L.L.C.; Cox California Telcom, L.L.C.; Cox Communications California, L.L.C.; Cox Colorado Telcom, L.L.C.; Cox Connecticut Telcom, L.L.C.; Cox District of Columbia Telcom, L.L.C.; Cox Florida Telcom, L.P.; Cox Georgia Telcom, L,L,C.; Cox Communications Georgia, L.L.C.; Cox Communications Gulf Coast, L.L.C.; Cox Idaho Telcom, L.L.C.; Cox Iowa Telcom, L.L.C.; Cox Kansas Telcom, L.L.C.; Cox Communications Kansas, L.L.C.; Cox Louisiana Telcom, L.L.C.; Cox Communications Louisiana, L.L.C.; Cox Maryland Telcom, L.L.C.; Cox Missouri Telcom, L.L.C.; Cox Nebraska Telcom, L.L.C.; Cox Communications Omaha, L.L.C.; Cox Nevada Telcom, L.L.C.; Cox Communications Las Vegas, Inc.; Cox North Carolina Telcom, L.L.C.; Cox Ohio Telcom, L.L.C.; Cox Oklahoma Telcom, L.L.C.; Cox Rhode Island Telcom, L.L.C.; Cox Virginia Telcom, L.L.C.; Cox Communications Hampton Roads, L.L.C.

defendants, three separate cases in the District of Kansas involving the same patents-in-suit: *Sprint Communications Co. v. Comcast Cable Communications, LLC*, No. 11-02684; *Sprint Communications Co. v. Cable One, Inc.*, No. 11-02685; and *Sprint Communications Co. v. Time Warner Cable Inc.*, No. 11-02686.

2. Cox moved to transfer the Kansas litigation to Delaware, which Judge Julie A. Robinson granted on September 14, 2012, finding that Kansas did not have personal jurisdiction over one of the Cox defendants, namely Cox Communications, Inc. *Sprint Commc'ns Co. v. Cox Commc'ns, Inc.*, No. 11-2683, 2012 WL 4061509, at *16 (D. Kan. Sept. 14, 2012). Subsequently, Sprint agreed to have their first-filed[3] case merged into Cox's later-filed declaratory judgment action. (D.I. 642 at 1) Sprint has moved on several occasions to transfer this consolidated matter back to Kansas, (D.I. 43, 508), but this court has denied these motions, (D.I. 76, 603), noting that Sprint's Kansas cases was first-filed, (D.I. 76 at ¶ 7 n.4), but that "exceptional circumstances" warranted departure from the first-to-file rule, (*id.* at ¶ 7).

3. At this point, Sprint alleges that Cox infringes claims of the patents-in-suit, which are U.S. Patent Nos. 7,286,561 ("the '6,561 patent"), 6,633,561 ("the '3,561 patent"), 6,463,052 ("the '052 patent"), and 6,452,932 ("the '932 patent") (collectively the "Call Control Patents") and U.S. Patent Nos. 6,473,429 ("the '429 patent"), 6,343,084 ("the '084 patent"), and 6,298,064 ("the '064 patent") (collectively the "Broadband Patents"). Aside from Cox's defenses to infringement (namely invalidity and noninfringement), there are no other claims at issue. Moreover, the parties do not dispute that Sprint bears the burden of proving infringement and that Cox bears the burden of proving noninfringement and invalidity. *See, e.g.*, (D.I. 651 at 9–11); *see also Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 849 (2014) ("[I]n a [] declaratory judgment action, the burden of proving infringement should remain with the patentee.").

---

[3] "The general rule favors the forum of the first-filed action[.]" *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993).

4. Sprint argues that, since it filed first in Kansas on these patents-in-suit and since it is asserting patent infringement, the parties should be realigned so that Sprint is the plaintiff. (D.I. 642 at 1–2)  Also, Sprint proposes the following "order:  (1) Sprint puts on its infringement and damages case, (2) Cox rebuts Sprint's presentation and puts on its invalidity case, and (3) Sprint rebuts invalidity." (*Id.* at 1)

5. Cox contends that Sprint sought to "gerrymander[] its Kansas pleadings in an attempt to create an incomplete lawsuit that could be heard in Kansas[.]" (D.I. 651 at 4)  Additionally, Cox avers that the present action in Delaware was necessary to "determine the rights of all the Cox plaintiffs[.]" (*Id.*)  Cox offers that it "is willing to streamline the issues for the jury by conceding at trial on the issue of infringement as to the [Call Control Patents.]" (*Id.* at 9)  Cox then explains that, as to the Broadband Patents, "Cox will retain the burden on any invalidity issues that are tried, but, while Cox intends to contest infringement on the [Broadband Patents'] claims, Cox does not propose to displace Sprint from presenting first on infringement for of the [Broadband P]atents, because that is an issue on which Sprint carries the burden." (*Id.* at 11)  Cox proposes the following order of proof at trial:

> ● Cox will present its case-in-chief, explaining the patents, their technology, and the evidence on invalidity.
>
> ● Sprint will follow with its:
>
>> ○ Response to Cox's invalidity claims; and its
>>
>> ○ Case-in-chief on infringement and damages
>
> ● After Sprint presents its case, Cox will present its rebuttal case, responding to Sprint's infringement and damages evidence.

(*Id.* at 13)

6. **Discussion.**  The court has discretion to realign the parties and to establish an order of proof at trial.  *See, e.g.*, *Plumtree Software, Inc. v. Datamize, LLC*, No. C 02-5693 VRW, 2003 WL 25841157, at *3 (N.D. Cal. Oct. 6, 2003) ("Despite the fact that [the accused infringer] may have created a substantial ancillary dispute by filing a declaratory judgment action, the court

3

must align the parties in keeping with the primary dispute concerning infringement"). The "primary purpose" of this litigation is to resolve the question of patent infringement: Sprint is the patent owner and Cox is the accused infringer. *Id.*; *cf Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 704 (3d Cir. 1996) (discussing the "primary purpose" test for aligning parties based upon diversity jurisdiction). There are several reasons supporting this conclusion.

7. First, Sprint was first to file. There is no doubt that Cox filed its declaratory judgment action in this court in response to Sprint's earlier filing in Kansas. And this court has determined that Sprint was first to file in Kansas (which would have warranted transfer to the District of Kansas) but that, based upon Cox's representations to this court and to the District of Kansas at the time, the "exceptional circumstances" of the case at bar (the declaratory judgment action) warranted keeping this action in Delaware. (D.I. 76 at ¶ 7 & n.4)

8. Second, circumstances have changed since Cox filed its declaratory judgment action. For example, Cox had once alleged infringement of two patents by Sprint. (*Id.* at ¶ 2) But those patents are no longer at issue, and Cox is in the sole role of an accused infringer. Moreover, Cox's subsequent representations to this court in unrelated matters have called its earlier representations into question. *See AT & T Intellectual Prop. I, L.P. v. Cox Commc'ns, Inc.*, No. CV 14-1106-GMS, 2015 WL 4148239, at *1 (D. Del. July 9, 2015) ("When it suits Cox to litigate in Delaware, it takes one position. Judges in this District [in the case at bar] and the District of Kansas [in the litigation filed by Sprint against Cox] accepted Cox's averments [and decided accordingly]. When Cox would prefer to litigate elsewhere, it takes a different position. This is, in the court's view, bad faith.").

9. Third, although this court was willing to find an exception to the first-to-file rule, that does not preclude the court's discretionary realignment of the parties to reflect Sprint's role as the plaintiff in the earlier-filed litigation in the District of Kansas on the same patents-in-suit.

10. Fourth, as it relates to the order of proof at trial, Sprint is the natural plaintiff. The patents-in-suit present a number of complex technical issues for the jury. The Call Control Patents and the Broadband Patents share a common specification that needs explanation,

including the relationship between the patent families.[4] Cox's proposed order of proof further complicates things and is likely to confuse the jury.[5] Therefore, the court adopts Sprint's proposal, which is better aligned with Sprint's natural role as plaintiff in this litigation.

11.  **Conclusion.**[6]  For the reasons discussed above, the order of proof at trial will be Sprint presenting its infringement case first, and Cox presenting its defenses second. Additionally, the parties shall be realigned to reflect that Sprint, as the patent-owner and first-filer, is the true plaintiff in this case, while Cox is the true defendant. The clerk of court is hereby directed to reflect these changes to the roles of the parties in the court's electronic filing system.

s/ Joseph F. Bataillon  
Senior United States District Judge

---

[4] Cox has explained that it will no longer contest infringement of the Call Control Patents. (D.I. 651 at 9 & n.3) This could lead to the conclusion that—at least with respect to the Call Control Patents, the only burden (invalidity) lies with Cox, and therefore, Cox should go first with its case-in-chief on invalidity. *See* (*Id.* at 9–10); *cf Guidetech, Inc. v. Brilliant Instruments, Inc.*, No. C 09-5517 CW, 2014 WL 12643007, at *2 (N.D. Cal. Mar. 25, 2014). However, the Call Control Patents are the source of the common specification incorporated by reference into the Broadband Patents. (*see, e.g.*, D.I. 541 at 1 nn.1–2) And it is not apparent from the record that any of Cox's experts have offered testimony as to the fact that the Broadband Patents incorporate by reference the specification common to the Call Control Patents. (D.I. 587, ex. 4 at 25:19–26:4 (expert testimony as to enablement); *see also Id.* at 7–8 at ¶¶ 32–33; D.I. 608 at 3–4 (showing that Cox did not dispute these facts)) Therefore, Cox does not appear to have the evidence to present to the jury "explaining the patents [and] their technology[.]" (D.I. 651 at 13)

[5] The confusion appears to extend to the parties as well. For example, in its brief, Cox refers to "Sprint's noninfringement case[.]" (D.I. 651 at 12)

[6] Accordingly, Cox's request for oral argument on this matter, (D.I. 659), is hereby denied.